QIANWU YANG  (Cal. Bar No. 336610)
yang@shm.law
YI YI (Cal. Bar No. 353482)
yi.yi@shm.law
**SHM LAW FIRM**
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737

*Attorneys for Plaintiffs*
iBeauty Limited Company,
Dongguan Xianghuo Trading Co., Ltd.,
Dongguan Laiyang Trading Co., Ltd.,
Guangzhou Linyu Trading Co., Ltd.,
Guangzhou Lincan Electronic Technology Co., Ltd., and
Guangzhou Senran Electronic Technology Co., Ltd.

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| iBeauty Limited Company, Dongguan Xianghuo Trading Co., Ltd., Dongguan Laiyang Trading Co., Ltd., Guangzhou Linyu Trading Co., Ltd., Guangzhou Lincan Electronic Technology Co., Ltd., and Guangzhou Senran Electronic Technology Co., Ltd.<br><br>                Plaintiffs,<br><br>        v.<br><br>Dbest Products Inc.,<br><br>                Defendant. | **COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs iBeauty Limited Company, Dongguan Xianghuo Trading Co., Ltd., Dongguan Laiyang Trading Co., Ltd., Guangzhou Linyu Trading Co., Ltd., Guangzhou Lincan Electronic Technology Co., Ltd and Guangzhou Senran Electronic Technology Co., Ltd. (collectively, "Plaintiffs"), hereby file this Complaint against Defendant Dbest Products Inc., and allege as follows:

## NATURE OF THE ACTION

1.    This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., and the United States Patent Act, 35 U.S.C. § 1 *et seq*. Plaintiffs seek declaratory judgments that U.S. Patent No. 12,103,576 ("the '576 Patent")  is not infringed by Plaintiffs' products ("Non-Infringing Products"). True and correct copies of the '576 Patent is attached hereto as Exhibit 1.

2.    Plaintiffs bring this action in view of the actual controversy created by Defendant under the '576 Patent. Defendant has asserted a patent infringement claim against Plaintiffs' products with Amazon, causing Amazon to remove Plaintiffs' listings for Plaintiffs' Non-Infringing Products on Amazon.com.

## PARTIES

3.    Plaintiff iBeauty Limited Company is a corporation organized under Colorado law with its principal place of business atat 11769 Valley Boulevard, Apartment 2203, El Monte, CA 91732-3037, USA.

4.    Plaintiff Dongguan Xianghuo Trading Co., Ltd. is a Chinese company,

with a principal place of business at Room 403, No.22, Zhenhua Road, Humen District, Humen Town, Dongguan, Guangdong, China.

5.     Plaintiff Dongguan Laiyang Trading Co., Ltd., Ltd. is a Chinese company, with a principal place of business at Room 301, No. 8, Lane 9, Zexu Datang, Humen Town, Dongguan, Guangdong, China.

6.     Plaintiff Guangzhou Linyu Trading Co., Ltd. is a Chinese company, with a principal place of business at 206, Building 9, No. 313 Guangyun Road, Jiahe Street, Baiyun District, Guangzhou, Guangdong, China.

7.     Plaintiff Guangzhou Lincan Electronic Technology Co., Ltd. is a Chinese company, with a principal place of business at No.41, Yunlong Road, Baiyun District, Guangzhou, China.

8.     Plaintiff Guangzhou Senran Electronic Technology Co., Ltd. is a Chinese company, with a principal place of business at Room 401, No.12, Danyuan 1 Henglu, Pengshang, Lianbian, Baiyun District, Guangzhou, China.

9.     Upon information and belief, Dbest Products Inc. is a corporation organized under California law with its principal place of business at 16506 South Avalon Boulevard, Carson, CA 90746, USA.

## JURISDICTION AND VENUE

10.     This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, the United States Patent Act, 35 U.S.C. § 1, *et seq.* This Court has

1  subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201, 2202,

2  1331, and 1338(a) because an actual case or controversy currently exists between

3  the Parties regarding the subject matter of this action, and the Court would have

4  subject matter jurisdiction over this action if Defendant initiated suit for patent

5  infringement.

6      11.    The Court has personal jurisdiction over Dbest Products Inc. based on

7  information and belief that Dbest Products Inc. is domiciled in California and within

8  this judicial district.

9      12.    Venue is proper in this Court under 28 U.S.C. § 1391(b)(1), because

10  Dbest Products Inc. resides in this district as residency is defined in 28 U.S.C. §

11  1391(c)(2).

12                    **FACTUAL BACKGROUND**

13  **A.    The Plaintiffs' Non-Infringing Products.**

14      13.    Plaintiff iBeauty Limited Company sells storage bins on

15  Amazon.com under the storefront "IBEAUTY LIMITED COMPANY." The models

16  of the storage bins sold by iBeauty Limited Company at issue are 1579-4 pack,

17  1579-3 pack and 1579-4 pack-middle size. The corresponding ASINs are

18  B0CHRNM2YF, B0B67PCFLQ and B0DCDQSNF5.

19      14.    On or about December 9, 2024, iBeauty Limited Company received a

20  notification from Amazon. This notice informed iBeauty Limited Company that

DECLARATORY JUDGMENT COMPLAINT

1   Amazon removed its listings of ASINs above, because of the alleged infringement

2   of the '576 Patent.

3        15.    Plaintiff Dongguan Xianghuo Trading Co., Ltd. sells storage bins on

4   Amazon.com under the storefront "XIANGHUO." The models of the storage bins

5   sold by Dongguan Xianghuo Trading Co., Ltd. at issue are 1579-4 pack, 1579-3

6   pack, 1579-4 pack-large size, 1579-3 pack-large size, 1916 and 1585. The

7   corresponding   Amazon   Standard   Identification   Numbers   ("ASINs")   are

8   B0CHRP96MS, B0CC5YKT2T, B0DFC3N33Y, B0CFQG78HJ, B0CGZP8NMX

9   and B0D6QRMDQ6.

10       16.    On or about December 6 and December 12, 2024, Dongguan

11  Xianghuo Trading Co., Ltd. received a notification from Amazon. This notice

12  informed Dongguan Xianghuo Trading Co., Ltd. that Amazon removed its listings

13  of ASINs above, because of the alleged infringement of the '576 Patent.

14       17.    Plaintiff Dongguan Laiyang Trading Co., Ltd. sells storage bins on

15  Amazon.com under the storefront "LYUSDD." The models of the storage bins sold

16  by Dongguan Laiyang Trading Co., Ltd. at issue are 1916 and 1985. The

17  corresponding ASINs are B0BQ3H7PT8 and B0D93CZZRD.

18       18.    On or about November 27, 2024, Dongguan Laiyang Trading Co.,

19  Ltd. received a notification from Amazon. This notice informed Dongguan Laiyang

20  Trading Co., Ltd. that Amazon removed its listings of ASINs above, because of the

1   alleged infringement of the '576 Patent.

2        19.    Plaintiff Guangzhou Linyu Trading Co., Ltd. sells storage bins on

3   Amazon.com com under the storefront "LINYU-US." The models of the storage

4   bins sold by Guangzhou Linyu Trading Co., Ltd. at issue are 1916 and 1985. The

5   corresponding ASINs are B0CGZNGC36 and B0D7HJLRXM.

6        20.    On or about December 9, 2024, Guangzhou Linyu Trading Co., Ltd.

7   received a notification from Amazon. This notice informed Guangzhou Linyu

8   Trading Co., Ltd. that Amazon removed its listings of ASINs above, because of the

9   alleged infringement of the '576 Patent.

10        21.    Plaintiff Guangzhou Lincan Electronic Technology Co., Ltd. sells

11   storage bins on Amazon.com com under the storefront "jolyhome." The models of

12   the storage bins sold by Guangzhou Lincan Electronic Technology Co., Ltd. at issue

13   are 1916 and 1985. The corresponding ASINs are B0BQ3H7PT8 and

14   B0D93CZZRD.

15        22.    On or about November 27, 2024, Guangzhou Lincan Electronic

16   Technology Co., Ltd. received a notification from Amazon. This notice informed

17   Guangzhou Lincan Electronic Technology Co., Ltd. that Amazon removed its

18   listings of ASINs above, because of the alleged infringement of the '576 Patent.

19        23.    Plaintiff Guangzhou Senran Electronic Technology Co., Ltd. sells

20   storage bins on Amazon.com com under the storefront "senran-US." The models of

the storage bins sold by Guangzhou Senran Electronic Technology Co., Ltd. at issue are 1916 and 1985. The corresponding ASINs are B0CGZNGC36 and B0D7HJLRXM.

24.    On or about December 9, 2024, Guangzhou Senran Electronic Technology Co., Ltd. received a notification from Amazon. This notice informed Guangzhou Senran Electronic Technology Co., Ltd. that Amazon removed its listings of ASINs above, because of the alleged infringement of the '576 Patent.

25.    The Amazon marketplace constitutes Plaintiffs' primary sales channel into the United States. To remain competitive in the United States market for storage bins, Plaintiffs need those Non-Infringing Products listed in the Amazon marketplace. Amazon has removed Plaintiffs' Non-Infringing Products from the marketplace, preventing Plaintiffs from accessing their largest channel of trade because of Defendant's alleged infringement complaint to Amazon. Thus, Defendant's submission of Amazon infringement complaint has caused immediate and substantial harm to Plaintiffs.

**B.    U.S. Patent NO. 12,103,576.**

26.    The '576 Patent lists Dbest Products Inc. as the applicant and assignee. *See* Exhibit 1,  the '576 Patent, cover page.

27.    The '576 Patent, titled "Stackable Collapsible Carts," describes its purported invention as an enhanced "collapsible cart designed to transition from a

1  closed, folded condition to an open, expanded condition for use."

2      28.    The application for the '576 Patent was filed on December 15, 2023.

3  The '576 Patent was issued on October 1, 2024.

4      29.    Claims 1, 11 and 15 are the only independent claims of the '576

5  Patent.

6      30.    Claim 1 requires:

7          a first track formed along the first right panel and the second right

8          panel extending from a first position on the first right panel to a

9          second position on the second right panel; and

10         a first slideable member cooperatively engaged to the first track, the

11         first slideable member is movable along the first track between an

12         open position to a closed position to selectively lock the first right

13         panel to the second right panel, wherein the first slideable member is

14         in the open position when disposed along the first track adjacent the

15         first position of the first track while not disposed along the second

16         right panel and is in the closed position when disposed along the first

17         track adjacent the second position of the first track while being

18         disposed across both the first right panel and second right panel.

19 *See* Exhibit 1 at 11:52-67.

20     31.    Claim 11 requires:

the right sidewall comprising a first right panel rotatably coupled to a second right panel, the right sidewall further comprising a third right panel, wherein the second right panel and the third right panel conform in shape to collectively cover the opening in the first right panel and, the second right panel comprises a ribbed wall with a plurality of ribs; and

a first lock assembly integrated with the first right panel and the second right panel, the first lock assembly having a first condition for locking the first right panel to the second right panel, and a second condition for unlocking the first right panel from the second right panel.

*See* Exhibit 1 at 12:63-13:9.

32.    Claim 15 requires:

the rigid top cover has an indentation pattern being at least substantially aligned with the vertical axis of the wheel assembly, the indentation pattern configured to receive a wheel assembly from another identical collapsible cart when stacked vertically.

*See* Exhibit 1 at 14:12-16.

## **COUNT I**

### **Declaratory Judgment of Non-Infringement - the '576 Patent**

9

33.    Plaintiffs repeat and reallege each of the preceding paragraphs as if they are restated here and incorporate them by reference.

34.    The manufacture, use, offer for sale, sale, and/or import of Plaintiffs' storage bins, including without limitation the Non-Infringing Products, have not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '576 Patent.

35.    Plaintiffs' Non-Infringing Products do not meet all limitations of claim 1, at least because they lack the "a first track" limitation.

36.    Plaintiffs' Non-Infringing Products do not meet all limitations of claim 11, at least because they lack the "the right sidewall comprising a third right panel" limitation.

37.    Plaintiffs' Non-Infringing Products do not meet all limitations of claim 15, at least because they lack the limitation that "the rigid top cover has an indentation pattern being at least substantially aligned with the vertical axis of the wheel assembly."

38.    An actual and justiciable case or controversy therefore exists between Plaintiffs and Defendant regarding whether the Non-Infringing Products have infringed the claims of the '576 Patent. Declaratory relief is thus appropriate and necessary to establish that the making, using, importation, sale, or offer of sale of the Non-Infringing Products do not infringe, directly or indirectly, literally or under

DECLARATORY JUDGMENT COMPLAINT

1  the doctrine of equivalents, any valid and enforceable claim of the '576 Patent.

2  Plaintiffs are entitled to a judgment declaring that they have not infringed and will

3  not infringe any claim of the '576 Patent.

4  **<u>PRAYER FOR RELIEF</u>**

5      WHEREFORE, Plaintiffs pray for the following relief:

6      A.    A judgment declaring that the manufacture, use, offer for sale, sale,

7  and/or importation of Plaintiffs' products have not infringed and will not infringe,

8  directly or indirectly, literally or under the doctrine of equivalents, any valid claim

9  of the '576 Patent; and

10     B.    Such other and further relief as this Court may deem just and proper.

11

12 **<u>DEMAND FOR JURY TRIAL</u>**

13     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial

14 by jury on all claims and issues so triable.

15

16

17 DATED:  December 12, 2024        **SHM LAW FIRM**

18                    By:   */s/ Qianwu Yang*
                        QIANWU YANG  (Cal. Bar No. 336610)
19                      yang@shm.law
                        YI YI (Cal. Bar No. 353482)
20                      yi.yi@shm.law
                        **SHM LAW FIRM**

11

3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737

*Attorneys for Plaintiffs*
iBeauty Limited Company,
Dongguan Xianghuo Trading Co., Ltd.,
Dongguan Laiyang Trading Co., Ltd.,
Guangzhou Linyu Trading Co., Ltd.,
Guangzhou Lincan Electronic Technology
Co., Ltd., and
Guangzhou Senran Electronic Technology
Co., Ltd.

DECLARATORY JUDGMENT COMPLAINT