QIANWU YANG  (Cal. Bar No. 336610)
yang@shm.law
YI YI (Cal. Bar No. 353482)
yi.yi@shm.law
**SHM LAW FIRM**
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: (650) 613-9737

*Attorneys for Plaintiffs*
iBeauty Limited Company,
Dongguan Xianghuo Trading Co., Ltd.,
Dongguan Laiyang Trading Co., Ltd.,
Guangzhou Linyu Trading Co., Ltd.,
Guangzhou Lincan Electronic Technology Co., Ltd., and
Guangzhou Senran Electronic Technology Co., Ltd.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| iBeauty Limited Company, Dongguan Xianghuo Trading Co., Ltd., Dongguan Laiyang Trading Co., Ltd., Guangzhou Linyu Trading Co., Ltd., Guangzhou Lincan Electronic Technology Co., Ltd., and Guangzhou Senran Electronic Technology Co., Ltd.,<br><br>Plaintiffs,<br><br>v.<br><br>Dbest Products, Inc.,<br><br>Defendant. | **CASE NO. 2:24-cv-10694-MWC-JC**<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF**<br><br>DEMAND FOR JURY TRIAL |

Plaintiffs iBeauty Limited Company, Dongguan Xianghuo Trading Co., Ltd., Dongguan Laiyang Trading Co., Ltd., Guangzhou Linyu Trading Co., Ltd., Guangzhou Lincan Electronic Technology Co., Ltd and Guangzhou Senran Electronic Technology Co., Ltd. (collectively, "Plaintiffs"), hereby file this amended Complaint against Defendant Dbest Products, Inc., and allege as follows:

## NATURE OF THE ACTION

1. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Act, 35 U.S.C. § 1 *et seq.* Plaintiffs seek declaratory judgments that U.S. Patent No. 12,103,576 ("the '576 Patent") is not infringed by Plaintiffs' storage bin products ("Non-Infringing Products"). True and correct copies of the '576 Patent is attached hereto as Exhibit 1.

2. Plaintiffs bring this action in view of the actual controversy created by Defendant under the '576 Patent. Defendant has asserted a patent infringement claim against Plaintiffs' products with Amazon, causing Amazon to remove Plaintiffs' listings for Plaintiffs' Non-Infringing Products on Amazon.com.

3. This action further arises under the laws of the state of California. Plaintiffs seek an order remedying Defendant's tortious interference and unfair competition.

## PARTIES

4. Plaintiff iBeauty Limited Company is a corporation organized under

1 Colorado law with its principal place of business at 201 E Center St, Suite 112 #3500, Anaheim, CA 92805, United States.

5. Plaintiff Dongguan Xianghuo Trading Co., Ltd. is a Chinese company, with a principal place of business at Room 403, No.22, Zhenhua Road, Humen District, Humen Town, Dongguan, Guangdong, China.

6. Plaintiff Dongguan Laiyang Trading Co., Ltd. is a Chinese company, with a principal place of business at Room 301, No. 8, Lane 9, Zexu Datang, Humen Town, Dongguan, Guangdong, China.

7. Plaintiff Guangzhou Linyu Trading Co., Ltd. is a Chinese company, with a principal place of business at 206, Building 9, No. 313 Guangyun Road, Jiahe Street, Baiyun District, Guangzhou, Guangdong, China.

8. Plaintiff Guangzhou Lincan Electronic Technology Co., Ltd. is a Chinese company, with a principal place of business at No. 41, Yunlong Road, Baiyun District, Guangzhou, China.

9. Plaintiff Guangzhou Senran Electronic Technology Co., Ltd. is a Chinese company, with a principal place of business at Room 401, No.12, Danyuan 1 Henglu, Pengshang, Lianbian, Baiyun District, Guangzhou, China.

10. Upon information and belief, Dbest Products, Inc. is a corporation organized under California law with its principal place of business at 16506 South Avalon Boulevard, Carson, CA 90746, USA.

AMENDED COMPLAINT AND JURY DEMAND - 3

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

## JURISDICTION AND VENUE

11. This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq.*, the United States Patent Act, 35 U.S.C. § 1, *et seq.,* and the laws of the state of California. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a) because an actual case or controversy currently exists between the Parties regarding the subject matter of this action, and the Court would have subject matter jurisdiction over this action if Defendant initiated suit for patent infringement.

12. The Court has subject matter jurisdiction over the state law claims asserted in this action pursuant to 28 U.S.C. § 1367(a) because they are so related to the declaratory judgment claims that they form part of the same case or controversy.

13. The Court has personal jurisdiction over Dbest Products, Inc. based on information and belief that Dbest Products, Inc. is domiciled in California and within this judicial district.

14. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1), because Dbest Products, Inc. resides in this district as residency is defined in 28 U.S.C. § 1391(c)(2).

## FACTUAL BACKGROUND

**A.    The Plaintiffs' Non-Infringing Products.**

15. Plaintiff iBeauty Limited Company sells storage bins on

Amazon.com under the storefront "IBEAUTY LIMITED COMPANY." The models of the storage bins sold by iBeauty Limited Company at issue are 1579-4 pack, 1579-3 pack, 1579-4 pack-middle size and 1530. These products are identified by ASINs, including but not limited to B0CHRNM2YF, B0B67PCFLQ, B0DCDQSNF5, B0C1SVQTJY, B0CW9D7SJK, B0C1STZZL7 and B0CW97NT2B.

16. On or about December 9, 2024, iBeauty Limited Company received a notification from Amazon. This notice informed iBeauty Limited Company that Amazon removed its listings of the above ASINs, because of the alleged infringement of the '576 Patent.

17. Plaintiff Dongguan Xianghuo Trading Co., Ltd. sells storage bins on Amazon.com under the storefront "XIANGHUO." The models of the storage bins sold by Dongguan Xianghuo Trading Co., Ltd. at issue are 1579-4 pack, 1579-3 pack, 1579-4 pack-large size, 1579-3 pack-large size, 1916, 1585 and 9012. These products are identified by ASINs, including but not limited to B0CHRP96MS, B0CC5YKT2T, B0DFC3N33Y, B0CFQG78HJ, B0CGZP8NMX, B0D6QRMDQ6, B0DGXMZGKK, B0DB5Q9H34, B0D8VZX9SD and B0CDWNWC1R.

18. On or about December 6 and December 12, 2024, Dongguan Xianghuo Trading Co., Ltd. received a notification from Amazon. This notice informed Dongguan Xianghuo Trading Co., Ltd. that Amazon removed its listings

of the above ASINs, because of the alleged infringement of the '576 Patent.

19. Plaintiff Dongguan Laiyang Trading Co., Ltd. sells storage bins on Amazon.com under the storefront "LYUSDD." The models of the storage bins sold by Dongguan Laiyang Trading Co., Ltd. at issue are 1916, 1985 and 1578. These products are identified by ASINs, including but not limited to B0BQ3H7PT8, B0D93CZZRD, B0D1QP7RP1, B0D1QJTN8Q, B0D1QK93WH and B0D1QKNNRV.

20. On or about November 27, 2024, Dongguan Laiyang Trading Co., Ltd. received a notification from Amazon. This notice informed Dongguan Laiyang Trading Co., Ltd. that Amazon removed its listings of the above ASINs, because of the alleged infringement of the '576 Patent.

21. Plaintiff Guangzhou Linyu Trading Co., Ltd. sells storage bins on Amazon.com com under the storefront "LINYU-US." The models of the storage bins sold by Guangzhou Linyu Trading Co., Ltd. at issue are 1916 and 1985. These products are identified by ASINs, including but not limited to B0CGZNGC36 and B0D7HJLRXM.

22. On or about December 9, 2024, Guangzhou Linyu Trading Co., Ltd. received a notification from Amazon. This notice informed Guangzhou Linyu Trading Co., Ltd. that Amazon removed its listings of the above ASINs, because of the alleged infringement of the '576 Patent.

23. Plaintiff Guangzhou Lincan Electronic Technology Co., Ltd. sells storage bins on Amazon.com com under the storefront "jolyhome." The models of the storage bins sold by Guangzhou Lincan Electronic Technology Co., Ltd. at issue are 1916 and 1585. These products are identified by ASINs, including but not limited to B0BQ3H7PT8 and B0D93CZZRD.

24. On or about November 27, 2024, Guangzhou Lincan Electronic Technology Co., Ltd. received a notification from Amazon. This notice informed Guangzhou Lincan Electronic Technology Co., Ltd. that Amazon removed its listings of the above ASINs, because of the alleged infringement of the '576 Patent.

25. Plaintiff Guangzhou Senran Electronic Technology Co., Ltd. sells storage bins on Amazon.com com under the storefront "senran-US." The models of the storage bins sold by Guangzhou Senran Electronic Technology Co., Ltd. at issue are 1916 and 1585. These products are identified by ASINs, including but not limited to B0CGZNGC36 and B0D7HJLRXM.

26. On or about December 9, 2024, Guangzhou Senran Electronic Technology Co., Ltd. received a notification from Amazon. This notice informed Guangzhou Senran Electronic Technology Co., Ltd. that Amazon removed its listings of the above ASINs, because of the alleged infringement of the '576 Patent.

27. The Amazon marketplace constitutes Plaintiffs' primary sales channel into the United States. To remain competitive in the United States market for storage

bins, Plaintiffs need those Non-Infringing Products listed in the Amazon marketplace. Amazon has removed Plaintiffs' Non-Infringing Products from the marketplace, preventing Plaintiffs from accessing their largest channel of trade because of Defendant's alleged infringement complaint to Amazon. Thus, Defendant's submission of Amazon infringement complaint has caused immediate and substantial harm to Plaintiffs.

**B.     U.S. Patent NO. 12,103,576.**

28.     The '576 Patent lists Dbest Products, Inc. as the applicant and assignee. *See* Exhibit 1, the '576 Patent, cover page.

29.     The '576 Patent, titled "Stackable Collapsible Carts," describes its purported invention as an enhanced "collapsible cart designed to transition from a closed, folded condition to an open, expanded condition for use."

30.     Claims 1, 11 and 15 are the only independent claims of the '576 Patent.

31.     Claim 1 requires:

> a first track formed along the first right panel and the second right panel extending from a first position on the first right panel to a second position on the second right panel; and
>
> a first slideable member cooperatively engaged to the first track, the first slideable member is movable along the first track between an

open position to a closed position to selectively lock the first right panel to the second right panel, wherein the first slideable member is in the open position when disposed along the first track adjacent the first position of the first track while not disposed along the second right panel and is in the closed position when disposed along the first track adjacent the second position of the first track while being disposed across both the first right panel and second right panel.

*See* Exhibit 1 at 11:52-67.

32. Claim 11 requires:

the right sidewall comprising a first right panel rotatably coupled to a second right panel, the right sidewall further comprising a third right panel, wherein the second right panel and the third right panel conform in shape to collectively cover the opening in the first right panel and, the second right panel comprises a ribbed wall with a plurality of ribs; and

a first lock assembly integrated with the first right panel and the second right panel, the first lock assembly having a first condition for locking the first right panel to the second right panel, and a second condition for unlocking the first right panel from the second right panel.

*See* Exhibit 1 at 12:63-13:9.

33. Claim 15 requires:

> the rigid top cover has an indentation pattern being at least substantially aligned with the vertical axis of the wheel assembly, the indentation pattern configured to receive a wheel assembly from another identical collapsible cart when stacked vertically.

*See* Exhibit 1 at 14:12-16.

34. The application for the '576 Patent (Application No. 18/542,495) was filed on December 15, 2023.

35. According to the prosecution history, the '576 Patent (Application No. 18/542,495) is designated as a continuation of parent application No. 18/161,677, which was filed on January 30, 2023.

36. The prosecution history of the '576 Patent reveals that its specification introduced new matter, specifically the "third right panel," which is absent from all prior parent applications or patents.

37. The '576 Patent is a continuation-in-part, rather than a continuation, of the parent application No. 18/161,677, as misrepresented by Defendant before the USPTO. Defendant knew, or should have known, that a continuation-in-part application adds new matter relative to its parent application and, therefore, is not entitled to the priority date of the parent. By designating the '576 Patent as a

1 continuation, Defendant either knowingly or recklessly disregarded this distinction.

2     38.    The earliest effective filing date of the '576 Patent, at least for Claim 11, is December 15, 2023, rather than January 6, 2020, as misrepresented by Defendant before the USPTO. Defendant knew, or should have known, that the added matter in the continuation-in-part application rendered the earlier filing date inapplicable. Nevertheless, Defendant misrepresented the effective filing date to the USPTO with the intent to secure unwarranted rights under the '576 Patent.

8     39.    Such misrepresentations constitute a violation of Defendant's duty of disclosure and candor to the USPTO. By failing to disclose the true nature of the application and its priority date, Defendant engaged in conduct that was both material to the patent's allowance and intended to deceive the USPTO. Alternatively, this conduct represents egregious misconduct recognized as inequitable conduct under *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2011) (en banc).

## COUNT I

### Declaratory Judgment of Non-Infringement - the '576 Patent

40. Plaintiffs repeat and reallege each of the preceding paragraphs as if they are restated here and incorporate them by reference.

41. The manufacture, use, offer for sale, sale, and/or import of Plaintiffs' storage bins, including without limitation the Non-Infringing Products, have not

AMENDED COMPLAINT AND JURY DEMAND - 11

SHM LAW FIRM
3000 El Camino Real, Building 4, Suite 200
Palo Alto, CA 94306
(650) 613-9737

infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '576 Patent.

42. Plaintiffs' Non-Infringing Products do not meet all limitations of claim 1, at least because they lack the "a first track" limitation.

43. Plaintiffs' Non-Infringing Products do not meet all limitations of claim 11, at least because they lack the "the right sidewall comprising a third right panel" limitation.

44. Plaintiffs' Non-Infringing Products do not meet all limitations of claim 15, at least because they lack the limitation that "the rigid top cover has an indentation pattern being at least substantially aligned with the vertical axis of the wheel assembly."

45. An actual and justiciable case or controversy therefore exists between Plaintiffs and Defendant regarding whether the Non-Infringing Products have infringed the claims of the '576 Patent. Declaratory relief is thus appropriate and necessary to establish that the making, using, importation, sale, or offer of sale of the Non-Infringing Products do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '576 Patent. Plaintiffs are entitled to a judgment declaring that they have not infringed and will not infringe any claim of the '576 Patent.

**COUNT II**

## Unfair Competition

46. Plaintiffs repeat and reallege each of the preceding paragraphs as if they are restated here and incorporate them by reference.

47. California statutory law prohibits acts of "unfair competition" including any "unlawful, unfair and fraudulent business act or practice." *Cal. Bus. & Prof. Code* § 17200.

48. Defendant has acted unlawfully and unfairly by submitting complaints to Amazon that resulted in the wrongful removal of Plaintiffs' Non-Infringing Products from Amazon.com.

49. By exploiting Amazon's intellectual property enforcement procedures, Defendant caused significant disruption to Plaintiffs' business operations, including the removal of Non-Infringing Products that do not infringe any valid intellectual property rights.

50. As a direct and proximate result of Defendant's unfair competition, Plaintiffs have been, and continue to be, materially harmed in an amount to be proven at trial and in a manner that cannot be fully measured or compensated in economic terms alone. Such irreparable harm will continue unless Defendant's acts are restrained and enjoined during and after this action.

## COUNT III

## Tortious Interference

51. Plaintiffs repeat and reallege each of the preceding paragraphs as if they are restated here and incorporate them by reference.

52. Defendant knowingly and intentionally interfered with Plaintiffs' valid and existing business relationships and expectancy of sales of their storage bins, including the Non-Infringing Products, via Amazon.com for an improper purpose and by improper means, causing Amazon to remove the ASINs for the Non-Infringing Products. This interference resulted in damages from Plaintiffs' lost sales of the Non-Infringing Products and associated products.

53. As a direct and proximate result of Defendant's tortious interference, Plaintiffs have suffered damages, including significant losses in sales of the Non-Infringing Products and other storage bins, resulting in lost revenue and profits directly attributable to those lost sales.

54. Defendant's actions have significantly harmed Plaintiffs' business operations by substantially reducing product rankings on Amazon, which directly impacts visibility in consumer searches and diminishes market presence.

55. The reduced rankings and visibility have caused substantial losses in sales and profits. Additionally, they have led to increased warehousing and inventory holding costs due to reduced product turnover.

56. These damages extend beyond lost revenue, causing harm to Plaintiffs' goodwill and brand reputation, which are essential for maintaining

competitive standing in the market. The exact amount of these damages will be proven at trial and cannot be fully measured or compensated in economic terms alone.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

A. A judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of Plaintiffs' products have not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '576 Patent;

B. A permanent injunction enjoining Defendant from asserting the '576 Patent against Plaintiffs' Non-Infringing Products;

C. An award of monetary damages sufficient to compensate Plaintiffs for Defendants' tortious conduct and unfair competition;

D. An order awarding Plaintiffs' costs and reasonable attorney's fees as permitted by law; and

E. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury on all claims and issues so triable.

| | | |
|---|---|---|
| 1 | | |
| 2 | | |
| 3 | DATED: December 31, 2024 | **SHM LAW FIRM** |
| 4 | | By: */s/ Qianwu Yang* |
| 5 | | QIANWU YANG (Cal. Bar No. 336610) yang@shm.law |
| 6 | | YI YI (Cal. Bar No. 353482) yi.yi@shm.law |
| 7 | | **SHM LAW FIRM** 3000 El Camino Real |
| 8 | | Building 4, Suite 200 Palo Alto, CA 94306 |
| 9 | | Telephone: (650) 613-9737 |
| 10 | | *Attorneys for Plaintiffs* iBeauty Limited Company, |
| 11 | | Dongguan Xianghuo Trading Co., Ltd., Dongguan Laiyang Trading Co., Ltd., |
| 12 | | Guangzhou Linyu Trading Co., Ltd., Guangzhou Lincan Electronic Technology Co., Ltd., and |
| 13 | | Guangzhou Senran Electronic Technology Co., Ltd. |
| 14 | | |
| 15 | | |
| 16 | | |
| 17 | | |
| 18 | | |
| 19 | | |
| 20 | | |