Ehab M. Samuel (SBN 228296)
esamuel@orbitip.com
David A. Randall (SBN 156722)
dave@orbitip.com
**ORBIT IP, LLP**
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660
Phone:  (310) 887-1333
Fax:  (310) 887-1334

*Attorneys for Defendant dbest products, Inc.*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| iBeauty Limited Company, Dongguan Xianghuo Trading Co., Ltd., Dongguan Laiyang Trading Co., Ltd., Guangzhou Linyu Trading Co., Ltd., Guangzhou Lincan Electronic Technology Co., Ltd., and Guangzhou Senran Electronic Technology Co., Ltd., <br><br> Plaintiffs, <br><br> v. <br><br> dbest products, Inc., <br><br> Defendant, | Case No. 2:24-cv-10694-MWC-JC <br><br> Hon. Michelle Williams Court <br><br> **DEFENDANT'S NOTICE OF MOTION AND MOTION TO STRIKE AND/OR DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16 AND FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** <br><br> [*Memorandum of Points and Authorities; Declaration of Ehab M. Samuel; and [Proposed] Order filed concurrently herewith*] <br><br> Date:  June 20, 2025 <br> Time: 1:30 p.m. <br> Ctrm: 6A |

## <u>NOTICE OF MOTION</u>

TO THE COURT, ALL PARTIES AND THEIR COUNSEL HEREIN:

PLEASE TAKE NOTICE that on June 20, 2025 at 1:30 p.m., or as soon thereafter as the matter may be heard, in Courtroom 6A before the Honorable Michelle Williams Court of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, California, 90012, Defendant dbest products, Inc. ("<u>dbest</u>") will, and hereby does, move this Court, pursuant to California's Strategic Lawsuits Against Public Participation ("<u>anti-SLAPP</u>") statute, California Code of Civil Procedure Section ("<u>CCP §</u>") 425.16, and Federal Rule of Civil Procedure ("<u>FRCP</u>") 12(b)(6), for an order striking and/or dismissing without leave to amend each of the state law claims for relief asserted in the First Amended Complaint ("<u>FAC</u>") filed by Plaintiffs iBeauty Limited Company, Dongguan Xianghuo Trading Co., Ltd., Dongguan Laiyang Trading Co., Ltd., Guangzhou Linyu Trading Co., Ltd., Guangzhou Lincan Electronic Technology Co., Ltd., and Guangzhou Senran Electronic Technology Co., Ltd., (collectively, "<u>Plaintiffs</u>").

Specifically, Defendants seek an order:

**(1)** striking Plaintiffs' unfair competition (Count II) and tortious interference with contractual relationship (Count III) claims, pursuant to CCP § 425.16(a), because:

(a) the claims arise from anti-SLAPP protected activity; and

(b) Plaintiffs cannot establish a probability of prevailing on their claims because (i) the state law claims are preempted by federal patent law; (ii) California's litigation privilege (California Civil Code section 47(b)) shields dbest from tort liability; (iii) dbest's conduct is protected by the *Noerr-Pennington* doctrine; and (iv) each of Count II and Count III fails to state a claim;

**(2)** dismissing without leave to amend Plaintiffs' unfair competition claim (Count II) pursuant to FRCP 12(b)(6), for failing to plead facts sufficient to

-1-

demonstrate: (a) it is not preempted by federal patent law; (b) California Civil Code section 47(b) does not exempt dbest; (c) dbest's conduct is not protected by the *Noerr-Pennigton* doctrine; and (d) dbest's actions were "unfair," "unlawful, or "fraudulent" under California Business and Professions Code Section 17200; and

**(3)** Dismissing without leave to amend Plaintiffs' tortious interference claim (Count III) pursuant to FRCP 12(b)(6) for failing to plead facts sufficient to demonstrate: (a) it is not preempted by federal patent law; (b)  California Civil Code section 47(b) does not exempt dbest; (c) dbest's conduct is not protected by the *Noerr-Pennigton* doctrine; and (d) dbest's actions were wrongful as a matter of law.

PLEASE TAKE FURTHER NOTICE that if the Court grants the anti-SLAPP motion to strike Plaintiffs' state law claims for unfair competition and tortious interference with contractual relationship, dbest will seek its attorney's fees and costs incurred in successfully bringing this motion, pursuant to CCP § 425.16(c), by way of a separate motion, against each of Plaintiffs, jointly and severally.

This Motion is based upon this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of Ehab M. Samuel ("Samuel Decl."), the Proposed Order filed and submitted concurrently herewith; and upon such oral or documentary evidence or testimony that may be presented to this Court at or before the hearing on this Motion.

This Motion is made following the conference of counsel pursuant to L.R. 7-3 which took place by Zoom video conference on April 29, 2025 and subsequently through written correspondence exchanged between and among counsel for the parties between May 1, 2025 and May 8, 2025.  *See* Samuel Decl. at ¶¶ 2-6 and Exs. A-B.

1

DATED:  May 9, 2025              ORBIT IP, LLP

2

3                                               By:  /s/ Ehab M. Samuel
                                                     EHAB M. SAMUEL
4                                                    DAVID A. RANDALL

5                                                    *Attorneys for Defendant*
                                                     *dbest products, Inc.*
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO STRIKE AND/OR DISMISS
FIRST AMENDED COMPLAINT PURSUANT TO CCP § 425.16 AND FRCP 12(b)(6)**

# MEMORANDUM OF POINTS AND AUTHORITIES

## TABLE OF CONTENTS

I.      INTRODUCTION ................................................................................................... 1

II.     STATEMENT OF RELEVANT FACTS ............................................................ 2

III.    THE COURT SHOULD STRIKE COUNTS II AND III UNDER
        CALIFORNIA'S ANTI-SLAPP STATUTE ....................................................... 3

A.      dbest's Takedown Notices Further Its Right To Petition ................................... 4

B.      Plaintiffs Cannot Demonstrate Any Probability of Success .............................. 7

   1.   The State Law Counts Are Preempted ............................................................. 7
   2.   California's Litigation Privilege Immunizes dbest ........................................ 8
   3.   The *Noerr-Pennington* Doctrine Absolves Takedown Notices ................... 10
   4.   The FAC Lacks Critical Elements of Both State Law Counts ..................... 11

IV.     THE COURT SHOULD DISMISS THE FAC PER FRCP 12(B)(6) .............. 12

V.      PLAINTIFFS ARE NOT ENTITLED TO LEAVE TO AMEND ................... 13

VI.     DBEST IS ENTITLED TO ITS ATTORNEY'S FEES AND COSTS ........... 14

VII.    CONCLUSION ................................................................................................ 14

1

## <u>TABLE OF AUTHORITIES</u>

2

3

**CASES**

4

*Ashcroft v. Iqbal*
556 U.S. 662 (2009)………………………………………………………...12

5

6

*Bell Atlantic Corp. v. Twombly*
550 U.S. 544 (2007)………………………………………………………...12

7

8

*Beyond Blond Prods., LLC v. Heldman*
Case No. 2:20-cv-5581
2021 U.S. Dist. LEXIS 203255 (C.D. Cal. Feb. 8, 2021)…………………………5, 8

9

10

*Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*
489 U.S. 141 (1989)…………………………………………………………7

11

12

*Briggs v. Eden Council for Hope & Opportunity*
19 Cal. 4th 1106 (1999)……………………………………………………...5

13

14

*Castaline v. Aaron Muellers Arts*
Case No. C 09-02543 CRB
2010 U.S. Dist. LEXIS 13111 (N.D. Cal. Feb. 16, 2010)……………………………8

15

16

17

*Cove USA LLC v. No Bad Days Enterprises, Inc.*
Case No. 8:20-cv-02314-JLSKES
2021 U.S. Dist. LEXIS 154443 (C.D. Cal. July 2, 2021)……………………………6

18

19

20

*Dollar Tree Stores Inc. v. Oyama Partners, LLC*
Case No. 3:10-cv-325
2010 U.S. Dist. LEXIS 49537 (N.D. Cal. Apr. 26, 2010)……………………………...12

21

22

*Enttech Media Grp. LLC v. Okularity, Inc.*
Case No. 2:20-cv-06298 RGK (Ex)
2020 U.S. Dist. LEXIS 222489 (C.D. Cal. October 2, 2020)………………………..10

23

24

25

*Equilon Enters., LLC v. Consumer Cause, Inc.*
29 Cal.4th 53 (2002)…………………………………………………………4

26

27

28

-ii-

*Fitbit, Inc. v. Laguna 2*, LLC
Case No. 17-cv-00079-EMC
2018 U.S. Dist. LEXIS 2402 (N.D. Cal. Jan. 5, 2018)…………………………………9

*GWS Techs., Inc. v. Furth*
Case No. SACV 08-00586-CJC(PLAx)
2010 U.S. Dist. LEXIS 148908 (C.D. Cal. Mar. 25, 2010)…………………………5

*Hagberg v. Cal. Fed. Bank*
32 Cal. 4th 350 (2004)…………………………………………………………..8

*Hard2Find Accessories, Inc. v. Amazon.com, Inc.*
691 F. App'x 406 (9th Cir. 2017)…………………………………………...10

*Hilton v. Hallmark Cards*
599 F.3d 894 (9th Cir. 2010)…………………………………………………3

*Jat Wheels, Inc. v. DB Motoring Grp., Inc.*
Case No. CV 14-5097-GW(AGRx)
2016 U.S. Dist. LEXIS 191940 (C.D. Cal. Feb. 11, 2016)…………………………7

*Johnson v. Nissan N. Am., Inc.*
272 F. Supp. 3d 1168 (N.D. Cal. 2017)…………………………………………...10

*Kearny v. Foley & Lardner LLP, et al.*
553 F. Supp. 2d 1178 (S.D. Cal. 2008)…………………………………………13

*Korea Supply Co. v. Lockheed Martin Corp.*
29 Cal. 4th 1134 (2003)…………………………………………………………12

*Mansell v. Otto*
108 Cal. App. 4th 265 (2003)…………………………………………………..8

*Martin v. Inland Empire Utilities Agency*
198 Cal. App. 4th 611 (2011)…………………………………………………13

*Navellier v. Sletten*
106 Cal. App. 4th 763 (2003)…………………………………………………..4

*Neville v. Chudacoff*
160 Cal. App. 4th 1255 (2008)…………………………………………………5

-iii-

*Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*
165 F. Supp. 3d 937 (S.D. Cal. 2016)…………………………………………11

*OG Int'l, Ltd. v. Ubisoft Entm't*
Case No. C 11-04980 CRB
2012 U.S. Dist. LEXIS 145408 (N.D. Cal. Oct. 9, 2012)………………………..9, 10

*Oh v. ReconTrust Co.*
Case No. 21-01808
2022 U.S. Dist. LEXIS 26444 (C.D. Cal. Feb. 3, 2022)……………………………13

*Peregrine Funding, Inc. v. Sheppard Mullin*
133 Cal.App.4th 658, 676 (2005)………………………………………………….4

*Quelimane Co. v. Stewart Title Guaranty Co.*
19 Cal. 4th 26 (1998)………………………………………………………...11

*Reed v. Wells Fargo Bank, N.A.*
Case No. 2:21-cv-07545-JVS-MRW
2022 U.S. Dist. LEXIS 132763 (C.D. Cal. June 9, 2022)…………………………13

*Rock River Commc'ns., Inc. v. Univ. Music Group, Inc.*
745 F.3d 343 (9th Cir. 2014)……………………………………………………10

*Shande v. Zoox, Inc.*
Case No. 22-cv-05821-BLF
2024 U.S. Dist. LEXIS 91091 (N.D. Cal. May 21, 2024)………………………6, 9

*Sharper Image Corp. v. Target Corp.*
425 F. Supp. 2d 1056 (N.D. Cal. 2006)…………………………………………….7

*Sic Metals v. Hyundai Steel Co.*
442 F. Supp. 3d 1251 (C.D. Cal. 2020)…………………………………………12

*Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*
634 F. Supp. 2d 1009 (N.D. Cal. 2007)…………………………………………10

*Sosa v. DirecTV, Inc.*
437 F.3d 923 (9th Cir. 2006)……………………………………………………...9

*Sparrow LLC v. Lora*
Case No. CV-14-1188-MWF (JCX)
2014 U.S. Dist. LEXIS 199450 (C.D. Cal. Dec. 4, 2014)……………………………6

*Steckman v. Hart Brewing*
143 F.3d 1293, 1298 (9th Cir. 1998)……………………………………………..13

*Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys.*
7 F.3d 1434, 1439 (9th Cir. 1993)………………………………………………...7

*Swafford v. IBM*
383 F. Supp. 3d 916 (N.D. Cal. 2019)……………………………………………10

*Tensor Law P.C. v. Rubin*
Case No. 2:18-cv-01490-SVW-SK
2019 U.S. Dist. LEXIS 131942 (C.D. Cal. Apr. 10, 2019)………………………..4

*Theme Promotions, Inc. v. News Am. Mktg. FSI*
546 F.3d 991 (9th Cir. 2008)……………………………………………………9

*Thimes Sols. v. Tp Link United States Corp.*
Case No. CV 19-10374 PA (Ex)
2020 U.S. Dist. LEXIS 138591 (C.D. Cal. June 8, 2020)……………………………5

*TP Link United States Corp. v. Careful Shopper LLC*
Case No. 8:19-cv-00082-JLS-KES
2020 U.S. Dist. LEXIS 104065 (C.D. Cal. Mar. 23, 2020)…………………5, 8, 9, 13

*UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.*
Case No. CV 14-3466 MMM (JPRx)
2015 U.S. Dist. LEXIS 192159 (C.D. Cal. Oct. 30, 2015)……………………………8

*Verizon Delaware, Inc. v. Covad Comms. Co.*
377 F.3d 1081 (9th Cir. 2004)……………………………………………………3

*Vess v. Ciba-Geigy Corp. USA*
317 F.3d 1097 (9th Cir. 2003)……………………………………………3, 4, 13

-v-

1  **STATUTES**

2
Cal. Civ. Code § 47(b)……………………………………………………..1, 7, 8

3

4  Cal. Code Civ. Proc. § 425.16………………………………………………*passim*

5  Fed. R. Civ. P. 12(b)(6)…………………………………………………...2, 12

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO
STRIKE AND/OR DISMISS FAC PURSUANT TO CCP § 425.16 AND FRCP 12(b)(6)**

## I.    INTRODUCTION

The advent of global online marketplaces for consumer wares, like Amazon, has brought with it unscrupulous vendors seeking to exploit consumers and their competitors by illegally selling unauthorized products.  In the instant matter, dbest develops and sells innovative portable storage bins that incorporate unique configurations that dbest has patented as "Stackable Collapsible Carts."  Plaintiffs are a group of retailers who sell products on Amazon containing dbest's patented invention that Plaintiffs implicitly pass off as their own creation to consumers.  As soon as dbest discovered Plaintiffs' listings, and as a precursor to bringing its own patent infringement claims against them, dbest submitted requests to Amazon to takedown Plaintiffs' illicit, infringing listings.  Amazon obliged.

As retaliation, Plaintiffs sued dbest.  Their lawsuit did not merely seek a declaratory judgment of noninfringement; it went further, asserting two state law claims in Count II (for unfair competition) and Count III (for tortious interference).  Both claims attempt to impose liability on dbest for nothing more than exercising its legal rights by submitting Amazon takedown notices—conduct that is privileged, protected, and preempted.

These claims must be stricken under two independent grounds. First, California's anti-SLAPP statute protects intellectual property owners who enforce their rights through prelitigation activity, including Amazon takedown notices. Courts uniformly hold that such conduct constitutes protected petitioning activity under § 425.16. Second, Plaintiffs cannot prevail on the merits. The state law claims are preempted by federal patent law, barred by California's litigation privilege under Civil Code § 47(b), and immunized by the Noerr-Pennington doctrine. Moreover, neither count alleges the essential elements of a viable claim—namely, any "unlawful," "unfair," or otherwise "wrongful" conduct by dbest.

The Court should therefore strike Counts II and III under CCP § 425.16. For the same reasons, the claims should be dismissed *with* prejudice under FRCP

-1-

12(b)(6). Because the state law claims are based solely on dbest's privileged takedown requests, no amendment can cure their legal deficiencies.

dbest attempted to resolve the matter without court intervention. On April 22, it sent a detailed meet and confer letter requesting that Plaintiffs dismiss their state law claims **with prejudice**—a reasonable and necessary condition to prevent abusive re-litigation. *See* Declaration of Ehab M. Samuel in Support of dbest's Motion to Strike and/or Dismiss ("Samuel Decl., Ex. A"). Plaintiffs refused. While they now propose to amend the complaint to remove those claims, they insist on doing so *without* prejudice, while reserving the right to revive them if future discovery reveals new facts. That tactic is a transparent procedural maneuver to evade anti-SLAPP review, forestall an adverse ruling, and preserve legally deficient claims for possible later use—all while imposing unnecessary litigation costs on dbest.

Because the Anti-SLAPP statute imposes a strict deadline and because the threat of revived claims remains real, dbest has no choice but to file this motion now to protect its rights. Accordingly, dbest respectfully requests that the Court strike Counts II and III under California Code of Civil Procedure § 425.16, dismiss the claims with prejudice under Rule 12(b)(6), and award dbest its attorneys' fees and costs pursuant to § 425.16(c), jointly and severally against all Plaintiffs.

## II.   STATEMENT OF RELEVANT FACTS

dbest is a Carson, California company that designed innovative storage bins or "Stackable Collapsible Carts." (*See* FAC at ¶¶ 10, 29.) The invention comprises "a collapsible cart configured to transition from a closed condition where it may be folded up to an open condition where it may be expanded for use [, the collapsible cart including a rigid frame forming a compartment, the rigid frame having a front wall, a rear wall, a right sidewall, a left sidewall, and a bottom wall, the right sidewall and the left sidewall may be configured to fold inwardly in the closed condition." (*Id.* at ¶ 29 & Ex. A.)

-2-

dbest obtained U.S. Patent No. 11,478,576 (the "'576 Patent") for its invention on October 1, 2024.  (*See id.*, Ex. A.)

Each of Plaintiffs is a China-based seller of "storage bins" on Amazon's online marketplace for selling goods directly to consumers, including in the United States.  (*See id.* at ¶¶ 4-9.)

Between November 27, 2024 and December 12, 2024, merely weeks after dbest obtained the '576 Patent, each of Plaintiffs received a "Notice" from Amazon stating that Amazon had removed certain of their storage bin goods from its online marketplace due to an "alleged infringement complaint" for the '576 Patent filed by dbest with Amazon.  (*See id.* at ¶¶ 16-22.)

On December 12, 2024, the same day the Amazon sent the last notice, Plaintiffs filed suit against dbest.  On December 31, 2024, Plaintiffs filed the FAC, the operative pleading.  The FAC alleges three counts: (I) declaratory judgment of non-infringement of one or more claims of the '576 Patent, (II) unfair competition, and (III) tortious interference.

## III.    THE COURT SHOULD STRIKE COUNTS II AND III UNDER CALIFORNIA'S ANTI-SLAPP STATUTE

California's anti-SLAPP law seeks to curtail "strategic lawsuits against public participation [given] a disturbing increase in lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for redress of grievances." Cal. Civ. Proc. Code § 425.16(a). Therefore, even a party "sued in federal courts can bring anti-SLAPP motions to strike state law claims and are entitled to attorneys' fees and costs when they prevail." *Verizon Delaware, Inc. v. Covad Comms. Co.*, 377 F.3d 1081, 1091 (9th Cir. 2004).

Courts follow a two-step process for analyzing a motion to strike a SLAPP suit. *See, e.g., Hilton v. Hallmark Cards*, 599 F.3d 894, 903 (9th Cir. 2010); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1110 (9th Cir. 2003).

*Step One:* The moving defendant must make "a threshold showing ... that the

-3-

act or acts of which the [Plaintiffs] complain[] were taken 'in furtherance of the right of petition or free speech under the United States or California Constitution in connection with a public issue,' as defined in the statute." *Equilon Enters., LLC v. Consumer Cause, Inc.*, 29 Cal.4th 53, 67 (2002) (quotations omitted). The defendant only needs to show that the alleged acts fall within the ambit of CCP § 425.16(e). *See Vess*, 317 F.3d at 1110; *see also Tensor Law P.C. v. Rubin*, Case No. 2:18-cv-01490-SVW-SK, 2019 U.S. Dist. LEXIS 131942, at *4 (C.D. Cal. Apr. 10, 2019) (quotations omitted) (the moving party's burden is "only to make a prima facie showing of protected activity, which is 'not an onerous one.'"). The moving defendant need not show that Plaintiffs' suit was brought with the intention to chill the defendant's speech. *See Vess*, 317 F.3d at 1110. Similarly, the defendant need not show that any speech was actually chilled. *See id.*

 *Step Two:* Once the defendant makes a prima facie showing, the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims. *See id.* The plaintiff must produce evidence that is admissible at trial establishing facts sufficient to support a favorable judgment on its claims. *See Navellier v. Sletten*, 106 Cal. App. 4th 763, 768 (2003) ("plaintiffs' burden as to the second prong of the anti-SLAPP test is akin to that of a party opposing a motion for summary judgment"). On the other hand, the defendant may simply "defeat a cause of action by showing [the plaintiff] cannot establish an element of [its] cause of action or by showing there is a complete defense to the cause of action…." *Peregrine Funding, Inc. v. Sheppard Mullin,* 133 Cal.App.4th 658, 676 (2005). When a proper showing cannot be made under the second part of the inquiry, the causes of action should be stricken. *See Vess*, 317 F.3d at 1110.

 Plaintiffs fail both steps of this two-part inquiry.

### A. dbest's Takedown Notices Further Its Right To Petition

"Protected activity" is any "act in furtherance of a person's right of petition or

free speech under the United States or California Constitution in connection with a public issue, and includes . . .any other conduct in furtherance of the exercise of the [aforementioned rights] in connection with a public issue or an issue of public interest." CCP § 425.16(e). This includes "written or oral statements . . . made in connection with an issue under consideration or review by a [] judicial body." CCP § 425.16(e)(2). "[T]he California Supreme Court has held that 'communications preparatory to or in anticipation of the bringing of an action or other official proceeding are within' the broad ambit of and entitled to protection under § 425.16." *TP Link United States Corp. v. Careful Shopper LLC*, Case No. 8:19-cv-00082-JLS-KES, 2020 U.S. Dist. LEXIS 104065, at *14-15 (C.D. Cal. Mar. 23, 2020) (quoting *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal. 4th 1106, 1115 (1999)). This includes statements made to private third parties. *GWS Techs., Inc. v. Furth*, Case No. SACV 08-00586-CJC(PLAx), 2010 U.S. Dist. LEXIS 148908, *2 (C.D. Cal. Mar. 25, 2010) ("A statement is made in connection with litigation . . . 'if it relates to the substantive issues in the litigation and is directed to persons having some interest in the litigation.'") (citing *Neville v. Chudacoff*, 160 Cal. App. 4th 1255, 1266 (2008)).

There is no question that the Amazon takedown notices that are the basis for the FAC are anti-SLAPP protected activity. Here, Plaintiffs allege that dbest's misconduct is its legal take down challenge to their listings on Amazon for violations of dbest's utility patent. dbest's grievance filing with Amazon is therefore a foundational step in anticipation of litigation.

It is thus no surprise that courts that have addressed the issue uniformly hold that takedown notices to online marketplaces, like Amazon, are SLAPP protected activity. *See, e.g., Beyond Blond Prods., LLC v. Heldman*, Case No. 2:20-cv-5581, 2021 U.S. Dist. LEXIS 203255, at *18 (C.D. Cal. Feb. 8, 2021) (takedown notices to Amazon and related communications forming the basis of state law claims constitute anti-SLAPP protected prelitigation activity); *Thimes Sols. v. Tp Link*

-5-

*United States Corp.*, Case No. CV 19-10374 PA (Ex), 2020 U.S. Dist. LEXIS 138591, at *16 (C.D. Cal. June 8, 2020), rev'd in part on other grounds at 2024 U.S. App. LEXIS 7335 (Apr. 15, 2022) (takedown notices to Amazon.com "constitute prelitigation communications that fall within California's anti-SLAPP statute protections"); *Fitbit, Inc. v. Laguna 2*, LLC, Case No. 17-cv-00079-EMC, 2018 U.S. Dist. LEXIS 2402, at *14 (N.D. Cal. Jan. 5, 2018) (infringement notices sent to third-party Groupon were still "reasonably relevant" to the "subject matter" of the lawsuit); *Cove USA LLC v. No Bad Days Enterprises, Inc.*, Case No. 8:20-cv-02314-JLSKES, 2021 U.S. Dist. LEXIS 154443, at *4 (C.D. Cal. July 2, 2021) ("Communications [to Shopify] made to enforce intellectual property rights . . . are protected by the anti-SLAPP statute even if the alleged infringer initiated the lawsuit"); *Shande v. Zoox, Inc.*, Case No. 22-cv-05821-BLF, 2024 U.S. Dist. LEXIS 91091, at *17-18 (N.D. Cal. May 21, 2024) (even if letter did not technically constitute takedown notice it "still constituted protected activity under the anti-SLAPP statute because it was a communication to enforce [] intellectual property rights"); *Sparrow LLC v. Lora*, Case No. CV-14-1188-MWF (JCX), 2014 U.S. Dist. LEXIS 199450, at *5 (C.D. Cal. Dec. 4, 2014) ("letters to and communications with companies doing business or contemplating business with Defendants and relating to the alleged infringement of Plaintiff's intellectual property that form the basis of the [] litigation, were protected activities covered by the anti-SLAPP statute").

This instant matter is no different from the above cases. Plaintiffs' state law Counts II and III are based solely on dbest's submission of Amazon takedown notices asserting patent infringement. These notices are the entire basis for Plaintiffs' claims of unfair competition and tortious interference. Because the alleged conduct arises directly from dbest's protected prelitigation activity, Step 1 of the anti-SLAPP analysis is easily satisfied.

-6-

## B.    Plaintiffs Cannot Demonstrate Any Probability of Success

The burden shifts to Plaintiffs to establish "a probability [of] prevail[ing] on the claim." CCP § 425.16(b)(1). The plaintiff must also overcome substantive defenses, such as litigation privilege, to meet its burden of establishing a probability of success. *See Sparrow LLC*, 2014 U.S. Dist. LEXIS 199450, at *5.

Plaintiffs cannot meet this burden. Their claims are barred by multiple threshold legal doctrines that foreclose any possibility of prevailing.

### 1.    The State Law Counts Are Preempted

As a preliminary matter, the state law claims are preempted by federal patent law.  "Federal patent and copyright laws limit the states' ability to regulate unfair competition. According to the Supreme Court, state law is preempted when it enters 'a field of regulation which the patent laws have reserved to Congress.'" *Summit Mach. Tool Mfg. Corp. v. Victor CNC Sys.*, 7 F.3d 1434, 1439 (9th Cir. 1993). Therefore, if the central claim of the state law cause of action turns on the validity of the patent and infringement thereof, then the state law action is preempted.  *See id.* ("To the extent that Summit may complain that Victor has "pirated" its lathe by employing a particularly unfair method of copying, such a claim is preempted by federal law"); *see also Jat Wheels, Inc. v. DB Motoring Grp., Inc.*, Case No. CV 14-5097-GW(AGRx), 2016 U.S. Dist. LEXIS 191940, at *6-7 (C.D. Cal. Feb. 11, 2016) (citing *Bonito Boats, Inc. v. Thunder Craft Boats, Inc.*, 489 U.S. 141, 167-168 (1989) and *Summit Mach. Tool Mfg. Corp.*, 7 F.3d at 1439-40 ("Plaintiff's allegations of unfair competition are preempted by federal patent law because they are predicated upon claims of [infringement].  Because Plaintiff has not alleged any additional tortious conduct that is separate from the patent law cause of action, preemption applies").

In the instant matter, both of Plaintiffs' state law counts rely entirely on dbest's takedown notices of patent infringement to Amazon.  The declaratory judgment Counts turn on whether Plaintiffs have infringed on the '576 Patent.  In

-7-

other words, the central basis of the state claims (Counts II and III) and basis for Plaintiffs' declaratory judgment patent claim (Count I) are identical.  Under these circumstances, federal preemption applies and the state law causes of action are not viable.

### 2.    California's Litigation Privilege Immunizes dbest

California Civil Code Section 47(b) lays out California's litigation privilege. It provides that "[a] privileged publication or broadcast is one made….in the initiation or course of any other proceeding authorized by law."  Cal. Civ. Code § 47(b)(4).  The privilege broadly applies to pre-litigation communications. *See, e.g., Sharper Image Corp. v. Target Corp.*, 425 F. Supp. 2d 1056, 1077 (N.D. Cal. 2006) (citations omitted) (it applies to any communications "(1) made in a judicial proceeding; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; (4) that have some connection or logical relation to the action"); *Hagberg v. Cal. Fed. Bank* , 32 Cal. 4th 350, 361 (2004) (citations omitted) ("Many cases have explained that section 47(b) encompasses not only testimony in court and statements made in pleadings, but also statements made prior to the filing of a lawsuit, whether in preparation for anticipated litigation or to investigate the feasibility of filing a lawsuit"); *Castaline v. Aaron Muellers Arts*, Case No. C 09-02543 CRB, 2010 U.S. Dist. LEXIS 13111, at *11 (N.D. Cal. Feb. 16, 2010) (same).

Moreover, the California litigation privilege "is absolute," and is not subject to any exception based on the alleged bad faith of the accuser. *See, e.g., TP Link United States Corp.*, 2020 U.S. Dist. LEXIS 104065, at *23-24 (citations omitted) ("Even fraudulent, deliberately false, or other types of tortious communication must be susceptible to coverage by the litigation privilege; if that were not true, the privilege would be unable to achieve its purpose of ensuring that fear of being subjected to derivative tort suits does not prevent open communication and the 'utmost freedom of access to the courts' and other channels of redress"); *Mansell v.*

-8-

1  *Otto*, 108 Cal. App. 4th 265, 277 n.47 (2003) ("the presence or absence of malice or

2  good or bad faith is irrelevant to the inquiry whether the litigation privilege is

3  applicable"); *UMG Recordings, Inc. v. Glob. Eagle Entm't, Inc.,* Case No. CV 14-

4  3466 MMM (JPRx), 2015 U.S. Dist. LEXIS 192159, at *62 (C.D. Cal. Oct. 30,

5  2015) ("there is no exception to the litigation privilege for communications made in

6  bad faith").

7         Consequently, takedown notices to Amazon are litigation privileged as a

8  matter of law.  They are *per se* immunized from any claims for relief, including

9  unfair competition and tortious interference.  *See, e.g., Beyond Blond Prods.*, 2021

10  U.S. Dist. LEXIS 203255, at *20 (holding that defendants' submission of takedown

11  notices to Amazon and related communications qualify as protected speech under

12  section 425.16 and are also barred from tort liability by the litigation privilege) *See,*

13  *e.g., TP Link United States Corp.*, 2020 U.S. Dist. LEXIS 104065, at *23 (granting

14  anti-SLAPP motion and noting that "the litigation privilege is intended to protect the

15  sort of communication at issue here, the reporting of suspected wrongdoing to a

16  party capable of halting or remedying it"); *Fitbit, Inc.,* 2018 U.S. Dist. LEXIS 2402,

17  at *27 (applying litigation privilege to infringement notice sent to third-party

18  Groupon); *Shande*, 2024 U.S. Dist. LEXIS 91091, at *17-18 (same).

19         That Amazon had already pulled the listings prior to dbest actually

20  proceeding with a lawsuit, or that Plaintiffs sued first, does not change the analysis.

21  Plaintiffs filed this instant action merely weeks after the dbest lodged the intellectual

22  property challenge. Litigation was looming from dbest, but Plaintiffs beat them to

23  the filing.  Indeed, dbest will raise its valid patent claims in the context of this

24  lawsuit at the appropriate juncture.

25         In short, California's litigation privilege is an absolute bar to Plaintiffs' state

26  law claims.

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO
STRIKE AND/OR DISMISS FAC PURSUANT TO CCP § 425.16 AND FRCP 12(b)(6)**

### 3.    The *Noerr-Pennington* Doctrine Absolves Takedown Notices

"The Noerr-Pennington doctrine protects 'the right of the people . . . to petition the Government for a redress of grievances' by providing immunity from liability for petitioning conduct. 'The right of access to the courts is . . . one aspect of the right of petition.'" *OG Int'l, Ltd. v. Ubisoft Entm't*, Case No. C 11-04980 CRB, 2012 U.S. Dist. LEXIS 145408, at *5 (N.D. Cal. Oct. 9, 2012) (quoting *Sosa v. DirecTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006)).  The doctrine also extends to "[c]onduct incidental to a lawsuit, including a pre-suit demand letter" and provides immunity for claims arising out of such communications.  *Theme Promotions, Inc. v. News Am. Mktg. FSI*, 546 F.3d 991, 1007 (9th Cir. 2008) ("There is no reason that Noerr-Pennington and California privilege law cannot both apply to [the] intentional interference claims, and we hold that the district court properly considered both doctrines"); *Sosa*, 437 F.3d at 929 (activities protected by the doctrine include pre-suit cease-and-desist letters, demand letters and other efforts "to settle legal claims short of filing a lawsuit."); *Rock River Commc'ns., Inc. v. Univ. Music Group, Inc.*, 745 F.3d 343, 351 (9th Cir. 2014) (infringement notice to accused infringer's business partners protected)

Courts have held that takedown notices to online marketplaces, like Amazon, are also protected by the doctrine.  *See, e.g., Hard2Find Accessories, Inc. v. Amazon.com, Inc.*, 691 F. App'x 406, 408 (9th Cir. 2017) (infringement takedown notice sent to Amazon.com protected by *Noerr-Pennington* immunity); *Enttech Media Grp. LLC v. Okularity, Inc.*, Case No. 2:20-cv-06298 RGK (Ex), 2020 U.S. Dist. LEXIS 222489, at *11 (C.D. Cal. October 2, 2020) (holding that *Noerr-Pennington* applied to takedown notice to Instagram); *OG Int'l, Ltd.*, 2012 U.S. Dist. LEXIS 145408, at *8 ("the fact that Crave and GameStop were never sued and are non-parties to the present suit does not preclude application of Noerr-Pennington immunity").

The *Noerr-Pennington* doctrine protects dbest's pre-lawsuit challenges.

4.    **The FAC Lacks Critical Elements of Both State Law Counts**

Furthermore, Plaintiffs cannot establish essential elements of either Count II or Count III as a matter of law.  To state a claim for unfair competition (Count II) pursuant to California Business and Professions Code § 17200, a "plaintiff must establish that the practice is either unlawful (i.e., is forbidden by law), unfair (i.e., harm to victim outweighs any benefit) or fraudulent (i.e., is likely to deceive members of the public)." *Sonoma Foods, Inc. v. Sonoma Cheese Factory, LLC*, 634 F. Supp. 2d 1009, 1022 (N.D. Cal. 2007) (citations omitted); *see also Johnson v. Nissan N. Am., Inc.*, 272 F. Supp. 3d 1168, 1182 (N.D. Cal. 2017) ("unlawful" business practice limited to illegal activities); *Swafford v. IBM*, 383 F. Supp. 3d 916, 936 (N.D. Cal. 2019) ("unfair" business practice limited to violations of established public policy or immoral, unethical, oppressive, unscrupulous, and injurious acts that outweigh their benefits).

Plaintiffs cannot establish that dbest's takedown challenges to Amazon could satisfy any of these elements.  Plaintiffs do not allege (nor could they) that sending a patent infringement notice for the '576 Patent was "unlawful."  Plaintiffs do not even point to any law that dbest violated or could have violated by lodging its challenges with Amazon.  Similarly, Plaintiffs cannot demonstrate that dbest's business practice was "unfair."  The reason for the notices was to protect dbest's patent rights.  Enforcing patent rights—an action authorized by federal and state law.  Submitting challenges pursuant to Amazon's legal process for lobbing them cannot be immoral, unethical, oppressive, unscrupulous, and injurious acts that outweigh their benefits. If this was the case, every single complaint to Amazon that a competitor was infringing on a patent would constitute a violation of § 17200. Finally, Plaintiffs do not even claim dbest has acted in a fraudulent manner.  To do so, Plaintiffs had to plead the "allegedly fraudulent business practice is one in which 'members of the public are likely to be deceived.'" *Obesity Research Inst., LLC v. Fiber Research Int'l, LLC*, 165 F. Supp. 3d 937, 952 (S.D. Cal. 2016) (citation

-11-

1  omitted). There are no allegations of "fraud" on Plaintiffs or any members of the

2  public.

3          The same problem exists with Count III.  For a claim for intentional

4  interference with contractual relations to survive, Plaintiffs needed to plead "(1) a

5  valid contract between plaintiff and a third party; (2) defendant's knowledge of this

6  contract; (3) defendant's intentional acts designed to induce a breach or disruption

7  of the contractual relationship; (4) actual breach or disruption of the contractual

8  relationship; and (5) resulting damage." *Quelimane Co. v. Stewart Title Guaranty

9  Co.*, 19 Cal. 4th 26, 55 (1998).  As a preliminary matter, the FAC does not identify

10 any actual breach of a contract between Plaintiffs and Amazon or any other party.

11 Moreover, Plaintiffs cannot state a tortious interference claim based on dbest's

12 legitimate enforcement of its patent rights.  If a party engages in alleged interference

13 "to enforce its rights, it cannot be held liable for intentional interference with a

14 contract even if it knew that such conduct might interrupt a third party's contract."

15 *Sic Metals v. Hyundai Steel Co.*, 442 F. Supp. 3d 1251, 1258 (C.D. Cal. 2020); *see*

16 *also Dollar Tree Stores Inc. v. Oyama Partners, LLC*, Case No. 3:10-cv-325, 2010

17 U.S. Dist. LEXIS 49537, at *11-12 (N.D. Cal. Apr. 26, 2010) (granting motion to

18 dismiss tortious interference claim where defendant "act[ed] with a legitimate

19 business purpose").  Plaintiffs do not show "wrongful" dbest actions. *See Korea*

20 *Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1159 (2003) ("a plaintiff

21 must plead that the defendant engaged in an act that is wrongful apart from the

22 interference itself").

23 **IV.    THE COURT SHOULD DISMISS THE FAC PER FRCP 12(b)(6)**

24          A motion to dismiss should be granted if, accepting the facts alleged to be

25 true, such facts are insufficient "to state a claim upon which relief can be granted."

26 Fed. R. Civ. P. 12(b)(6). "A pleading that offers 'labels and conclusions' or 'a

27 formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v.*

28 *Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A pleading is insufficient "if it

-12-

tenders 'naked assertion(s)' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

For each of the reasons asserted in section (III)(B)(1)-(4) above, the FAC fails.  Specifically, Counts II and III are subject to dismissal because as pled:

> (1) each of Count II and III is preempted by federal patent law;

> (2) the state law claims are subject to the absolute defense of California's litigation privilege;

> (3) dbest cannot be liable for Counts II and III by virtue of the application of the *Noerr-Pennington* doctrine; and

> (4) the FAC fails to plead key elements of each of Plaintiffs' claims for unfair competition and tortious interference.

Hence, the same grounds that justify anti-SLAPP protection support dismissal of the FAC.

## V.    PLAINTIFFS ARE NOT ENTITLED TO LEAVE TO AMEND

Counts II and III should be dismissed without leave to amend because amendment would be futile.  "Although there is a general rule that parties are allowed to amend their pleadings, it does not extend to cases in which any amendment would be an exercise in futility, or where the amended complaint would also be subject to dismissal." *Reed v. Wells Fargo Bank, N.A.*, Case No. 2:21-cv-07545-JVS-MRW, 2022 U.S. Dist. LEXIS 132763, at *2 (C.D. Cal. June 9, 2022) (quoting *Steckman v. Hart Brewing*, 143 F.3d 1293, 1298 (9th Cir. 1998)), *aff'd*, Case No. 22-55837, 2023 U.S. App. LEXIS 22032 (9th Cir. Aug. 22, 2023).

Plaintiffs' claims arise exclusively from the dbest's takedown notices to Amazon.  Plaintiffs cannot plead around the takedown notices with additional facts. *See, e.g., Oh v. ReconTrust Co.*, Case No. 21-01808, 2022 U.S. Dist. LEXIS 26444, at *5 (C.D. Cal. Feb. 3, 2022) (dismissing claims "with prejudice because amendment would be futile"); *Reed*, 2022 U.S. Dist. LEXIS 132763, at *3 (same).

## VI.    DBEST IS ENTITLED TO ITS ATTORNEY'S FEES AND COSTS

It is beyond dispute that a defendant who prevails on an anti-SLAPP motion is "entitled to recover . . . attorney's fees and costs." Cal. Code Civ. Proc. § 425.16(c)(1); *see also Kearny v. Foley & Lardner LLP, et al.*, 553 F. Supp. 2d 1178, 1181 (S.D. Cal. 2008) ("An award of attorney's fees and costs to a successful anti-SLAPP movant is mandatory"); *see also Vess*, 317 F.3d at 1109; *Martin v. Inland Empire Utilities Agency*, 198 Cal. App. 4th 611, 631 (2011).

As demonstrated above, Plaintiffs' state law claims stem completely from protected activity and Plaintiff cannot show any probability of success.  Hence, dbest should be awarded its attorney's fees and costs associated with bringing this anti-SLAPP motion to strike.

Concomitantly, dbest respectfully requests that, should the Court grant this motion to strike, it be permitted to substantiate its attorney's fees and costs by way of separate motion *per* CCP § 425.16.  *See, e.g., TP Link United States Corp.*, 2020 U.S. Dist. LEXIS 104065, at *26 (granting anti-SLAPP motion and awarding fees because moving party "may seek those fees in a properly noticed motion, filed in accord with this Court's procedures").

## VII.   CONCLUSION

In sum, dbest respectfully requests that the Court strike and/or dismiss the second and third counts of the FAC without leave to amend and deem dbest a prevailing defendant entitled to recover its attorney's fees and costs under the CCP § 425.16 from each of Plaintiffs jointly and severally.

1

DATED:  May 9, 2025                    ORBIT IP, LLP

2

3                                      By:  /s/ Ehab M. Samuel
                                            EHAB M. SAMUEL
4                                           DAVID A. RANDALL

5                                           *Attorneys for Defendant*
6                                           *dbest products, Inc.*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE AND/OR DISMISS FAC PURSUANT TO CCP § 425.16 AND FRCP 12(b)(6)**

1

2 ## **<u>Certification of Compliance with C.D. Cal. L.R. 11-6.2</u>**

3      The undersigned, counsel of record for dbest products, inc., certifies that this

4 brief contains 4,502 words, which complies with the word limit of L.R. 11-6.1.

5

6     May 9, 2025

                              */s/ Ehab M. Samuel*

7                               Ehab M. Samuel

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE AND/OR DISMISS FAC PURSUANT TO CCP § 425.16 AND FRCP 12(b)(6)**