Ehab M. Samuel (SBN 228296)
esamuel@orbitip.com
David A. Randall (SBN 156722)
dave@orbitip.com
**ORBIT IP, LLP**
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660
Phone:  (310) 887-1333
Fax:  (310) 887-1334

*Attorneys for Defendant dbest products, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| iBeauty Limited Company, Dongguan Xianghuo Trading Co., Ltd., Dongguan Laiyang Trading Co., Ltd., Guangzhou Linyu Trading Co., Ltd., Guangzhou Lincan Electronic Technology Co., Ltd., and Guangzhou Senran Electronic Technology Co., Ltd., <br><br> Plaintiffs, <br><br> v. <br><br> dbest products, Inc., <br><br> Defendant, | Case No. 2:24-cv-10694-MWC-JC <br><br> Hon. Michelle Williams Court <br><br> **DECLARATION OF EHAB M. SAMUEL IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE AND/OR DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16 AND FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6)** <br><br> [*Notice of Motion and Motion; Memorandum of Points and Authorities; and [Proposed] Order filed concurrently herewith*] <br><br> Date:  June 20, 2025 <br> Time: 1:30 p.m. <br> Ctrm: 6A |

**DECLARATION OF EHAB M. SAMUEL IN SUPPORT OF MOTION TO STRIKE AND/OR DISMISS FIRST AMENDED COMPLAINT PURSUANT TO CCP § 425.16 AND FRCP 12(b)(6)**

# DECLARATION OF EHAB M. SAMUEL

I, EHAB M. SAMUEL, declare and state as follows.

1. I am an attorney duly licensed in the State of California and in the United States District Court for the Central District of California. I am a partner of Orbit IP, LLP, counsel for Defendant dbest products, Inc. in this action. I submit this declaration in support of Defendant's Motion to Strike and/or Dismiss the First Amended Complaint, filed by Plaintiffs iBeauty Limited Company, Dongguan Xianghuo Trading Co., Ltd., Dongguan Laiyang Trading Co., Ltd., Guangzhou Linyu Trading Co., Ltd., Guangzhou Lincan Electronic Technology Co., Ltd., and Guangzhou Senran Electronic Technology Co., Ltd., (collectively, "Plaintiffs"), pursuant to California Code of Civil Procedure Section 425.16, and Federal Rule of Civil Procedure 12(b)(6). I have personal knowledge of each fact stated in this declaration and if called as a witness I could and would testify competently to the truth of these facts.

2. In accordance with Local Rule 7-3, on April 22, 2025, I sent an email to David Silver of Bayramoglu Law Offices, LLC, counsel for Plaintiffs, attaching a detailed letter that (a) set forth dbest's intention to file the present motion and the bases and (b) requested that Plaintiffs dismiss the offending state law claims *with prejudice*. In my letter, I also invited Mr. Silver to attend a telephonic meet and confer to determine if some other compromise could be reached that would avoid the need for motion practice. Attached hereto as **Exhibit A** is a true and correct copy of my April 22, 2025 attached letter to Mr. Silver.

3. On April 29, 2025, Mr. Silver and I conducted a telephonic meet and confer on April 29, 2025 to discuss this matter further. During the call, Mr. Silver stated that his clients would prepare a stipulation for the parties to consider that would allow Plaintiffs to amend the First Amended Complaint to remove the state law claims.

4. On May 5, 2025, after not receiving the draft stipulation from Mr. Silver, I wrote him an email to remind him to send the stipulation. On May 7, 2025, Mr. Silver responded to my email with the draft stipulation and a draft Second Amended Complaint. While the Second Amended Complaint eliminated the state law claims, the draft stipulation indicated that the dismissal of the claims was without prejudice to Plaintiffs ability to re-assert the claims later on in the litigation. That same day I emailed Mr. Silver revisions to the stipulation to make it clear that any such agreement for leave for Plaintiffs to amend the complaint would require dismissal of the state law claims with prejudice.

5. On May 8, 2025, I received an email from Mr. Silver rejecting the language that indicated the dismissal of the state law claims would be with prejudice. Mr. Silver insisted that Plaintiffs desire to conduct discovery in the context of the litigation that would support resurrecting the state law claims. I impressed on Mr. Silver that Plaintiffs' position was ran counter to the letter and spirit of California's anti-SLAPP law. Also, I advised Mr. Silver that any proposed subsequent amendment of the complaint to re-assert the state law claims would be futile given the application of the legal principles that barred Plaintiffs' state claims as a matter of law. He disagreed and stated that Plaintiffs would seek, without Defendant's consent, to file a motion for leave to file a Second Amended Complaint. Attached hereto as Exhibit B is a true and correct copy of the emails between Mr. Silver and myself (without the attendant attachments).

6. At this point, the parties had reached an impasse. With the impending statutory deadline to file an anti-SLAPP motion, and no guarantee that the Court would grant Plaintiffs' motion for leave, Defendant had no choice but to file the motion to preserve its rights.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed this 9th day of May, 2025 at Los Angeles, California.

_____
Ehab M. Samuel

-3-
**DECLARATION OF EHAB M. SAMUEL IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE AND/OR DISMISS FIRST AMENDED COMPLAINT PURSUANT TO CCP § 425.16 AND FRCP 12(b)(6)**