Ehab M. Samuel (SBN 228296)
esamuel@orbitip.com
David A. Randall (SBN 156722)
dave@orbitip.com
**ORBIT IP, LLP**
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660
Tel.: (310) 887-1333
Fax: (310) 887-1334

Attorneys for Defendant and Counterclaimant,
DBEST PRODUCTS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| iBeauty Limited Company, Dongguan Xianghuo Trading Co., Ltd., Dongguan Laiyang Trading Co., Ltd., Guangzhou Linyu Trading Co., Ltd., Guangzhou Lincan Electronic Technology Co., Ltd., and Guangzhou Senran Electronic Technology Co., Ltd., <br><br> Plaintiffs / Counterclaim Defendants, <br><br> v. <br><br> dbest products, Inc., <br><br> Defendant / Counterclaim Plaintiff, | Case No. 2:24-cv-10694-MWC-JC <br><br> Hon. Michelle Williams Court <br><br> **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Defendant and Counterclaim Plaintiff dbest products, Inc. ("dbest"), by and through undersigned counsel, hereby submits this answer, affirmative defenses and counterclaims to the Complaint filed by Plaintiffs in the above-caption action. Any allegation in the Complaint not specifically admitted below is denied.

## NATURE OF THE ACTION

1. dbest admits that the Plaintiffs seek declaratory judgments of patent invalidity and non-infringement under the Declaratory Judgment Act, and that the Second Amended Complaint attached a copy of the '576 Patent as Exhibit 1. dbest denies that "Plaintiffs' products are "Non-Infringing Products."

2. dbest denies that Plaintiffs' products are "Non-Infringing Products." dbest admits the remaining allegations of paragraph 2.

## PARTIES

3. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 and on that basis denies them.

4. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 and on that basis denies them.

5. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 and on that basis denies them.

6. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 and on that basis denies them.

7. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 and on that basis denies them.

8. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 and on that basis denies them.

9. dbest admits the allegations of paragraph 9.

## JURISDICTION AND VENUE

10. dbest admits the allegations of paragraph 10.

11. dbest admits the allegations of paragraph 11.

12. dbest admits the allegations of paragraph 12.

# FACTUAL BACKGROUND

13. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 and on that basis denies them.

14. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 and on that basis denies them.

15. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 and on that basis denies them.

16. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 and on that basis denies them.

17. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 and on that basis denies them.

18. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18, and on that basis denies them.

19. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 and on that basis denies them.

20. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 and on that basis denies them.

21. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 and on that basis denies them.

22. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 and on that basis denies them.

23. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 and on that basis denies them.

24. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24, and on that basis denies them.

2

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT
Case. No. 2:24-cv-10694-MWC-JC

25.     dbest denies that "Plaintiffs' storage bin products" are "Non-Infringing Products."  dbest lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 25 and on that basis denies them.

## U.S. PATENT NO. 12,103,576

26.     dbest admits the allegations of paragraph 26.

27.     dbest admits that the '576 Patent is entitled "STACKABLE COLLAPSIBLE CARTS" and that the Abstract states:

> "collapsible cart configured to transition from a closed condition
> where it may be folded up to an open condition where it may be
> expanded for use, the collapsible cart including a rigid frame forming
> a compartment, the rigid frame having a front wall, a rear wall, a right
> sidewall, a left sidewall, and a bottom wall, the right sidewall and the
> left sidewall may be configured to fold inwardly in the closed
> condition. In some embodiments, the right sidewall including a first
> right panel rotatably coupled to a second right panel."

dbest denies the remaining characterizations and allegations of paragraph 27.

28.     dbest admits the allegations of paragraph 28.

29.     Paragraph 29 contains a legal conclusion that need not be admitted or denied. dbest denies the remaining allegations of paragraph 29.

30.     Paragraph 30 contains a legal conclusion that need not be admitted or denied. dbest denies the remaining allegations of paragraph 30.

31.     Paragraph 31 contains a legal conclusion that need not be admitted or denied. dbest denies the remaining allegations of paragraph 31.

32.     dbest admits the allegations of paragraph 32.

33.     dbest admits the allegations of paragraph 33.

34.     dbest admits that the '576 Patent introduced new matter vis-à-vis application S.N. 18/161,677.  dbest denies the remaining allegations of paragraph

3

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT
Case. No. 2:24-cv-10694-MWC-JC


34.

35. dbest admits that the '576 Patent is a continuation-in-part, as reflected in the docket number of the filed application. dbest denies the remaining allegations of paragraph 35.

36. Paragraph 36 contains a legal conclusion that need not be admitted or denied. dbest denies the remaining allegations of paragraph 36.

37. dbest denies the allegations of paragraph 37.

38. dbest denies the allegations of paragraph 38.

39. dbest admits that Figures 1-29 and Figures 30-43 of the '576 Patent are directed to embodiments of the disclosure. dbest denies the remaining characterizations and allegations of paragraph 39.

40. dbest admits the allegations of paragraph 40.

41. dbest admits the allegations of paragraph 41.

42. dbest admits the allegations of paragraph 42.

43. dbest admits that the "Shark Tank" is referenced on its website. dbest denies the remaining characterizations and allegations of paragraph 43.

44. Paragraph 44 contains a legal conclusion that need not be admitted or denied. dbest denies the remaining allegations of paragraph 44.

45. dbest admits the allegations of paragraph 45.

46. dbest admits the allegations of paragraph 46.

47. dbest admits the allegations of paragraph 47.

48. dbest denies the allegations of paragraph 48. dbest's webpage containing legal notice of its patents also identifies U.S. Patent No. 12,275,446 and U.S. Patent No. 12,304,546—each with a priority date of January 6, 2020—for the Quick Cart Elite / Pro product.

49. Paragraph 49 contains a legal conclusion that need not be admitted or denied. To the extent a response is required, dbest admits that the original Quik Cart was publicly displayed more than a year before the earliest priority date of the '576

4

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT
Case. No. 2:24-cv-10694-MWC-JC

Patent, but denies that that Quik Cart included all the features of the Quik Cart Elite / Pro and/or Quik Box products.

50. Paragraph 50 contains a legal conclusion that need not be admitted or denied. dbest denies the remaining allegations of paragraph 50.

51. dbest denies the allegations of paragraph 51.

52. Plaintiffs' allegations are incomprehensible and do not specify what they assert to be the "November 2019 prior art," and on that basis, dbest denies the allegations of paragraph 52.

53. Plaintiffs' allegations in paragraph 53 concerning "multiple prior arts at least as early as" for the "'Quik Box' as displayed in Claim 11" are unintelligible in that patent claims do not *display* products. Plaintiffs' allegations are also incomprehensible and do not specify the prior art in their vague assertions of "multiple prior arts" and "prior arts at least as early as."  On that basis, dbest denies the allegations of paragraph 53.

54. Plaintiffs' allegations in paragraph 54 are incomprehensible for the same reasons advanced with respect to paragraphs 52 and 53. dbest denies the allegations of paragraph 54.

## COUNT I

### Declaratory Judgment of Non-Infringement - the '576 Patent

55. dbest incorporates by reference its responses above to the allegations in paragraphs 1-54 as if fully repeated in this paragraph.

56. dbest denies the allegations of paragraph 56.

57. dbest denies the allegations of paragraph 57.

58. dbest denies the allegations of paragraph 58.

59. dbest denies the allegations of paragraph 59.

60. dbest admits that Plaintiffs purport to seek relief under the Declaratory Judgment Act but denies that Plaintiffs are entitled to the relief requested and denies each and every remaining allegation of paragraph 60.

5

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT
Case. No. 2:24-cv-10694-MWC-JC

61. dbest denies the allegations of paragraph 61.

62. dbest denies the allegations of paragraph 62.

# COUNT II

## Declaratory Judgment of Invalidity - the '576 Patent

63. dbest incorporates by reference its responses above to the allegations in paragraphs 1-62 as if fully repeated in this paragraph.

64. dbest admits the allegations of paragraph 64.

65. Paragraph 65 contains a legal conclusion that need not be admitted or denied. dbest denies the remaining allegations of paragraph 65.

66. dbest denies the allegations of paragraph 66.

67. dbest denies the allegations of paragraph 67.

68. dbest denies the allegations of paragraph 68.

69. Paragraph 69 contains a legal conclusion that need not be admitted or denied. dbest denies the remaining allegations of paragraph 69.

70. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 70 and on that basis denies them. The allegations of paragraph 70 also involve a legal conclusion that need not be admitted or denied, and are further denied by dbest on that basis.

71. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 71 and on that basis denies them.

72. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 72 and on that basis denies them.

73. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 73 and on that basis denies them.

74. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 74 and on that basis denies them.

75. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 75 and on that basis denies them.

6

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT
Case. No. 2:24-cv-10694-MWC-JC

76.     dbest denies the allegations of paragraph 76.

## COUNT III

**Declaratory Judgment of Invalidity for Inequitable Conduct - the '576 Patent**

77.     dbest incorporates by reference its responses above to the allegations in paragraphs 1-77 as if fully repeated in this paragraph.

78.     dbest admits that it was under the duty of 37 C.F.R. § 1.56 to disclose information "material to patentability," meaning information that itself "is not cumulative to information already of record or being made of record in the application, and (1) it establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or (2) it refutes, or is inconsistent with, a position the applicant takes in: (i) [o]pposing an argument of unpatentability relied on by the Office, or (ii) [a]sserting an argument of patentability." dbest denies the remaining characterizations and allegations of paragraph 78.

79.     dbest denies the allegations of paragraph 79.

80.     dbest denies the allegations of paragraph 80.

81.     dbest denies the allegations of paragraph 81.

82.     dbest denies the allegations of paragraph 82.

83.     dbest denies the allegations of paragraph 83.

84.     dbest denies the allegations of paragraph 84.

85.     dbest denies the allegations of paragraph 85.

## PRAYER FOR RELIEF

dbest denies that Plaintiffs are entitled to any relief. dbest requests that the Court enter judgment in its favor on all claims and award it reasonable costs and attorneys' fees and any further relief the Court deems appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

**(Infringement)**

7

One or more of Plaintiffs' products directly or indirectly infringe at least one claim of the '576 Patent.

## SECOND AFFIRMATIVE DEFENSE
### (Validity and Enforceability)

All claims of the '576 Patent are valid and enforceable under 35 U.S.C. § 1 et seq., and Plaintiffs will not be able to demonstrate otherwise by clear and convincing evidence.

## THIRD AFFIRMATIVE DEFENSE
### (No injury or standing)

Plaintiffs have suffered no injury and lack standing.

## FOURTH AFFIRMATIVE DEFENSE
### (Limitation on damages)

Plaintiff's claims for attorney's fees are barred at least because this case is not exceptional and dbest's alleged actions were not willful or malicious.

## FIFTH AFFIRMATIVE DEFENSE
### (Equitable defenses)

Plaintiffs' claims and/or remedies are barred under principles of equity including laches, estoppel, waiver, and/or unclean hands.

## COUNTERCLAIMS

## NATURE OF THE COUNTERCLAIMS

1. dbest products, Inc. ("dbest") counterclaims against iBeauty Limited Company, Dongguan Xianghuo Trading Co., Ltd., Dongguan Laiyang Trading Co., Ltd., Guangzhou Linyu Trading Co., Ltd., Guangzhou Lincan Electronic Technology Co., Ltd., and Guangzhou Senran Electronic Technology Co., Ltd.

**8**

(collectively, "Counterclaim Defendants") for direct infringement under the patent laws of the United States, 35 U.S.C. § 271.

## THE PARTIES

2. dbest is a California corporation with its principal place of business at 16506 South Avalon Boulevard, Carson, California.

3. On information and belief, iBeauty Limited Company is a corporation organized under Colorado law with its principal place of business at 201 E Center St, Suite 112 #3500, Anaheim, CA 92805, United States.

4. On information and belief, Dongguan Xianghuo Trading Co., Ltd. is a Chinese company, with a principal place of business at Room 403, No.22, Zhenhua Road, Humen District, Humen Town, Dongguan, Guangdong, China.

5. On information and belief, Dongguan Laiyang Trading Co., Ltd. is a Chinese company, with a principal place of business at Room 301, No. 8, Lane 9, Zexu Datang, Humen Town, Dongguan, Guangdong, China.

6. On information and belief, Guangzhou Linyu Trading Co., Ltd. is a Chinese company, with a principal place of business at 206, Building 9, No. 313 Guangyun Road, Jiahe Street, Baiyun District, Guangzhou, Guangdong, China.

7. On information and belief, Guangzhou Lincan Electronic Technology Co., Ltd. is a Chinese company, with a principal place of business at No. 41, Yunlong Road, Baiyun District, Guangzhou, China.

8. On information and belief, Guangzhou Senran Electronic Technology Co., Ltd. is a Chinese company, with a principal place of business at Room 401, No.12, Danyuan 1 Henglu, Pengshang, Lianbian, Baiyun District, Guangzhou, China.

## JURISDICTION AND VENUE

9

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT
Case. No. 2:24-cv-10694-MWC-JC

9. Subject to the affirmative defenses and denials set forth above, this Court has subject matter jurisdiction over the claims in this complaint under 28 U.S.C. §§ 1331 and 1338(a).

10. This Court has personal jurisdiction over Counterclaim Defendants because they filed this action for declaratory judgment against dbest in this District, and has thus, submitted to this Court's personal jurisdiction. On information and belief, Counterclaim Defendants has also committed acts of infringement in this District, and/or purposely transacted business involving the accused products in this District, including sales to one or more customers in California and in this District.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because, on information and belief, acts of patent infringement have been committed in this District, and because Counterclaim Defendants are subject to personal jurisdiction in this District.

**FACTUAL BACKGROUND**

12. dbest is a leading innovator and seller of portable carts in the United States. dbest has developed, marketed and sold exclusively a highly successful product line of premium portable carts frequently featured on QVC, Inc.'s television infomercials and website. dbest also sells its carts on retail website platforms such as Amazon, through national retailers such as Lowe's and Home Depot, and on its own website.

13. dbest owns all rights, title, and interest in and to U.S. Patent No. 12,103,576, entitled "STACKABLE COLLAPSIBLE CARTS" and issued on October 1, 2024 ("the '576 Patent"). A copy of the '576 Patent is attached as **Exhibit A**.

14. dbest owns all rights, title, and interest in and to U.S. Patent No. 12,275,446, entitled "HIGH LOAD CAPACITY COLLAPSIBLE CARTS" and

**10**

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT
Case. No. 2:24-cv-10694-MWC-JC

issued on April 25, 2025 ("the '446 Patent"). A copy of the '446 Patent is attached as **Exhibit B**.

15. dbest owns all rights, title, and interest in and to U.S. Patent No. 12,304,546, entitled "COLLAPSIBLE CARTS" and issued on May 20, 2025 ("the '546 Patent"). A copy of the '546 Patent is attached as **Exhibit C.**

16. It is dbest's policy and practice to mark its carts protected by one or more of its patents with the patent number(s) to provide notice to the public that the product is protected by a U.S. patent. Since each of the '576, '446, and '546 Patents issued, dbest has complied with its marking policy to give notice to the public that specific dbest products are protected by the respective patents.

17. On information and belief, Counterclaim Defendants sell products on Amazon.com ("Amazon") to consumers living in the United States and in this judicial district.

18. dbest regularly monitors retail platforms, including Amazon, to identify offers for sale and sales of products that infringe its patent rights and other intellectual property rights. dbest identified numerous products ("the Accused Products" or "Accused Instrumentalities") that infringe at least one claim of the '576, '446, and '546 Patents.

19. Schedules of the Amazon Standard Identification Number ("ASIN") for each Accused Instrumentality of which dbest is currently aware are attached as **Exhibits D**, **E**, **F**, **G**, **H**, and **I**. dbest may disclose additional infringing products at the appropriate times as consistent with this District's Local Rules and this Court's Standing Orders.

## COUNT I

**(Infringement of the '576 Patent—35 U.S.C. §§ 271)**

20. The foregoing paragraphs are incorporated by reference as if fully set forth in this paragraph.

**11**

21. Counterclaim Defendants have infringed and continue to infringe the '576 Patent by offering for sale, selling, and/or otherwise distributing the Accused Instrumentalities in violation of 35 U.S.C. § 271. A representative claim chart demonstrating how an Accused Instrumentality satisfies each element and limitation of at least one claim of the '576 Patent is attached as **Exhibit J**.

22. Counterclaim Defendants' infringement has injured and continues to injure dbest, which is entitled to recover damages adequate to compensate it for that infringement.

23. dbest will continue to suffer irreparable injury unless and until Counterclaim Defendants are enjoined by the Court.

24. dbest is entitled to injunctive and compensatory relief, including attorneys' fees and costs.

## COUNT II

**(Infringement of the '446 Patent—35 U.S.C. §§ 271)**

25. The foregoing paragraphs are incorporated by reference as if fully set forth in this paragraph.

26. Counterclaim Defendants have infringed and continue to infringe the '446 Patent by offering for sale, selling, and/or otherwise distributing the Accused Instrumentalities in violation of 35 U.S.C. § 271. Representative claim charts demonstrating how an Accused Instrumentality satisfies each element and limitation of at least one claim of the '446 Patent, by Counter-Defendant, are attached as **Exhibits K**, **L**, **M**, **N**, **O**, and **P**.

27. Counterclaim Defendants' infringement has injured and continues to injure dbest, which is entitled to recover damages adequate to compensate it for that infringement.

28. dbest will continue to suffer irreparable injury unless and until Counterclaim Defendants are enjoined by the Court.

12

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT
Case. No. 2:24-cv-10694-MWC-JC

29. dbest is entitled to injunctive and compensatory relief, including attorneys' fees and costs.

## COUNT III

### (Infringement of the '546 Patent—35 U.S.C. §§ 271)

30. The foregoing paragraphs are incorporated by reference as if fully set forth in this paragraph.

31. Counterclaim Defendants have infringed and continue to infringe the '546 Patent by offering for sale, selling, and/or otherwise distributing the Accused Instrumentalities in violation of 35 U.S.C. § 271.  Representative claim charts demonstrating how an Accused Instrumentality satisfies each element and limitation of at least one claim of the '546 Patent, by Counter-Defendant, are attached as **Exhibits Q**, **R**, **S**, **T**, **U**, and **V**.

32. Counterclaim Defendants' infringement has injured and continues to injure dbest, which is entitled to recover damages adequate to compensate it for that infringement.

33. dbest will continue to suffer irreparable injury unless and until Counterclaim Defendants are enjoined by the Court.

34. dbest is entitled to injunctive and compensatory relief, including attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, dbest asks the Court to enter judgment in its favor and against Counterclaim Defendants and grant the following relief:

A. finding, declaring, and adjudging that Plaintiffs are not entitled to any remedy or relief, and, therefore, shall take nothing from dbest;

B. finding, declaring, and adjudging that the Counterclaim Defendants have infringed the '576, '446, and '546 Patents;

C. declaring the case exceptional and ordering Counterclaim Defendants to pay dbest its reasonable attorneys' fees and costs, pursuant to 35 U.S.C. § 285;

D. entering an injunction, pursuant to 35 U.S.C. § 283, permanently enjoining Counterclaim Defendants, their officers, agents, employees, and all others in active concert or participation with it, or any of them, from doing any acts that infringe the '576, '446, and '546 Patents;

E. ordering that Counterclaim Defendants and/or Amazon.com, Inc. take all steps necessary to deliver to dbest all remaining inventory of all Accused Instrumentalities in their possession, custody, and control;

F. awarding damages in an amount adequate to compensate dbest for Counterclaim Defendants' infringement of the '576, '446, and '546 Patents, and awarding treble damages, as well as interest and costs, pursuant to 35 U.S.C. § 284;

G. any further relief that the Court deems just and proper.

## JURY TRIAL DEMAND

dbest demands a jury trial on all issues triable by a jury.

DATED: June 30, 2025        Respectfully submitted,

ORBIT IP LLP.

By: /s/ Ehab M. Samuel
EHAB M. SAMUEL
DAVID A. RANDALL

*Attorneys for dbest products, Inc.*

14

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT
Case. No. 2:24-cv-10694-MWC-JC

## **CERTIFICATE OF SERVICE**

I certify that on June 30, 2025, the foregoing was electronically filed with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to all counsel of record.

                                            */s/ Ehab M. Samuel*
                                            Ehab M. Samuel

1

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO SECOND AMENDED COMPLAINT
Case. No. 2:24-cv-10694-MWC-JC