David Silver (California Bar No. 312445)
david@bayramoglu-legal.com
BAYRAMOGLU LAW OFFICES LLC
1540 West Warm Springs Road, Ste. 100
Henderson, NV 89014
Tel: (702) 462-5973
Fax: (702) 553-3404
*Attorneys for Plaintiffs/Counter-Defendants*

Ehab M. Samuel (SBN 228296)
esamuel@orbitip.com
David A. Randall (SBN 156722)
dave@orbitip.com
Bruce Chapman (SBN 164258)
bruce@orbitip.com
ORBIT IP, LLP
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064
Tel.: (310) 887-1333
Fax: (310) 887-1334
*Attorneys for Defendant,
DBEST PRODUCTS, INC.*

**IN THE UNTIED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| iBeauty Limited Company, Dongguan Xianghuo Trading Co., Ltd., Dongguan Laiyang Trading Co., Ltd., Guangzhou Linyu Trading Co., Ltd., Guangzhou Lincan Electronic Technology Co., Ltd., and Guangzhou Senran Electronic Technology Co., Ltd., <br><br> Plaintiffs/Counter-Defendants, <br><br>v. <br><br>Dbest Products, Inc., <br><br> Defendant/Counterclaimant. | Case No. 2:24-cv-10694-MWC-JC <br><br> **JOINT RULE 26(F) REPORT** <br><br> SCHEDULING CONFERENCE <br> Date: July 18, 2025 <br> Time: 1:30 p.m. <br> Ctm.: 6A <br><br> Hon. Judge Michelle Williams Court |

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 26-1, on June 25, 2025, at approximately 1:00 PM PT, the parties met and conferred via video conference through their respective counsel of record. David Silver, from Bayramoglu Law Offices on behalf of Plaintiffs iBeauty Limited Company, Dongguan Xianghuo Trading Co., Ltd., Dongguan Laiyang Trading Co., Ltd., Guangzhou Linyu Trading Co., Ltd., Guangzhou Lincan Electronic Technology Co., Ltd., and Guangzhou Senran Electronic Technology Co., Ltd ("Plaintiffs"), and Ehab Samuel on behalf of Defendant Dbest Products, Inc. ("Defendant" and collectively referred to herein with "Plaintiffs" as the "Parties"). The Parties now submit the following Joint Rule 26(f) Report.

A.   **Statement of the Case**

**PLAINTIFFS**: This is a case regarding a declaratory judgment case filed by Plaintiffs seeking a ruling by the Court of non-infringement and invalidity of U.S. Patent No. 12,103,576 ("the '576 Patent"), which was the basis of infringement allegations made by Defendant to Amazon prior to the initiation of this declaratory judgment action. Defendant filed numerous takedown requests to Amazon on the basis of allegations of infringement of the '576 Patent, which resulted in the removal of Plaintiffs' products and harm to Plaintiffs' respective businesses. Plaintiffs believe such takedown requests were made in bad faith with the intention to minimize, if not entirely eliminate, any valid marketplace competition. Defendant's pattern of behavior has resulted in numerous nearly identical declaratory judgment actions being filed against it. Plaintiffs contend that not only are the products non-infringing to begin with, but that there is prior art that would invalidate Defendant's patent altogether as well as inequitable conduct committed by Defendant during the prosecution of the patent application that resulted in the issuance of the '576 Patent that would similarly invalidate the '576 Patent. In addition to a finding of non-infringement and/or invalidity of the '576 Patent, Plaintiffs are seeking a permanent

injunction preventing further wrongful removals by Defendant of Plaintiffs' products and recovery of the harm done for the knowing, willful, and deliberate wrongful takedown requests under 28 U.S. Code § 2202 as the Court deems proper. Plaintiffs also intend to file an amended complaint regarding the additional allegations involving Patent Nos. 12,275,446 and 12,304,546 made by Defendant in the recently filed Counterclaims.

Plaintiffs note that Defendant has attempted to improperly sway the Court's opinion in attempting to claim this case is "nearly identical" to *Guangzhou Yucheng Trading Co., Ltd. v. dbest products, Inc.*, No. 2:21-cv-04758-JVS-JDE (C.D. Cal.). However, this prior case involved a different seller, a different patent from any of the three asserted by Defendant, different factual allegations, and even different counterclaims as Defendant in the prior case was also alleging trademark infringement.

Similarly, Defendant asserts that Plaintiffs have engaged in "ongoing litigation tactics" regarding a "refusal to accept or waive service" for separately filed lawsuits regarding infringement allegations of Patent Nos. 12,275,446 and 12,304,546. Counsel for Plaintiffs in fact informed Defendant that Plaintiff iBeauty Limited Company was willing to waive service in exchange for additional time to respond. However, Plaintiffs' counsel in this case was not retained for those additional separately filed cases, and our understanding is that a different counsel has since been involved in those matters.

Defendant also claims that Plaintiffs filing a separate declaratory judgment regarding the infringement allegations for Patent Nos. 12,275,446 and 12,304,546 was a "a calculated attempt to preserve strategic control" is a farce considering it was Defendant that filed separate cases to begin with when they could have (and eventually did) file the same allegations as counterclaims in this action. None of Defendant's complaining about service, consolidation, or separate filings would have been necessary had Defendant not procedurally complicated this matter to begin with

through its own litigation tactics. Plaintiffs requested Defendant remove such posturing from the joint report, which Defendant refused, necessitating Plaintiffs to provide the present clarifications for the Court.

**DEFENDANT**:

This action arises from Plaintiffs' infringement of three U.S. patents owned by dbest Products, Inc. through the manufacture, use, sale, or importation of their products ("Accused Products"). The patents at issue are U.S. Patent No. 12,103,576 B2 ("the '576 Patent"), U.S. Patent No. 12,275,446 ("the '446 Patent"), and U.S. Patent No. 12,304,546 ("the '546 Patent").

Plaintiff filed this tactical declaratory judgment filing following dbest's good-faith enforcement of its U.S. Patent No. 12,103,576 B2 ("the '576 Patent") on the Amazon marketplace. Following dbest's reports of infringement to Amazon, the Accused Products were voluntarily removed by Amazon from its platform. Plaintiffs—most of whom are Chinese entities with no apparent affiliation to one another—subsequently filed this action, apparently banding together to burden dbest with litigation, much like other Amazon sellers whose infringing listings were also taken down.

Contrary to Plaintiffs' expectations, dbest is fully committed to enforcing its intellectual property rights. As reflected in the thirteen (13) detailed preliminary infringement claim charts attached to its counterclaims (Dkt. 48, Exs. J–V), dbest submits that each of the Accused Products infringes at least one claim of the '576, '446, and/or '546 Patents.

Headquartered in Carson, California, dbest is a leading U.S. innovator and seller of premium portable carts and storage solutions. Its products—often featured in QVC, Inc. television segments and online promotions—have achieved significant commercial success in the United States. The Plaintiffs, in contrast, include one Colorado entity (iBeauty) and several Chinese companies that distribute the Accused Products online, including through Amazon.

This is not the first time dbest has defended its intellectual property against foreign sellers attempting to undermine its rights via declaratory judgment actions. In *Guangzhou Yucheng Trading Co., Ltd. v. dbest products, Inc.*, No. 2:21-cv-04758-JVS-JDE (C.D. Cal.), another Amazon seller brought a nearly identical action seeking declarations of invalidity and noninfringement. dbest prevailed on all counts. A jury found willful infringement, awarded full damages, and the Honorable Judge Selna found the case exceptional—awarding dbest treble damages, attorneys' fees, costs, and interest totaling approximately $2.3 million. *See id.*, Dkt. 289.

Given the factual and strategic similarities to that earlier case, dbest is confident it will once again prevail in defending and enforcing its patent rights. That confidence is further reinforced by Plaintiffs' ongoing litigation tactics, including their refusal to accept or waive service in, and/or to consolidate, multiple co-pending actions pending before this Court asserting infringement of the '446 and '546 Patents. *See dbest products, Inc. v. iBeauty Limited Company*, No. 2:25-cv-04583 (C.D. Cal. filed May 21, 2025); *dbest products, Inc. v. Dongguan Xianghuo Trading Co., Ltd.*, No. 2:25-cv-04573 (C.D. Cal. filed May 21, 2025); *dbest products, Inc. v. Dongguan Laiyang Trading Co., Ltd.*, No. 2:25-cv-04586 (C.D. Cal. filed May 21, 2025); *dbest products, Inc. v. Guangzhou Linyu Trading Co., Ltd.*, No. 2:25-cv-04587 (C.D. Cal. filed May 21, 2025); *dbest products, Inc. v. Guangzhou Lincan Electronic Technology Co., Ltd.*, No. 2:25-cv-04588 (C.D. Cal. filed May 21, 2025); and *dbest products, Inc. v. Guangzhou Senran Electronic Technology Co., Ltd.*, No. 2:25-cv-04589 (C.D. Cal. filed May 21, 2025).

Rather than respond to dbest's enforcement actions through counterclaims in the pending Central District cases, Plaintiffs instead filed a separate declaratory judgment action in the Northern District of California. See *iBeauty Limited Co. et al. v. dbest products, Inc.*, No. 5:25-cv-05344 (N.D. Cal. filed June 26, 2025). This was not a matter of procedural convenience—it was a calculated attempt to preserve strategic control over a manufactured narrative of invalidity, while evading the more

direct and comprehensive exposure of their infringement posed by the '446 and '546 Patents. These patents directly undermine the core premise of Plaintiffs' claims and expose the weakness of their narrative.  By asserting infringement counterclaims based on the '446 and '546 Patents in this case, dbest has ensured that Plaintiffs will be held to account and cannot evade liability through tactical gamesmanship.

### B. Subject Matter Jurisdiction

This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., and the United States Patent Act, 35 U.S.C. § 1, et seq. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a).

### C. Legal Issues

**PLAINTIFFS:**  The key legal issues will be the claim construction of the alleged infringement of the '576 Patent and the invalidity arguments based on the prior art and inequitable conduct during the prosecution of the application for the '576 Patent. As there are multiple Plaintiffs, it will be important to distinguish which product is being discussed during any analysis for infringement/non-infringement as there are multiple products at issue identified by various Amazon Standard Identification Numbers (ASINs). Some ASINs will share a similar design, while other ASINs have a different design. Grouping all products together in a single analysis would be improper and could result in some substantive, procedural, or evidentiary complications. After the initiation of this matter, there have been additional takedown requests sent by Defendant to Amazon against the same Plaintiffs for the same goods based on two different patents that resulted in an additional removals of Plaintiffs products. Defendant filed separate lawsuits against each of the Plaintiffs regarding the new takedown requests and Plaintiffs collectively filed a new Declaratory Judgment lawsuit against Defendant regarding the same. These new cases could cause complications in this case in determining what

actions/damages are related to which patent and the interrelation between all of Defendant's asserted patents.

**DEFENDANT:**

The legal issues in dispute include at least the following:

1. The proper construction of the asserted claims of the '576, '446 and '546 Patents (collectively, Asserted Patents);
2. The infringement and validity of the Asserted Patents;
3. Whether dbest is entitled to damages if Plaintiffs are found to infringe one or more claims of the Asserted Patents;
4. Whether Plaintiffs willfully infringed the Asserted Patents, and whether dbest is entitled to enhanced damages if Plaintiffs are found to willfully infringe one or more claims of the Asserted Patents;
5. The scope of injunctive relief to which either side is entitled; and
6. Whether attorneys' fees, costs, or expenses are recoverable for either side under 35 U.S.C. § 285.

**D.     Damages**

**PLAINTIFFS:**  Based on the length of time of the initial removals of Plaintiff's products relating to allegations of infringement of the '576 Patent, Plaintiffs estimate a collective loss of over $750,000, not including any harm to the reputation of Plaintiffs' stores and loss of product rankings during this time. A full accounting of damages will be subject to further discovery in an amount to be proven at trial.

/ / /

**DEFENDANT:** dbest submits that Plaintiffs are not entitled to any monetary damages based on their declaratory judgment claims. dbest seeks the following relief:

- Compensatory damages caused by Plaintiffs' acts of infringement of the Asserted Patents, including of its lost profits, but in no event less than a reasonable royalty, under 35 U.S.C. § 284.
- Increased damages up to three times the amount found or assessed under 35 U.S.C. § 284 from Plaintiffs' alleged willful infringement.
- Reasonable attorney fees under 35 U.S.C. § 285.
- All costs and pre- and post-judgment interest.
- Injunctive relief under 35 U.S.C. § 283.

### E.   Parties and Evidence

**PLAINTIFFS:**

1. Lijun Zheng (General Manager of iBeauty Limited Company);
2. Kai Shan Wen (General Manager of Dongguan Xianghuo Trading Co., Ltd.);
3. Cui Fu (General Manager of Dongguan Laiyang Trading Co., Ltd.);
4. Shaomain Jiang (General Manager of Guangzhou Linyu Trading Co., Ltd.);
5. Xiaofeng Wu (General Manager of Guangzhou Lincan Electronic Technology Co., Ltd.);
6. Jiamin Lin (General Manager of Guangzhou Senran Electronic Technology Co., Ltd.);

There may be additional witnesses as discovery requires, including but not limited to expert discovery relating to claim construction.

Key documents include, at a minimum, the file wrapper and correspondence with the USPTO regarding the '576 Patent, proof of relevant prior art, communications between Defendant and Amazon relating to the takedown requests

and alleged infringement by Plaintiffs' products, Defendant's purchase records of Plaintiffs' products for any claimed infringement analysis, and any alleged infringement charts and verifiable evidence of the creation dates of said charts.

**DEFENDANT:**

In addition to Plaintiffs' witnesses identified above, dbest identifies its CEO, Richard Elden. dbest anticipates taking document and testimonial discovery on at least the following issues:

- The factual basis for Plaintiffs' non-infringement contentions;
- The factual basis for Plaintiffs' invalidity contentions;
- Document and testimonial discovery relating to damages, including the reasonable royalty factors identified in *Georgia Pacific Corp. v. United States Plywood Corp.*, 318 F. Supp. 1116 (S.D.N.Y. 1970); and
- Document and testimonial discovery relating to facts relevant to the legal issues in Section C above.

**F.     Insurance**

The Parties are unaware of any insurance agreement that may be relevant to the claims or counterclaims in this action.

**G.     Manual for Complex Litigation**

The Parties do not believe that any part of the procedures of the Manual for Complex Litigation should be utilized in this case.

**H.     Motions**

At this time, the Parties do not anticipate any motions seeking to add other parties, transfer venue, or challenge the Court's jurisdiction.

**PLAINTIFFS:** Plaintiff reserves the right to file a motion to strike all or part of Defendant's counterclaims upon further review of the recently filed counterclaims.

**DEFENDANT:** At this time, dbest anticipates filing a motion for judgment on the pleadings at least as to Plaintiffs' invalidity claims. Further, at this time, dbest also contemplates it will file summary judgment motion on one or more of the claims and defenses at issue in this action, as well as *Daubert* motions to exclude proposed testimony of one or more of Plaintiffs' expert witnesses.

### I.   Dispositive Motions

At this time, both Parties are contemplating filing Motions for Summary Judgment in this action depending on the outcome of the claim construction and fact discovery.

**PLAINTIFFS:** Plaintiff reserves the right to file a motion to dismiss all or part of Defendant's counterclaims upon further review of the recently filed counterclaims.

**DEFENDANT:** At this time, dbest anticipates filing a motion for judgment on the pleadings at least as to Plaintiffs' invalidity claims. Further, at this time, dbest also contemplates it will file summary judgment motion on one or more of the claims and defenses at issue in this action, as well as *Daubert* motions to exclude proposed testimony of one or more of Plaintiffs' expert witnesses.

### J.   Status of Discovery

The Parties have not yet initiated any formal discovery. The Parties will serve their Initial Disclosures, including identification of witnesses and list of documents on or before August 1, 2025.

### K.   Discovery Plan

The Parties' discovery plan addressing the FRCP 26(f) (3)(A)-(F) topics is set forth below:

FRCP 26(f)(3)(A) – Disclosures Under 26(a)

The Parties do not believe that any changes need to be made to the form or requirements for disclosure under Rule 26(a).

FRCP 26(f)(3)(B) – Scope of Discovery

The Parties anticipate that fact discovery will be needed on the takedown requests and Defendant's conduct, the infringement/non-infringement of Plaintiffs' products, the sales and lost sales amounts for Plaintiffs' products, relevant prior art, the inequitable conduct allegations, and other topics that may arise during the course of discovery related to the claims, defenses, and counterclaims.

The Parties do not believe it will be necessary to conduct discovery in phases.

The Parties anticipate taking between seven (7) to ten (10) depositions (including but not limited to the principal for each named party), not inclusive of any expert depositions, but reserve the right to take additional depositions based upon the developments of the case.

Depositions of party 30(b)(6) or other fact witnesses who reside in China may require special accommodations. The Parties acknowledge the difficulties in taking depositions of foreign witnesses, especially in China, and have agreed that such depositions will take place remotely with the deponent traveling to Hong Kong, Macau, or other mutually agreeable location. Counsel for both parties may need to take and defend depositions in Asia or remotely using Zoom or similar applications.

FRCP 26(f)(3)(C) – Electronically Stored Information

The Parties submit that electronically stored information ("ESI") should be produced in PDF format if possible, except where the conversion of the document to the PDF format would render the document illegible or alter the appearance of the document, such as excel spreadsheets, which may be produced in their native format. The documents shall be Bates stamped in a manner that shows which Party produced the document.

FRCP 26(f)(3)(D) – Privilege and Work Product Issues

The Parties do not anticipate any issues regarding privilege or work product.

Regardless, the Parties will seek to resolve such issues as they may arise based on the procedures set forth in a Stipulated Protective Order for discovery matters, described below under FRCP 26(f)(3)(F).

### FRCP 26(f)(3)(E) – Changes to FRCP/Local Rule Limitations on Discovery

Plaintiffs collectively may serve a maximum of 15 common interrogatories (i.e., interrogatories that are the same or substantially the same or are served on behalf of Plaintiffs), including all discrete subparts, on Defendant dbest. Each Plaintiff may serve up to 10 additional interrogatories (including all discrete subparts) on Defendant dbest. Similarly, dbest may serve a maximum of 15 common interrogatories (i.e., interrogatories that are concurrently served on all Plaintiffs), including all discrete subparts, on Plaintiffs. Defendant dbest may serve up to 10 additional interrogatories (including all discrete subparts) on Plaintiffs. All interrogatories shall be labeled as "Common" or "Specific" when served.

There are no limits on the number of RFPs and RFAs. However, the parties will endeavor to serve common requests where possible. All RFPs and RFAs shall be labeled as "Common" or "Specific" when served.

Further, as discussed in detail in Section R, below, the parties request that the Court adopt the Northern District of California's Patent Local Rules in this action. Those include procedures for patent-related disclosures and document productions intended to streamline and focus discovery on patent-related issues including claim construction, infringement allegations, invalidity allegations, and damages.

### FRCP 26(f)(3)(F) – Protective Order

The Parties anticipate that discovery in this case will require each to produce information that may be confidential and/or proprietary. Accordingly, the Parties intend to request entry of a Stipulated Protective Order for discovery matters in this case.

## L. Expert Discovery

**PLAINTIFFS:** Plaintiff proposes an Expert Discovery-Cutoff of September 11, 2026.

**DEFENDANT:** Defendant dbest proposes to complete expert witness discovery as set forth in the proposed schedule (Exhibit A).

## M. Settlement/Alternative Dispute Resolution

The Parties' counsel have discussed the relevant facts and legal issues and have attempted to resolve the case, but the discussions were not successful. The Parties may continue independently discussing settlement as claim construction and discovery moves forward. Pursuant to the Local Rule 16-15.4, the Parties agree to utilize ADR Procedure No. 1 (having a Magistrate Judge conduct a mediation).

Plaintiffs believe a later date for the deadline to complete the mediation with the Magistrate Judge would be best saved for after the parties have had a chance to resolve infringement and invalidity contentions. Early mediation would not be beneficial if substantial disagreements regarding the infringement and invalidity contentions remain outstanding.

Defendant dbest believes that early mediation in this case before the Magistrate Judge would be beneficial to see if the parties can reach an amicable business resolution, before significant costs are incurred for claim construction brief, as well as for fact and expert discovery. Subject to the Magistrate Judge's availability, dbest proposes a settlement conference this year – on or about October 30, 2025. Plaintiffs disagree and prefer to schedule by November 25, 2026.

## N. Trial Estimate

This case will be tried to a jury, and the Parties currently anticipate the length of trial to be 7-10 days.

**PLAINTIFFS:** Plaintiffs are contemplating calling at least three witnesses, but could be up to around eight to ten witnesses depending on discovery and the needs of the case at trial.

**DEFENDANT:** Defendant dbest contemplates calling 7 fact witnesses, as well as technical and damages expert witnesses.

### O.   Trial Counsel

Bayramoglu Law Offices LLC shall be trial counsel for Plaintiffs. David Silver will be lead trial counsel.

Orbit IP, LLP shall be trial counsel for Defendant. The names of the counsels who will try the case for dbest are:

- Ehab M. Samuel (SBN 228296)
- David A. Randall (SBN 156722)
- Bruce Chapman (SBN 164258)

### P.   Magistrate Judge

The Parties do not consent to try the case before a magistrate judge.

### Q.   Independent Expert or Master

The Parties agree that this case is not appropriate for an independent expert or master.

### R.   Schedule Worksheet

The Parties attach the completed Schedule of Pretrial and Trial Dates Worksheet pursuant to the Honorable Judge Michelle Williams Court's Scheduling Order as Exhibit A. Due to the need for additional dates for the patent claim construction and invalidity issues, the Parties are filing a separate stipulation and proposed order incorporating the new dates based on the Northern District of California's Local Patent Rules.

Thus, in addition to the dates provided for on the attached Worksheet, the parties also request that the Court adopt the patent-related disclosures and claim-construction procedures provided in the Patent Local Rules of the United States District Court for the Northern District of California. Several judges in this District experienced with patent-infringement actions either expressly adopt the Northern District's, mirror them in their standing orders, or incorporate key elements of those rules.

### S.     Other Issues

Plaintiffs anticipate that their principal witnesses will require a court interpreter for Mandarin Chinese should the need arise.

Dated: July 3, 2025                                                  Respectfully submitted,

**ORBIT IP, LLP**                                                    **BAYRAMOGLU LAW OFFICES LLC**

/s/ Ehab M. Samuel                                                    /s/ David Silver.
Ehab M. Samuel                                                        David Silver
(California Bar No. 228296)                                           (California Bar No. 312445)
11400 West Olympic Blvd., Suite 200                                   1540 West Warm Springs Rd., Ste. 100
Los Angeles, CA 90064                                                 Henderson, NV 89014
Tel:   323-234-2989                                                   Tel: (702) 462-5973
Fax:   310-887-1334                                                   Fax: (702)553-3404
Email: esamuel@orbitip.com                                            david@bayramoglu-legal.com
*Attorney for Defendant/*                                             *Attorney for Plaintiffs/*
*Counterclaimant*                                                     *Counter-Defendants*

## ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(2)(i)

Pursuant to Local Rule 5-4.3.4(2)(i), I, David Silver, attest that all other signatories listed and on whose behalf the filing is submitted concur in this filing's content and have authorized this filing.

/s/ *David Silver*
David Silver

## CERTIFICATE OF SERVICE

I, hereby certify that on July 3, 2025, I electronically filed the foregoing with the Court using the CM/ECF system, and thereby delivered the foregoing by electronic means to all counsel of record.

/s/ *David Silver*
David Silver
**BAYRAMOGLU LAW OFFICES LLC**