BAYRAMOGLU LAW OFFICES LLC
David Silver (California Bar No. 312445)
david@bayramoglu-legal.com
1540 West Warm Springs Road, Ste. 100
Henderson, NV 89014
Tel: (702) 462-5973
Fax: (702) 553-3404

*Attorneys for Plaintiffs*
iBeauty Limited Company,
Dongguan Xianghuo Trading Co., Ltd.,
Dongguan Laiyang Trading Co., Ltd.,
Guangzhou Linyu Trading Co., Ltd.,
Guangzhou Lincan Electronic Technology Co., Ltd., and
Guangzhou Senran Electronic Technology Co., Ltd.

## IN THE UNTIED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| iBeauty Limited Company, Dongguan Xianghuo Trading Co., Ltd., Dongguan Laiyang Trading Co., Ltd., Guangzhou Linyu Trading Co., Ltd., Guangzhou Lincan Electronic Technology Co., Ltd., and Guangzhou Senran Electronic Technology Co., Ltd., <br><br> Plaintiffs, <br><br> v. <br><br> Dbest Products, Inc., <br><br> Defendant. | **CASE NO. 2:24-cv-10694-MWC-JC** <br><br> **THIRD AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND OTHER RELIEF** <br><br> **DEMAND FOR JURY TRIAL** |

1

Plaintiffs/Counter-Defendants iBeauty Limited Company, Dongguan Xianghuo Trading Co., Ltd., Dongguan Laiyang Trading Co., Ltd., Guangzhou Linyu Trading Co., Ltd., Guangzhou Lincan Electronic Technology Co., Ltd and Guangzhou Senran Electronic Technology Co., Ltd. (collectively, "Plaintiffs"), hereby file this amended Complaint against Defendant/Counter-Plaintiff Dbest Products, Inc., and allege as follows:

## NATURE OF THE ACTION

1.    This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the United States Patent Act, 35 U.S.C. § 1 *et seq*. Plaintiffs seek declaratory judgments that U.S. Patent No. 12,103,576 ("the '576 Patent"), U.S. Patent No. 12,275,446 ("the '446 Patent"), and U.S. Patent No. 12,304,546 ("the '546 Patent") are not infringed by Plaintiffs' storage bin products ("Non-Infringing Products") and are invalid due to the existence of prior art and Defendant's inequitable conduct. True and correct copies of the '576 Patent, the '446 Patent, and the '546 Patent are attached hereto as Exhibits 1-3, respectively.

2.    Plaintiffs bring this action in view of the actual controversy created by Defendant under the '576 Patent, the '446 Patent, and the '546 Patent. Defendant has asserted a patent infringement claim against Plaintiffs' products with Amazon, causing Amazon to remove Plaintiffs' listings for Plaintiffs' Non-Infringing Products on Amazon.com. Defendant has also raised infringement

allegations relating to the '576 Patent, the '446 Patent, and the '546 Patent in Counterclaims in this action.

## **PARTIES**

3.    Plaintiff iBeauty Limited Company is a corporation organized under Colorado law with its principal place of business at 201 E Center St, Suite 112 #3500, Anaheim, CA 92805, United States.

4.    Plaintiff Dongguan Xianghuo Trading Co., Ltd. is a Chinese company, with a principal place of business at Room 403, No.22, Zhenhua Road, Humen District, Humen Town, Dongguan, Guangdong, China.

5.    Plaintiff Dongguan Laiyang Trading Co., Ltd. is a Chinese company, with a principal place of business at Room 301, No. 8, Lane 9, Zexu Datang, Humen Town, Dongguan, Guangdong, China.

6.    Plaintiff Guangzhou Linyu Trading Co., Ltd. is a Chinese company, with a principal place of business at 206, Building 9, No. 313 Guangyun Road, Jiahe Street, Baiyun District, Guangzhou, Guangdong, China.

7.    Plaintiff Guangzhou Lincan Electronic Technology Co., Ltd. is a Chinese company, with a principal place of business at No. 41, Yunlong Road, Baiyun District, Guangzhou, China.

8.      Plaintiff Guangzhou Senran Electronic Technology Co., Ltd. is a Chinese company, with a principal place of business at Room 401, No.12, Danyuan 1 Henglu, Pengshang, Lianbian, Baiyun District, Guangzhou, China.

9.      Upon information and belief, Dbest Products, Inc. is a corporation organized under California law with its principal place of business at 16506 South Avalon Boulevard, Carson, CA 90746, USA.

## JURISDICTION AND VENUE

10.     This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, et seq., and the United States Patent Act, 35 U.S.C. § 1, et seq.. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 2201, 2202, 1331, and 1338(a) because an actual case or controversy currently exists between the Parties regarding the subject matter of this action, and the Court has subject matter jurisdiction over this action in light of Defendant's counterclaim allegations for patent infringement.

11.     The Court has personal jurisdiction over Dbest Products, Inc. based on information and belief that Dbest Products, Inc. is domiciled in California and within this judicial district.

12.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(1), because Dbest Products, Inc. resides in this district as residency is defined in 28 U.S.C. § 1391(c)(2).

THIRD AMENDED COMPLAINT AND JURY DEMAND                    CASE NO. 2:24-CV-10694-MWC-JC

# FACTUALBACKGROUND

## A.      The Plaintiffs' Non-Infringing Products.

13.      Plaintiff iBeauty Limited Company sells storage bins on Amazon.com under the storefront "IBEAUTY LIMITED COMPANY." The models of the storage bins sold by iBeauty Limited Company at issue are 1579-4 pack, 1579-3 pack, 1579-4 pack-middle size and 1530. These products are identified by ASINs, including but not limited to B0CHRNM2YF, B0B67PCFLQ, B0DCDQSNF5, B0C1SVQTJY, B0CW9D7SJK, B0C1STZZL7 and B0CW97NT2B.

14.      On or about December 9, 2024, iBeauty Limited Company received a notification from Amazon. This notice informed iBeauty Limited Company that Amazon removed its listings of the above ASINs, because of the alleged infringement of the '576 Patent.

15.      On or about May of 2025, Defendant sent additional takedown requests to Amazon for iBeauty Limited Company's products based on allegations of infringement of the '446 Patent, and the '546 Patent.

16.      On June 30, 2025, Defendant filed counterclaims in this lawsuit alleging patent infringement by iBeauty Limited Company of the'576 Patent, the '446 Patent, and the '546 Patent.

17.      Plaintiff Dongguan Xianghuo Trading Co., Ltd. sells storage bins on Amazon.com under the storefront "XIANGHUO." The models of the storage bins

THIRD AMENDED COMPLAINT AND JURY DEMAND                    CASE NO. 2:24-CV-10694-MWC-JC

sold by Dongguan Xianghuo Trading Co., Ltd. at issue are 1579-4 pack, 1579-3 pack, 1579-4 pack-large size, 1579-3 pack-large size, 1916, 1585 and 9012. These products are identified by ASINs, including but not limited to B0CHRP96MS, B0CC5YKT2T, B0DFC3N33Y, B0CFQG78HJ, B0CGZP8NMX, B0D6QRMDQ6, B0DGXMZGKK, B0DB5Q9H34, B0D8VZX9SD, B0CDWNWC1R, B0DRVSRTDV, B0F6N56J3Z, and B0F2MMFQZL.

18.   On or about December 6 and December 12, 2024, Dongguan Xianghuo Trading Co., Ltd. received a notification from Amazon. This notice informed Dongguan Xianghuo Trading Co., Ltd. that Amazon removed its listings of the above ASINs, because of the alleged infringement of the '576 Patent.

19.   On or about May of 2025, Defendant sent additional takedown requests to Amazon for Dongguan Xianghuo Trading Co., Ltd.'s products based on allegations of infringement of the '446 Patent, and the '546 Patent.

20.   On June 30, 2025, Defendant filed counterclaims in this lawsuit alleging patent infringement by Dongguan Xianghuo Trading Co., Ltd. of the '576 Patent, the '446 Patent, and the '546 Patent.

21.   Plaintiff Dongguan Laiyang Trading Co., Ltd. sells storage bins on Amazon.com under the storefront "LYUSDD." The models of the storage bins sold by Dongguan Laiyang Trading Co., Ltd. at issue are 1916, 1985 and 1578. These products are identified by ASINs, including but not limited to B0BQ3H7PT8,

THIRD AMENDED COMPLAINT AND JURY DEMAND          CASE NO. 2:24-CV-10694-MWC-JC

B0D93CZZRD,        B0D1QP7RP1,        B0D1QJTN8Q,        B0D1QK93WH

B0D1QKNNRV, and B0DSZWS244.

22.    On or about November 27, 2024, Dongguan Laiyang Trading Co.,

Ltd. received a notification from Amazon. This notice informed Dongguan Laiyang

Trading Co., Ltd. that Amazon removed its listings of the above ASINs, because

of the alleged infringement of the '576 Patent.

23.    On or about May of 2025, Defendant sent additional takedown

requests to Amazon for Dongguan Laiyang Trading Co., Ltd.'s products based on

allegations of infringement of the '446 Patent, and the '546 Patent.

24.    On June 30, 2025, Defendant filed counterclaims in this lawsuit

alleging patent infringement by Dongguan Laiyang Trading Co., Ltd. of the'576

Patent, the '446 Patent, and the '546 Patent.

25.    Plaintiff Guangzhou Linyu Trading Co., Ltd. sells storage bins on

Amazon.com com under the storefront "LINYU-US." The models of the storage

bins sold by Guangzhou Linyu Trading Co., Ltd. at issue are 1916 and 1985. These

products are identified by ASINs, including but not limited to B0CGZNGC36 and

B0D7HJLRXM.

26.    On or about December 9, 2024, Guangzhou Linyu Trading Co., Ltd.

received a notification from Amazon. This notice informed Guangzhou Linyu

THIRD AMENDED COMPLAINT AND JURY DEMAND            CASE NO. 2:24-CV-10694-MWC-JC

Trading Co., Ltd. that Amazon removed its listings of the above ASINs, because of the alleged infringement of the '576 Patent.

27.    On or about May of 2025, Defendant sent additional takedown requests to Amazon for Guangzhou Linyu Trading Co., Ltd.'s products based on allegations of infringement of the '446 Patent, and the '546 Patent.

28.    On June 30, 2025, Defendant filed counterclaims in this lawsuit alleging patent infringement by Guangzhou Linyu Trading Co., Ltd. of the '576 Patent, the '446 Patent, and the '546 Patent.

29.    Plaintiff Guangzhou Lincan Electronic Technology Co., Ltd. sells storage bins on Amazon.com com under the storefront "jolyhome." The models of the storage bins sold by Guangzhou Lincan Electronic Technology Co., Ltd. at issue are 1916 and 1585. These products are identified by ASINs, including but not limited to B0BQ3H7PT8 and B0D93CZZRD.

30.    On or about November 27, 2024, Guangzhou Lincan Electronic Technology Co., Ltd. received a notification from Amazon. This notice informed Guangzhou Lincan Electronic Technology Co., Ltd. that Amazon removed its listings of the above ASINs, because of the alleged infringement of the '576 Patent.

31.    On or about May of 2025, Defendant sent additional takedown requests to Amazon for Guangzhou Lincan Electronic Technology Co., Ltd.'s

THIRD AMENDED COMPLAINT AND JURY DEMAND          CASE NO. 2:24-CV-10694-MWC-JC

products based on allegations of infringement of the '446 Patent, and the '546 Patent.

32.     On June 30, 2025, Defendant filed counterclaims in this lawsuit alleging patent infringement by Guangzhou Lincan Electronic Technology Co., Ltd. of the '576 Patent, the '446 Patent, and the '546 Patent.

33.     Plaintiff Guangzhou Senran Electronic Technology Co., Ltd. sells storage bins on Amazon.com com under the storefront "senran-US." The models of the storage bins sold by Guangzhou Senran Electronic Technology Co., Ltd. at issue are 1916 and 1585. These products are identified by ASINs, including but not limited to B0CGZNGC36 and B0D7HJLRXM.

34.     On or about December 9, 2024, Guangzhou Senran Electronic Technology Co., Ltd. received a notification from Amazon. This notice informed Guangzhou Senran Electronic Technology Co., Ltd. that Amazon removed its listings of the above ASINs, because of the alleged infringement of the '576 Patent.

35.     On or about May of 2025, Defendant sent additional takedown requests to Amazon for Guangzhou Senran Electronic Technology Co., Ltd.'s products based on allegations of infringement of the '446 Patent, and the '546 Patent.

THIRD AMENDED COMPLAINT AND JURY DEMAND                    CASE NO. 2:24-CV-10694-MWC-JC

36.    On June 30, 2025, Defendant filed counterclaims in this lawsuit alleging patent infringement by Guangzhou Senran Electronic Technology Co., Ltd. of the'576 Patent, the '446 Patent, and the '546 Patent.

37.    The Amazon marketplace constitutes Plaintiffs' primary sales channel into the United States. To remain competitive in the United States market for storage bins, Plaintiffs need those Non-Infringing Products listed in the Amazon marketplace. Amazon has removed Plaintiffs' Non-Infringing Products from the marketplace, preventing Plaintiffs from accessing their largest channel of trade because of Defendant's alleged infringement complaints to Amazon. Thus, Defendant's repeated submissions of Amazon infringement complaints have caused immediate and substantial harm to Plaintiffs.

**B.    U.S. Patent NO. 12,103,576.**

38.    The '576 Patent lists Dbest Products, Inc. as the applicant and assignee. See Exhibit 1, the '576 Patent, cover page.

39.    The '576 Patent, titled "Stackable Collapsible Carts," describes its purported invention as an enhanced "collapsible cart designed to transition from a closed, folded condition to an open, expanded condition for use."

40.    Claims 1, 11 and 15 are the only independent claims of the '576 Patent.

///

THIRD AMENDED COMPLAINT AND JURY DEMAND                CASE NO. 2:24-CV-10694-MWC-JC

41.    Claim 1 requires:

a first track formed along the first right panel and the second right panel extending from a first position on the first right panel to a second position on the second right panel; and

a first slideable member cooperatively engaged to the first track, the first slideable member is movable along the first track between an open position to a closed position to selectively lock the first right panel to the second right panel, wherein the first slideable member is in the open position when disposed along the first track adjacent the first position of the first track while not disposed along the second right panel and is in the closed position when disposed along the first track adjacent the second position of the first track while being disposed across both the first right panel and second right panel.

*See* Exhibit 1 at 11:52-67.

42.    Claim 11 requires:

the right sidewall comprising a first right panel rotatably coupled to a second right panel, the right sidewall further comprising a third right panel, wherein the second right panel and the third right panel conform in shape to collectively cover the opening in the first right panel and, the second right panel comprises a ribbed wall with a plurality of ribs; and

11

a first lock assembly integrated with the first right panel and the second right panel, the first lock assembly having a first condition for locking the first right panel to the second right panel, and a second condition for unlocking the first right panel from the second right panel.

*See* Exhibit 1 at 12:63-13:9.

43.   Claim 15 requires:

the rigid top cover has an indentation pattern being at least substantially aligned with the vertical axis of the wheel assembly, the indentation pattern configured to receive a wheel assembly from another identical collapsible cart when stacked vertically.

*See* Exhibit 1 at 14:12-16.

44.   The application for the '576 Patent (Application No. 18/542,495) was filed on December 15, 2023.

45.   According to the prosecution history, the '576 Patent (Application No. 18/542,495) is designated as a continuation of parent application No. 18/161,677, which was filed on January 30, 2023.

46.   The prosecution history of the '576 Patent reveals that its specification introduced new matter, specifically the "third right panel," which is absent from all prior parent applications or patents.

47.    The '576 Patent is a continuation-in-part, rather than a continuation, of the parent application No. 18/161,677, as misrepresented by Defendant before the USPTO. Defendant knew, or should have known, that a continuation-in-part application adds new matter relative to its parent application and, therefore, is not entitled to the priority date of the parent. By designating the '576 Patent as a continuation, Defendant either knowingly or recklessly disregarded this distinction.

48.    The earliest effective filing date of the '576 Patent, at least for Claim 11, is December 15, 2023, rather than January 6, 2020, as misrepresented by Defendant before the USPTO. Defendant knew, or should have known, that the added matter in the continuation-in-part application rendered the earlier filing date inapplicable. Nevertheless, Defendant misrepresented the effective filing date to the USPTO with the intent to secure unwarranted rights under the '576 Patent.

49.    Such misrepresentations constitute a violation of Defendant's duty of disclosure and candor to the USPTO. By failing to disclose the true nature of the application and its priority date, Defendant engaged in conduct that was both material to the patent's allowance and intended to deceive the USPTO. Alternatively, this conduct represents egregious misconduct recognized as inequitable conduct under *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276 (Fed. Cir. 2011) (en banc).

THIRD AMENDED COMPLAINT AND JURY DEMAND        CASE NO. 2:24-CV-10694-MWC-JC

50.    By attempting to introduce the new matter in Claim 11, Defendant was trying to combine substantially different products into a single patent.

51.    Figures 1-29 of the '576 Patent display an entirely different product than that of Figures 30-43.

52.    Figures 1-29 appear to display Defendant's "Quik Cart Pro" product.

53.    Figures 30-43 appear to display Defendant's "Quik Box" product.

54.    The '576 Patent is associated with the "Quik Box" product on Defendant's own website, but is not listed in association with the "Quik Cart Elite / Pro" products.

55.    In marketing Defendant's product on its own website, Defendant likes to reference its products as seen on the "Shark Tank" television show.

56.    In marketing the "Quik Box" product on its own website, Defendant includes a photoshopped image attempting to incorporate the "Quik Box" product into an image taken from the "Shark Tank" television show despite the "Quik Box" product never being on the show.

57.    Defendant's website previously did not associate any utility patents with Defendant's original "Quik Cart" product, only citing to an expired design patent.

THIRD AMENDED COMPLAINT AND JURY DEMAND          CASE NO. 2:24-CV-10694-MWC-JC

58.     After Plaintiffs filed the prior Second Amended Complaint in this action, Defendant attempted to identify the '446 Patent and the '546 Patent as being attributed to the original "Quik Cart" product.

59.     Defendant's "Quik Cart" trademark (Registration No. 2797558) claims a first use in commerce date of August 15, 2002.

60.     Defendant's December 23, 2009 specimen for Defendant's "Quik Cart" trademark identifies the original "Quik Cart" product.

61.     Defendant's original "Quik Cart" product was publicly available for decades prior to Defendant's attempt to associate the '446 Patent and the '546 Patent with the original "Quik Cart" product on Defendant's website.

62.     None of the identified patents on Defendant's website for the "Quik Cart Elite / Pro" products identify a utility patent with a priority date earlier than the January 6, 2020 provisional application.

63.     The "Quik Cart" product has been publicly displayed well beyond a year prior to the earliest priority date of the '576 Patent, the '446 Patent, the '546 Patent, or any of the patents associated with the "Quik Cart Elite / Pro" products.

64.     The "Quik Cart" product discloses the vast majority of Claim 1 of the '576 Patent, with the exception of the slideable member that can selectively lock the first and second panels.

THIRD AMENDED COMPLAINT AND JURY DEMAND                    CASE NO. 2:24-CV-10694-MWC-JC

65.     Prior art for stackable collapsible carts that were publicly displayed at least as early as November of 2019 had already disclosed a slideable member that can selectively lock the first and second panels.

66.     The November 2019 prior art is prior to even the earliest priority date Defendant can assert of January 6, 2020.

67.     For Defendant's "Quik Box" product as displayed in Claim 11, there are multiple prior arts at least as early as January of 2023 and July of 2022 that are prior to any priority date Defendant can claim for Claim 11.

68.     These prior arts were not disclosed to the USPTO during the examination of the '576 Patent and were not previously considered by the USPTO when issuing the '576 Patent.

**C.     U.S. Patent NO. 12,275,446.**

69.     The '446 Patent lists Richard Elden as the applicant and Dbest Products, Inc. as the assignee. See Exhibit 2, the '446 Patent, cover page.

70.     The '446 Patent, titled "High Load Capacity Collapsible Carts," claims, in part, to be a continuation of the same application No. 18/161,677 and a continuation-in-part of the same application No. 17/712,032 as disclosed in the '576 Patent.

71.     The '446 Patent also identifies the same provisional application Nos. 62/995,375 and 62/974,956 as the '576 Patent.

THIRD AMENDED COMPLAINT AND JURY DEMAND          CASE NO. 2:24-CV-10694-MWC-JC

72.    All of the Figures within the '446 Patent (FIG. 1-18) are identical to FIG. 1-18 in the '576 Patent.

73.    The '446 Patent does not disclose the '576 Patent or application No. 18/542,495 as a related application or as a cited reference to the '446 Patent.

74.    The '576 Patent also does not disclose the '446 Patent or application No. 18/460,131 as a related application or as a cited reference to the '576 Patent.

75.    Defendant's claim charts attached to Defendant's counterclaims only identify infringement allegations relating to Claim 22.

76.    Claim 22 requires, in part:

a first fastener configured to selectively secure the first panel and the second panel in the open condition, the first fastener operable between a first state for securing the first panel and the second panel along a first plane in the open condition, and a second state for releasing the first panel and the second panel from the first plane; and

wherein the first fastener is integrated with the first right panel and the second right panel in both the closed condition and in the open condition. *See* Exhibit 2 at 10:7-16.

77.    The application for the '446 Patent (Application No. 18/460,131) was filed on September 1, 2023.

THIRD AMENDED COMPLAINT AND JURY DEMAND          CASE NO. 2:24-CV-10694-MWC-JC

78.    The '446 Patent attempts to cover identical products as the '576 Patent and the '546 Patent as they are all now designated by Defendant as covering the "Quik Box".

79.    The earliest effective filing date of the '446 Patent is September 1, 2023, rather than January 6, 2020, as misrepresented by Defendant before the USPTO.

80.    Figures 1-18 appear to display Defendant's "Quik Cart Pro" product.

**D.    U.S. Patent NO. 12,304,546.**

81.    The '546 Patent lists Dbest Products, Inc. as the applicant and assignee. See Exhibit 3, the '546 Patent, cover page.

82.    The '546 Patent, titled "Collapsible Carts," claims, in part, to be a continuation of the same application No. 18/161,677 and a continuation-in-part of the same application No. 17/712,032 as disclosed in the '446 Patent and the '576 Patent.

83.    The '446 Patent also identifies the same provisional application Nos. 62/995,375 and 62/974,956 as the '446 Patent and the '576 Patent.

84.    All of the Figures within the '546 Patent (FIG. 1-63) are identical to FIG. 1-63 in the '576 Patent, including the identical FIG. 1-18 also within the '446 Patent.

THIRD AMENDED COMPLAINT AND JURY DEMAND          CASE NO. 2:24-CV-10694-MWC-JC

85.    The '546 Patent claims to be a continuation of application No. 18/542,495 (now the '576 Patent), but does not disclose the '446 Patent or application No. 18/460,131 as a related application or as a cited reference.

86.    Defendant's claim charts attached to Defendant's counterclaims only identify infringement allegations relating to Claim 9.

87.    Claim 9 requires, in part:

88.    a first fastener configured to selectively secure the first panel and the second panel in a substantially coplanar alignment, the fastener comprising:

a first fastener member integrally disposed on an edge of the first panel when the collapsible cart is in the closed condition and the open condition; and

a second fastener member integrally disposed on an edge of the second panel when the collapsible cart is in the closed condition and the open condition;

wherein the first fastener member and the second fastener member are configured to mate with one another to hold the first panel and the second panel in the substantially coplanar alignment; and wherein , when the first fastener and the second fastener member are disengaged, the second panel is capable of rotating relative to the first panel.

*See* Exhibit 3 at 14:15-30.

THIRD AMENDED COMPLAINT AND JURY DEMAND         CASE NO. 2:24-CV-10694-MWC-JC

89.    The application for the '546 Patent (Application No. 19/032,431) was filed on January 20, 2025.

90.    The '546 Patent attempts to cover identical products as the '576 Patent and the '446 Patent as they are all now designated by Defendant as covering the "Quik Box".

91.    The '546 Patent and the '446 Patent are also covering both the "Quik Cart" and "Quik Cart Pro" as now designated by Defendant's own website.

92.    The earliest effective filing date of the '546 Patent is January 20, 2025, rather than January 6, 2020, as misrepresented by Defendant before the USPTO.

## COUNT I

## Declaratory Judgment of Non-Infringement- the '576 Patent

93.    Plaintiffs repeat and reallege each of the preceding paragraphs as if they are restated here and incorporate them by reference.

94.    The manufacture, use, offer for sale, sale, and/or import of Plaintiffs' storage bins, including without limitation the Non-Infringing Products, have not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '576 Patent.

95.    Plaintiffs' Non-Infringing Products do not meet all limitations of claim 1, at least because they lack the "a first track" limitation.

THIRD AMENDED COMPLAINT AND JURY DEMAND              CASE NO. 2:24-CV-10694-MWC-JC

96.    Plaintiffs' Non-Infringing Products do not meet all limitations of claim 11, at least because they lack the "the right sidewall comprising a third right panel" and/or "first lock assembly" limitation.

97.    Plaintiffs' Non-Infringing Products do not meet all limitations of claim 15, at least because they lack the limitation that "the rigid top cover has an indentation pattern being at least substantially aligned with the vertical axis of the wheel assembly."

98.    An actual and justiciable case or controversy therefore exists between Plaintiffs and Defendant regarding whether the Non-Infringing Products have infringed the claims of the '576 Patent. Declaratory relief is thus appropriate and necessary to establish that the making, using, importation, sale, or offer of sale of the Non-Infringing Products do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '576 Patent. Plaintiffs are entitled to a judgment declaring that they have not infringed and will not infringe any claim of the '576 Patent.

99.    Plaintiffs are entitled under 28 U.S.C. § 2202 to further necessary and proper relief, including but not limited to monetary compensation for damages sustained in an amount to be proven at trial.

100.    Plaintiffs are further entitled under 28 U.S.C. § 2202 to an injunction against Defendant preventing Defendant from further attempts to remove the Non-

THIRD AMENDED COMPLAINT AND JURY DEMAND                    CASE NO. 2:24-CV-10694-MWC-JC

Infringing Products from Amazon or otherwise block the importation, sale, or offer of sale of the Non-Infringing Products.

## COUNT II

## Declaratory Judgment of Non-Infringement- the '446 Patent

101.    Plaintiffs repeat and reallege each of the preceding paragraphs as if they are restated here and incorporate them by reference.

102.    The manufacture, use, offer for sale, sale, and/or import of Plaintiffs' storage bins, including without limitation the Non-Infringing Products, have not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '446 Patent.

103.    Plaintiffs' Non-Infringing Products do not meet all limitations of Claim 22, at least because they lack the "first fastener" limitation.

104.    Plaintiffs' Non-Infringing Products do not meet all limitations of Claim 22, at least because they lack the "selectively secure" limitation.

105.    Plaintiffs' Non-Infringing Products do not meet all limitations of Claim 22, at least because they lack the "first state" and "second state" within a "first plane" limitation.

106.    An actual and justiciable case or controversy therefore exists between Plaintiffs and Defendant regarding whether the Non-Infringing Products have infringed the claims of the '446 Patent. Declaratory relief is thus appropriate and

necessary to establish that the making, using, importation, sale, or offer of sale of the Non-Infringing Products do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '446 Patent. Plaintiffs are entitled to a judgment declaring that they have not infringed and will not infringe any claim of the '446 Patent.

107.   Plaintiffs are entitled under 28 U.S.C. § 2202 to further necessary and proper relief, including but not limited to monetary compensation for damages sustained in an amount to be proven at trial.

108.   Plaintiffs are further entitled under 28 U.S.C. § 2202 to an injunction against Defendant preventing Defendant from further attempts to remove the Non-Infringing Products from Amazon or otherwise block the importation, sale, or offer of sale of the Non-Infringing Products.

## COUNT III

### Declaratory Judgment of Non-Infringement- the '546 Patent

109.   Plaintiffs repeat and reallege each of the preceding paragraphs as if they are restated here and incorporate them by reference.

110.   The manufacture, use, offer for sale, sale, and/or import of Plaintiffs' storage bins, including without limitation the Non-Infringing Products, have not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '546 Patent.

111.   Plaintiffs' Non-Infringing Products do not meet all limitations of Claim 9, at least because they lack the "fasteners" limitation as defined within the specifications of the '546 Patent.

112.   Plaintiffs' Non-Infringing Products do not meet all limitations of Claim 9, at least because they lack the "integrally disposed on an edge" limitation.

113.   Plaintiffs' Non-Infringing Products do not meet all limitations of Claim 9, at least because they lack the "first fastener member and second fastener member are configured to mate with one another" limitation.

114.   An actual and justiciable case or controversy therefore exists between Plaintiffs and Defendant regarding whether the Non-Infringing Products have infringed the claims of the '546 Patent. Declaratory relief is thus appropriate and necessary to establish that the making, using, importation, sale, or offer of sale of the Non-Infringing Products do not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid and enforceable claim of the '546 Patent. Plaintiffs are entitled to a judgment declaring that they have not infringed and will not infringe any claim of the '546 Patent.

115.   Plaintiffs are entitled under 28 U.S.C. § 2202 to further necessary and proper relief, including but not limited to monetary compensation for damages sustained in an amount to be proven at trial.

THIRD AMENDED COMPLAINT AND JURY DEMAND          CASE NO. 2:24-CV-10694-MWC-JC

116.   Plaintiffs are further entitled under 28 U.S.C. § 2202 to an injunction against Defendant preventing Defendant from further attempts to remove the Non-Infringing Products from Amazon or otherwise block the importation, sale, or offer of sale of the Non-Infringing Products.

## COUNT IV

## Declaratory Judgment of Invalidity - the '576 Patent

117.   Plaintiffs repeat and reallege each of the preceding paragraphs as if they are restated here and incorporate them by reference.

118.   The earliest priority date Defendant can assert for Claim 1 is January 6, 2020.

119.   Defendant's own original "Quik Cart" previously disclosed the majority of the elements of Claim 1 other than the slideable lock.

120.   Prior art publicly displayed at least as early as November of 2019 disclosed a slideable lock for collapsable stackable carts.

121.   Had the USPTO reviewed the existence of all of the prior art, it would not have issued the '576 Patent.

122.   The '576 Patent should be invalidated due to the existence of prior art that publicly disclosed all of the elements of Claim 1 prior to the earliest priority date Defendant can assert.

THIRD AMENDED COMPLAINT AND JURY DEMAND          CASE NO. 2:24-CV-10694-MWC-JC

123.    The earliest priority date Defendant can assert for Claim 11 is December 15, 2023.

124.    Third party prior art publicly displayed at least as early as January of 2023 and July of 2022 disclosed all of the elements of Claim 11.

125.    Plaintiff Dongguan Xianghuo Trading Co., Ltd. sells storage bins on Amazon.com under the storefront "XIANGHUO" using the ASIN B0CGZP8NMX, which was first available on or about February 10, 2021.

126.    Plaintiff iBeauty Limited Company sells storage bins on Amazon.com under the storefront "IBEAUTY LIMITED COMPANY" using the ASIN B0B67PCFLQ, which was first available on or about August 24, 2022.

127.    Plaintiff Dongguan Laiyang Trading Co., Ltd. sells storage bins on Amazon.com under the storefront "LYUSDD" using the ASIN B0BQ3H7PT8, which was first available on or about December 28, 2022.

128.    Plaintiff Guangzhou Lincan Electronic Technology Co., Ltd. sells storage bins on Amazon.com under the storefront "jolyhome" also using the ASIN B0BQ3H7PT8.

129.    Plaintiffs have multiple products that have been publicly displayed and available that are prior to any priority date Defendant can assert for Claim 11.

130.   The '576 Patent should be invalidated due to the existence of prior art that publicly disclosed all of the elements of Claim 11 prior to the earliest priority date Defendant can assert.

## COUNT V

## Declaratory Judgment of Invalidity - the '446 Patent

131.   Plaintiffs repeat and reallege each of the preceding paragraphs as if they are restated here and incorporate them by reference.

132.   The earliest priority date Defendant can assert for the '446 Patent is September 1, 2023.

133.   Prior art publicly displayed well over a year prior to the '446 Patent's earliest priority date, including but not limited to Defendant's own "Quick Cart" to which Defendant claims is covered by the '446 Patent, would invalidate the '446 Patent.

134.   Plaintiff Dongguan Xianghuo Trading Co., Ltd. sells storage bins on Amazon.com under the storefront "XIANGHUO" using the ASIN B0CGZP8NMX, which was first available on or about February 10, 2021.

135.   Plaintiff iBeauty Limited Company sells storage bins on Amazon.com under the storefront "IBEAUTY LIMITED COMPANY" using the ASIN B0B67PCFLQ, which was first available on or about August 24, 2022.

136.   Plaintiff Dongguan Laiyang Trading Co., Ltd. sells storage bins on Amazon.com under the storefront "LYUSDD" using the ASIN B0BQ3H7PT8, which was first available on or about December 28, 2022.

137.   Plaintiff Guangzhou Lincan Electronic Technology Co., Ltd. sells storage bins on Amazon.com under the storefront "jolyhome" also using the ASIN B0BQ3H7PT8.

138.   Plaintiffs have multiple products that have been publicly displayed and available that are prior to any priority date Defendant can assert for the '446 Patent.

139.   Had the USPTO reviewed the existence of all of the prior art, it would not have issued the '446 Patent.

140.   The '446 Patent should be invalidated due to the existence of prior art that publicly disclosed all of the elements of the '446 prior to the earliest priority date Defendant can assert.

## COUNT VI

## Declaratory Judgment of Invalidity - the '546 Patent

141.   Plaintiffs repeat and reallege each of the preceding paragraphs as if they are restated here and incorporate them by reference.

142.   The earliest priority date Defendant can assert for the '546 Patent is January 20, 2025.

THIRD AMENDED COMPLAINT AND JURY DEMAND                    CASE NO. 2:24-CV-10694-MWC-JC

143.   Prior art publicly displayed well over a year prior to the '546 Patent's earliest priority date, including but not limited to Defendant's own "Quick Cart" to which Defendant claims is covered by the '546 Patent, would invalidate the '546 Patent.

144.   Plaintiff Dongguan Xianghuo Trading Co., Ltd. sells storage bins on Amazon.com under the storefront "XIANGHUO" using the ASIN B0CGZP8NMX, which was first available on or about February 10, 2021.

145.   Plaintiff iBeauty Limited Company sells storage bins on Amazon.com under the storefront "IBEAUTY LIMITED COMPANY" using the ASIN B0B67PCFLQ, which was first available on or about August 24, 2022.

146.   Plaintiff Dongguan Laiyang Trading Co., Ltd. sells storage bins on Amazon.com under the storefront "LYUSDD" using the ASIN B0BQ3H7PT8, which was first available on or about December 28, 2022.

147.   Plaintiff Guangzhou Lincan Electronic Technology Co., Ltd. sells storage bins on Amazon.com under the storefront "jolyhome" also using the ASIN B0BQ3H7PT8.

148.   Plaintiffs have multiple products that have been publicly displayed and available that are prior to any priority date Defendant can assert for the '546 Patent.

THIRD AMENDED COMPLAINT AND JURY DEMAND                CASE NO. 2:24-CV-10694-MWC-JC

149.    Had the USPTO reviewed the existence of all of the prior art, it would not have issued the '546 Patent.

150.    The '546 Patent should be invalidated due to the existence of prior art that publicly disclosed all of the elements of the '546 prior to the earliest priority date Defendant can assert.

## COUNT VII

## Declaratory Judgment of Invalidity for Inequitable Conduct - the '576 Patent

151.    Plaintiffs repeat and reallege each of the preceding paragraphs as if they are restated here and incorporate them by reference.

152.    As an applicant seeking registration with the USPTO for the '576 Patent, Defendant was under an affirmative obligation to disclose all known prior art references and information that would be material to the prosecution of the application that matured into the '576 Patent.

153.    Defendant knew, or should have known, that the added matter rendered the earlier filing date inapplicable, but Defendant misrepresented the effective filing date to the USPTO with the intent to secure unwarranted rights under the '576 Patent.

154.    Defendant intended to try to obtain rights that would appear to have a priority date of January 6, 2020 despite not having allegedly created the new product until much later, as evidenced by the new matter.

155.   The distinction between the priority dates is substantially relevant given the prior art that was already publicly available prior to Defendant's attempt to incorporate additional matter into a prior application as a mere continuation.

156.   Defendant knew that applying for a separate patent for the separate product would have resulted in a refusal due to the publicly available prior art.

157.   Such misrepresentations constitute a violation of Defendant's duty of disclosure and candor to the USPTO. By failing to disclose the true nature of the application and its priority date, Defendant engaged in conduct that was both material to the patent's allowance and intended to deceive the USPTO.

158.   On information and belief, Defendant photoshopping its "Quik Box" product into an image from the "Shark Tank" television appearance is a further calculated attempt by Defendant to make its later "Quik Box" product appear to have earlier origins than it actually has, thus further evidencing the intent to deceive the USPTO.

159.   Defendant's conduct during prosecution of the application that matured into the '576 Patent constitutes inequitable conduct before the USPTO and the '576 Patent should be invalidated as a result of the inequitable conduct.

## COUNT VIII

## **Declaratory Judgment of Invalidity for Inequitable Conduct – the '446 Patent**

160.   Plaintiffs repeat and reallege each of the preceding paragraphs as if they are restated here and incorporate them by reference.

161.   As an applicant seeking registration with the USPTO for the '446 Patent, Defendant was under an affirmative obligation to disclose all known prior art references and information that would be material to the prosecution of the application that matured into the '446 Patent.

162.   Defendant knew, or should have known, that added matter rendered the earlier filing date inapplicable, but Defendant misrepresented the effective filing date to the USPTO with the intent to secure unwarranted rights under the '446 Patent.

163.   Defendant intentionally withheld the association of the '446 Patent with the '576 Patent that covers the same products.

164.   Defendant intended to try to obtain rights that would appear to have a priority date of January 6, 2020 despite not having allegedly created the new product until much later, as evidenced by the new matter.

165.   The distinction between the priority dates is substantially relevant given the prior art that was already publicly available prior to Defendant's attempt to incorporate additional matter into a prior application as a mere continuation.

166.   Defendant knew that applying for a separate patent for the added matter as a separate product would have resulted in a refusal due to the publicly available prior art.

167.   Such misrepresentations constitute a violation of Defendant's duty of disclosure and candor to the USPTO. By failing to disclose the true nature of the application and its priority date, Defendant engaged in conduct that was both material to the patent's allowance and intended to deceive the USPTO.

168.   Defendant's conduct during prosecution of the application that matured into the '446 Patent constitutes inequitable conduct before the USPTO and the '446 Patent should be invalidated as a result of the inequitable conduct.

## COUNT IX

## Declaratory Judgment of Invalidity for Inequitable Conduct - the '546 Patent

169.   Plaintiffs repeat and reallege each of the preceding paragraphs as if they are restated here and incorporate them by reference.

170.   As an applicant seeking registration with the USPTO for the '546 Patent, Defendant was under an affirmative obligation to disclose all known prior art references and information that would be material to the prosecution of the application that matured into the '546 Patent.

171.   Defendant knew, or should have known, that the added matter rendered the earlier filing date inapplicable, but Defendant misrepresented the

THIRD AMENDED COMPLAINT AND JURY DEMAND          CASE NO. 2:24-CV-10694-MWC-JC

effective filing date to the USPTO with the intent to secure unwarranted rights under the '546 Patent.

172.   Defendant intentionally withheld the association of the '546 Patent with the '446 Patent that covers the same products.

173.   Defendant intended to try to obtain rights that would appear to have a priority date of January 6, 2020 despite not having allegedly created the new product until much later, as evidenced by the new matter.

174.   The distinction between the priority dates is substantially relevant given the prior art that was already publicly available prior to Defendant's attempt to incorporate additional matter into a prior application as a mere continuation.

175.   Defendant knew that applying for a separate patent for the separate product would have resulted in a refusal due to the publicly available prior art.

176.   Such misrepresentations constitute a violation of Defendant's duty of disclosure and candor to the USPTO. By failing to disclose the true nature of the application and its priority date, Defendant engaged in conduct that was both material to the patent's allowance and intended to deceive the USPTO.

177.   Defendant's conduct during prosecution of the application that matured into the '546 Patent constitutes inequitable conduct before the USPTO and the '546 Patent should be invalidated as a result of the inequitable conduct.

**PRAYER FOR RELIEF**

THIRD AMENDED COMPLAINT AND JURY DEMAND          CASE NO. 2:24-CV-10694-MWC-JC

WHEREFORE, Plaintiffs pray for the following relief:

A.   A judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of Plaintiffs' products have not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '576 Patent;

B.   A judgment declaring that the '576 Patent is invalid;

C.   A permanent injunction enjoining Defendant from asserting the '576 Patent against Plaintiffs' Non-Infringing Products;

D.   A judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of Plaintiffs' products have not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '446 Patent;

E.   A judgment declaring that the '446 Patent is invalid;

F.   A permanent injunction enjoining Defendant from asserting the '446 Patent against Plaintiffs' Non-Infringing Products;

G.   A judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of Plaintiffs' products have not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '546 Patent;

H.   A judgment declaring that the '546 Patent is invalid;

THIRD AMENDED COMPLAINT AND JURY DEMAND                CASE NO. 2:24-CV-10694-MWC-JC

I.      A permanent injunction enjoining Defendant from asserting the '546

        Patent against Plaintiffs' Non-Infringing Products;

J.      An award of monetary damages sufficient to compensate Plaintiffs for

        the harm sustained;

K.      An order awarding Plaintiffs' costs and reasonable attorney's fees as

        permitted by law; and

L.      Such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury on all claims and issues so triable.

Dated: July 18, 2025                    Respectfully submitted,

                                        **Bayramoglu Law Offices LLC**

                                        By: */s/ David Silver*
                                        David Silver
                                        (California Bar No. 312445)
                                        1540 West Warm Springs Road, Ste. 100
                                        Henderson, NV 89014
                                        Tel: (702) 462-5973
                                        Fax: (702)553-3404
                                        david@bayramoglu-legal.com
                                        *Attorneys for Plaintiffs*

THIRD AMENDED COMPLAINT AND JURY DEMAND          CASE NO. 2:24-CV-10694-MWC-JC

## **CERTIFICATE OF SERVICE**

I, David Silver, hereby certify that on July 18, 2025, I electronically filed the foregoing with the Court using the CM/ECF system, and thereby delivered the foregoing by electronic means to all counsel of record.


By: */s/ David Silver*
David Silver

THIRD AMENDED COMPLAINT AND JURY DEMAND          CASE NO. 2:24-CV-10694-MWC-JC