Ehab M. Samuel (SBN 228296)
esamuel@orbitip.com
David A. Randall (SBN 156722)
dave@orbitip.com
**ORBIT IP, LLP**
620 Newport Center Drive, Suite 1100
Newport Beach, CA 92660
Tel.: (310) 887-1333
Fax: (310) 887-1334


Attorneys for Defendant and Counterclaimant,
DBEST PRODUCTS, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| iBeauty Limited Company, Dongguan Xianghuo Trading Co., Ltd., Dongguan Laiyang Trading Co., Ltd., Guangzhou Linyu Trading Co., Ltd., Guangzhou Lincan Electronic Technology Co., Ltd., and Guangzhou Senran Electronic Technology Co., Ltd., <br><br> Plaintiffs / Counterclaim Defendants, <br><br> v. <br><br> dbest products, Inc., <br><br> Defendant / Counterclaim Plaintiff, | Case No. 2:24-cv-10694-MWC-JC <br><br> Hon. Michelle Williams Court <br><br> **ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** |

Defendant and Counterclaim Plaintiff dbest products, Inc. ("dbest"), by and through undersigned counsel, hereby submits this answer, affirmative defenses and counterclaims to the Complaint filed by Plaintiffs and Counterclaim Defendants in the above-caption action. Any allegation in the Complaint not specifically admitted below is denied.

## NATURE OF THE ACTION

1.      dbest admits that the Plaintiffs seek declaratory judgments of patent invalidity and non-infringement under the Declaratory Judgment Act, and that the Third Amended Complaint attached copies of the '576 Patent, '446 Patent, and '546 Patent as Exhibits 1-3 respectively. dbest denies that "Plaintiffs' products are "Non-Infringing Products."

2.      dbest denies that Plaintiffs' products are "Non-Infringing Products." dbest admits the remaining allegations of paragraph 2.

## PARTIES

3.      dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 and on that basis denies them.

4.      dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 and on that basis denies them.

5.      dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 and on that basis denies them.

6.      dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 and on that basis denies them.

7.      dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 and on that basis denies them.

8.      dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 and on that basis denies them.

9.      dbest admits the allegations of paragraph 9.

**JURISDICTION AND VENUE**

10. dbest admits the allegations of paragraph 10.

11. dbest admits the allegations of paragraph 11.

12. dbest admits the allegations of paragraph 12.

**FACTUAL BACKGROUND**

13. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 and on that basis denies them.

14. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 and on that basis denies them.

15. dbest admits the allegations of paragraph 15.

16. dbest admits the allegations of paragraph 16.

17. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 and on that basis denies them.

18. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 and on that basis denies them.

19. dbest admits the allegations of paragraph 19.

20. dbest admits the allegations of paragraph 20.

21. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 and on that basis denies them.

22. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22, and on that basis denies them.

23. dbest admits the allegations of paragraph 23.

24. dbest admits the allegations of paragraph 24.

25. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 and on that basis denies them.

26. dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 and on that basis denies them.

27.    dbest admits the allegations of paragraph 27.

28.    dbest admits the allegations of paragraph 28.

29.    dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 and on that basis denies them.

30.    dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 and on that basis denies them.

31.    dbest admits the allegations of paragraph 31.

32.    dbest admits the allegations of paragraph 32.

33.    dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 and on that basis denies them.

34.    dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34, and on that basis denies them.

35.    dbest admits the allegations of paragraph 35.

36.    dbest admits the allegations of paragraph 36.

37.    dbest denies that "Plaintiffs' storage bin products" are "Non-Infringing Products." dbest lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 37 and on that basis denies them.

## U.S. PATENT NO. 12,103,576

38.    dbest admits the allegations of paragraph 38.

39.    dbest admits that the '576 Patent is entitled "STACKABLE COLLAPSIBLE CARTS" and that the Abstract states:

"collapsible cart configured to transition from a closed condition

where it may be folded up to an open condition where it may be

expanded for use, the collapsible cart including a rigid frame forming

a compartment, the rigid frame having a front wall, a rear wall, a right

sidewall, a left sidewall, and a bottom wall, the right sidewall and the

left sidewall may be configured to fold inwardly in the closed

3

condition. In some embodiments, the right sidewall including a first

right panel rotatably coupled to a second right panel."

dbest denies the remaining characterizations and allegations of paragraph 39.

40.    dbest admits the allegations of paragraph 40.

41.    Paragraph 41 contains a legal conclusion that need not be admitted or denied. dbest denies the remaining allegations of paragraph 41.

42.    Paragraph 42 contains a legal conclusion that need not be admitted or denied. dbest denies the remaining allegations of paragraph 42.

43.    Paragraph 43 contains a legal conclusion that need not be admitted or denied. dbest denies the remaining allegations of paragraph 43.

44.    dbest admits the allegations of paragraph 44.

45.    dbest admits the allegations of paragraph 45.

46.    dbest admits that the '576 Patent introduced new matter vis-à-vis application S.N. 18/161,677.  dbest denies the remaining allegations of paragraph 46.

47.    dbest admits that the '576 Patent is a continuation-in-part, as reflected in the docket number of the filed application. dbest denies the remaining allegations of paragraph 47.

48.    Paragraph 48 contains a legal conclusion that need not be admitted or denied. dbest denies the remaining allegations of paragraph 48.

49.    dbest denies the allegations of paragraph 49.

50.    dbest denies the allegations of paragraph 50.

51.    dbest admits that Figures 1-29 and Figures 30-43 of the '576 Patent are directed to embodiments of the disclosure. dbest denies the remaining characterizations and allegations of paragraph 51.

52.    dbest denies the allegations of paragraph 52 to the extent Plaintiffs argue that the asserted claims are limited to a particular embodiment disclosed in the specification or a particular product sold by dbest.  *See Liebel–Flarsheim Co. v.*

4

*Medrad, Inc.*, 358 F.3d 898, 913 (Fed.Cir.2004) ("[I]t is improper to read limitations from a preferred embodiment described in the specification—even if it is the only embodiment—into the claims absent a clear indication in the intrinsic record that the patentee intended the claims to be so limited.").

53.    dbest denies the allegations of paragraph 53 to the extent Plaintiffs argue that the asserted claims are limited to a particular embodiment disclosed in the specification or a particular product sold by dbest.  *See Liebel–Flarsheim Co. v. Medrad, Inc*., 358 F.3d 898, 913 (Fed.Cir.2004) ("[I]t is improper to read limitations from a preferred embodiment described in the specification—even if it is the only embodiment—into the claims absent a clear indication in the intrinsic record that the patentee intended the claims to be so limited.").

54.    Plaintiffs' allegations in paragraph 54 concerning a patent "associated" with a product is unintelligible, and on that basis, dbest denies the allegations of paragraph 54. To the extent Plaintiffs intended to refer to patent marking, dbest admits that it has complied with the patent marking statute, and specifically for the "Quik Box" product.

55.    dbest admits that the "Shark Tank" is referenced on its website.  dbest denies the remaining characterizations and allegations of paragraph 55.

56.    Paragraph 56 contains a legal conclusion that need not be admitted or denied. dbest denies the remaining allegations of paragraph 56.

57.    Plaintiffs' allegations in paragraph 57 concerning a patent "associated" with a "Quik Cart" product is unintelligible, and on that basis, dbest denies the allegations of paragraph 57. To the extent Plaintiffs intended to refer to patent marking, dbest admits that it has complied with the patent marking statute, and specifically for the "Quik Cart" product.

58.    dbest admits that, in an effort to comply with the patent marking requirements under 35 U.S.C. § 287, dbest updated its patent marking notice on its website upon the issuance of the '446 Patent and the '546 Patent. dbest further

5

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT
Case. No. 2:24-cv-10694-MWC-JC

admits that these patents were initially and inadvertently identified for the "Quik
Cart" product. This marking has since been corrected to remove the '446 Patent and
the '546 Patent from the "Quik Cart" product, while ensuring that they remain
properly identified for the "Quik Cart Elite/Pro" and the "Quik Box" products. dbest
denies the remaining allegations of paragraph 58.

59.    dbest admits the allegations of paragraph 59.

60.    dbest admits the allegations of paragraph 60.

61.    dbest admits that its original Quik Cart product was publicly available
before the '446 Patent and the '546 Patent. dbest incorporates by reference here its
response above to paragraph 58 and denies the remaining allegations of paragraph
61.

62.    dbest denies the allegations of paragraph 62. dbest's webpage
containing legal notice of its patents also identifies U.S. Patent No. 12,275,446 and
U.S. Patent No. 12,304,546—each with a priority date of January 6, 2020—for the
Quick Cart Elite / Pro product.

63.    Paragraph 63 contains a legal conclusion that need not be admitted or
denied. To the extent a response is required, dbest admits that the original Quik Cart
was publicly displayed more than a year before the earliest priority date of the '576
Patent, the '446 Patent, and the '546 Patent, but denies that that Quik Cart included
all the features of the Quik Cart Elite / Pro and/or Quik Box products.

64.    Paragraph 64 contains a legal conclusion that need not be admitted or
denied. dbest denies the remaining allegations of paragraph 64.

65.    dbest denies the allegations of paragraph 65.

66.    Plaintiffs' allegations are incomprehensible and do not specify what
they assert to be the "November 2019 prior art," and on that basis, dbest denies the
allegations of paragraph 66.

67.    Plaintiffs' allegations in paragraph 67 concerning "multiple prior arts at
least as early as" for the "'Quik Box' as displayed in Claim 11" are unintelligible in

6

1  that patent claims do not *display* products. Plaintiffs' allegations are also
2  incomprehensible and do not specify the prior art in their vague assertions of
3  "multiple prior arts" and "prior arts at least as early as."  On that basis, dbest denies
4  the allegations of paragraph 67.

5      68.    Plaintiffs' allegations in paragraph 68 are incomprehensible for the
6  same reasons advanced with respect to paragraphs 66 and 67. dbest denies the
7  allegations of paragraph 68.

8                    **U.S. PATENT NO. 12,275,446**

9      69.    dbest admits the allegations of paragraph 69.

10     70.    dbest admits that the '446 Patent's priority claim beginning at column
11 1, line 6 of the patent states: "This application is a continuation-in-part of U.S.
12 patent application Ser. No. 18/161,677, filed on Jan. 30, 2023, which is a
13 continuation-in-part of U.S. patent application Ser. No. 17/712,032, filed on Apr. 1,
14 2022." dbest denies the remaining characterizations and allegations of paragraph 70.

15     71.    dbest admits the allegations of paragraph 71.

16     72.    dbest admits the allegations of paragraph 72.

17     73.    dbest admits the allegations of paragraph 73.

18     74.    dbest admits the allegations of paragraph 74.

19     75.    dbest admits that the claim charts illustrating infringement of the '446
20 patent attached to its counterclaims filed herein on June 30, 2025 are based on
21 Claim 22 of that patent. The remaining infringement charts and disclosure of
22 asserted claims will be provided in accordance with the Court's Scheduling Order.

23     76.    Paragraph 76 contains a legal conclusion that need not be admitted or
24 denied. dbest denies the remaining allegations of paragraph 76.

25     77.    dbest admits the allegations of paragraph 77.

26     78.    Paragraph 78 contains a legal conclusion that need not be admitted or
27 denied.

28     79.    dbest denies the allegations of paragraph 79.                    **7**

80.    dbest denies the allegations of paragraph 80 to the extent Plaintiffs argue that the asserted claims are limited to a particular embodiment disclosed in the specification or a particular product sold by dbest.  *See Liebel–Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 913 (Fed.Cir.2004) ("[I]t is improper to read limitations from a preferred embodiment described in the specification—even if it is the only embodiment—into the claims absent a clear indication in the intrinsic record that the patentee intended the claims to be so limited.").

## U.S. PATENT NO. 12,304,546

81.    dbest admits the allegations of paragraph 81.

82.    dbest admits that the '546 Patent's priority claim beginning at column 1, line 5 of the patent states: "This application is a continuation-in-part of U.S. patent application Ser. No. 18/161,677, filed on Jan. 30, 2023, which is a continuation-in-part of U.S. patent application Ser. No. 17/712,032, filed on Apr. 1, 2022." dbest denies the remaining characterizations and allegations of paragraph 82.

83.    dbest admits the allegations of paragraph 83.

84.    dbest admits the allegations of paragraph 84.

85.    dbest denies that the '546 Patent claims to be a continuation of application No. 18/542,495 (now the '576 Patent).  dbest admits the remaining allegation of paragraph 85.

86.    dbest admits that the claim charts illustrating infringement of the '546 patent attached to its counterclaims filed herein on June 30, 2025 are based on Claim 9 of that patent. The remaining infringement charts and disclosure of asserted claims will be provided in accordance with the Court's Scheduling Order.

87.    dbest denies the allegation of claim 87 because it is an incomplete fragment completed by paragraph 88. Paragraph 87 also contains a legal conclusion that need not be admitted or denied.

88.    Paragraph 88 contains a legal conclusion that need not be admitted or denied. dbest denies the remaining allegations of paragraph 88.

**8**

89.    dbest admits the allegations of paragraph 89.

90.    Paragraph 90 contains a legal conclusion that need not be admitted or denied. dbest denies the remaining allegations of paragraph 90.

91.    Paragraph 91 contains a legal conclusion that need not be admitted or denied.

92.    dbest denies the allegations of paragraph 92.

## COUNT I

### Declaratory Judgment of Non-Infringement - the '576 Patent

93.    dbest incorporates by reference its responses above to the allegations in paragraphs 1-92 as if fully repeated in this paragraph.

94.    dbest denies the allegations of paragraph 94.

95.    dbest denies the allegations of paragraph 95.

96.    dbest denies the allegations of paragraph 96.

97.    dbest denies the allegations of paragraph 97.

98.    dbest admits that Plaintiffs purport to seek relief under the Declaratory Judgment Act but denies that Plaintiffs are entitled to the relief requested and denies each and every remaining allegation of paragraph 98.

99.    dbest denies the allegations of paragraph 99.

100.    dbest denies the allegations of paragraph 100.

## COUNT II

### Declaratory Judgment of Non-Infringement - the '446 Patent

101.    dbest incorporates by reference its responses above to the allegations in paragraphs 1-100 as if fully repeated in this paragraph.

102.    dbest denies the allegations of paragraph 102.

103.    dbest denies the allegations of paragraph 103.

104.    dbest denies the allegations of paragraph 104.

105.    dbest denies the allegations of paragraph 105.

106.    dbest admits that Plaintiffs purport to seek relief under the Declaratory

9

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT
Case. No. 2:24-cv-10694-MWC-JC

Judgment Act but denies that Plaintiffs are entitled to the relief requested and denies each and every remaining allegation of paragraph 106.

107.   dbest denies the allegations of paragraph 107.

108.   dbest denies the allegations of paragraph 108.

## **COUNT III**

### **Declaratory Judgment of Non-Infringement - the '546 Patent**

109.   dbest incorporates by reference its responses above to the allegations in paragraphs 1-108 as if fully repeated in this paragraph.

110.   dbest denies the allegations of paragraph 110.

111.   dbest denies the allegations of paragraph 111.

112.   dbest denies the allegations of paragraph 112.

113.   dbest denies the allegations of paragraph 113.

114.   dbest admits that Plaintiffs purport to seek relief under the Declaratory Judgment Act but denies that Plaintiffs are entitled to the relief requested and denies each and every remaining allegation of paragraph 114.

115.   dbest denies the allegations of paragraph 115.

116.   dbest denies the allegations of paragraph 116.

## **COUNT IV**

### **Declaratory Judgment of Invalidity - the '576 Patent**

117.   dbest incorporates by reference its responses above to the allegations in paragraphs 1-116 as if fully repeated in this paragraph.

118.   dbest admits the allegations of paragraph 118.

119.   Paragraph 119 contains a legal conclusion that need not be admitted or denied. dbest denies the remaining allegations of paragraph 119.

120.   dbest denies the allegations of paragraph 120.

121.   dbest denies the allegations of paragraph 121.

122.   dbest denies the allegations of paragraph 122.

123.   Paragraph 123 contains a legal conclusion that need not be admitted or

**10**

denied. dbest denies the remaining allegations of paragraph 123.

124.    dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 124 and on that basis denies them. The allegations of paragraph 124 also involve a legal conclusion that need not be admitted or denied, and are further denied by dbest on that basis.

125.    dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 125 and on that basis denies them.

126.    dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 126 and on that basis denies them.

127.    dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 127 and on that basis denies them.

128.    dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 128 and on that basis denies them.

129.    dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 129 and on that basis denies them.

130.    dbest denies the allegations of paragraph 130.

## COUNT V

### Declaratory Judgment of Invalidity - the '446 Patent

131.    dbest incorporates by reference its responses above to the allegations in paragraphs 1-130 as if fully repeated in this paragraph.

132.    dbest denies the allegations of paragraph 132.

133.    dbest denies the allegations of paragraph 133.

134.    dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 134 and on that basis denies them.

135.    dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 135 and on that basis denies them.

136.    dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 136 and on that basis denies them.

137.    dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 137 and on that basis denies them.

138.    dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 138 and on that basis denies them.

139.    dbest denies the allegations of paragraph 139.

140.    dbest denies the allegations of paragraph 140.

## COUNT VI

### Declaratory Judgment of Invalidity - the '546 Patent

141.    dbest incorporates by reference its responses above to the allegations in paragraphs 1-140 as if fully repeated in this paragraph.

142.    dbest denies the allegations of paragraph 142.

143.    dbest denies the allegations of paragraph 143.

144.    dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 144 and on that basis denies them.

145.    dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 145 and on that basis denies them.

146.    dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 146 and on that basis denies them.

147.    dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 147 and on that basis denies them.

148.    dbest lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 148 and on that basis denies them.

149.    dbest denies the allegations of paragraph 149.

150.    dbest denies the allegations of paragraph 150.

## COUNT VII

### Declaratory Judgment of Invalidity for Inequitable Conduct - the '576 Patent

151.    dbest incorporates by reference its responses above to the allegations in paragraphs 1-150 as if fully repeated in this paragraph.

**12**

152.    dbest admits that it was under the duty of 37 C.F.R. § 1.56 to disclose information "material to patentability," meaning information that itself "is not cumulative to information already of record or being made of record in the application, and (1) it establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or (2) it refutes, or is inconsistent with, a position the applicant takes in: (i) [o]pposing an argument of unpatentability relied on by the Office, or (ii) [a]sserting an argument of patentability." dbest denies the remaining characterizations and allegations of paragraph 152.

153.    dbest denies the allegations of paragraph 153.

154.    dbest denies the allegations of paragraph 154.

155.    dbest denies the allegations of paragraph 155.

156.    dbest denies the allegations of paragraph 156.

157.    dbest denies the allegations of paragraph 157.

158.    dbest denies the allegations of paragraph 158.

159.    dbest denies the allegations of paragraph 159.

## <u>COUNT VIII</u>

**Declaratory Judgment of Invalidity for Inequitable Conduct - the '446 Patent**

160.    dbest incorporates by reference its responses above to the allegations in paragraphs 1-159 as if fully repeated in this paragraph.

161.    dbest admits that it was under the duty of 37 C.F.R. § 1.56 to disclose information "material to patentability," meaning information that itself "is not cumulative to information already of record or being made of record in the application, and (1) it establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or (2) it refutes, or is inconsistent with, a position the applicant takes in: (i) [o]pposing an argument of unpatentability relied on by the Office, or (ii) [a]sserting an argument of patentability." dbest denies the remaining characterizations and allegations of paragraph 161.

162.    dbest denies the allegations of paragraph 162.

163.   dbest denies the allegations of paragraph 163.

164.   dbest denies the allegations of paragraph 164.

165.   dbest denies the allegations of paragraph 165.

166.   dbest denies the allegations of paragraph 166.

167.   dbest denies the allegations of paragraph 167.

168.   dbest denies the allegations of paragraph 168.

## COUNT IX

**Declaratory Judgment of Invalidity for Inequitable Conduct - the '546 Patent**

169.   dbest incorporates by reference its responses above to the allegations in paragraphs 1-168 as if fully repeated in this paragraph.

170.   dbest admits that it was under the duty of 37 C.F.R. § 1.56 to disclose information "material to patentability," meaning information that itself "is not cumulative to information already of record or being made of record in the application, and (1) it establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or (2) it refutes, or is inconsistent with, a position the applicant takes in: (i) [o]pposing an argument of unpatentability relied on by the Office, or (ii) [a]sserting an argument of patentability." dbest denies the remaining characterizations and allegations of paragraph 170.

171.   dbest denies the allegations of paragraph 171.

172.   dbest denies the allegations of paragraph 172.

173.   dbest denies the allegations of paragraph 173.

174.   dbest denies the allegations of paragraph 174.

175.   dbest denies the allegations of paragraph 175.

176.   dbest denies the allegations of paragraph 176.

177.   dbest denies the allegations of paragraph 177.

14

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT
Case. No. 2:24-cv-10694-MWC-JC

## **PRAYER FOR RELIEF**

dbest denies that Plaintiffs are entitled to any relief. dbest requests that the Court enter judgment in its favor on all claims and award it reasonable costs and attorneys' fees and any further relief the Court deems appropriate.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**

### **(Infringement of the '576 Patent)**

One or more of Plaintiffs' products directly or indirectly infringe at least one claim of the '576 Patent.

### **SECOND AFFIRMATIVE DEFENSE**

### **(Infringement of the '446 Patent)**

One or more of Plaintiffs' products directly or indirectly infringe at least one claim of the '446 Patent.

### **THIRD AFFIRMATIVE DEFENSE**

### **(Infringement of the '546 Patent)**

One or more of Plaintiffs' products directly or indirectly infringe at least one claim of the '546 Patent.

### **FOURTH AFFIRMATIVE DEFENSE**

### **(Validity and Enforceability of the '576 Patent)**

All claims of the '576 Patent are valid and enforceable under 35 U.S.C. § 1 et seq., and Plaintiffs will not be able to demonstrate otherwise by clear and convincing evidence.

### **FIFTH AFFIRMATIVE DEFENSE**

### **(Validity and Enforceability of the '446 Patent)**

All claims of the '446 Patent are valid and enforceable under 35 U.S.C. § 1 et seq., and Plaintiffs will not be able to demonstrate otherwise by clear and convincing evidence.

## SIXTH AFFIRMATIVE DEFENSE

### (Validity and Enforceability of the '546 Patent)

All claims of the '546 Patent are valid and enforceable under 35 U.S.C. § 1 et seq., and Plaintiffs will not be able to demonstrate otherwise by clear and convincing evidence.

## SEVENTH AFFIRMATIVE DEFENSE

### (No injury or standing)

Plaintiffs have suffered no injury and lack standing.

## EIGHTH AFFIRMATIVE DEFENSE

### (Limitation on damages)

Plaintiff's claims for attorney's fees are barred at least because this case is not exceptional and dbest's alleged actions were not willful or malicious.

## NINTH AFFIRMATIVE DEFENSE

### (Equitable defenses)

Plaintiffs' claims and/or remedies are barred under principles of equity including laches, estoppel, waiver, and/or unclean hands.

## COUNTERCLAIMS

## NATURE OF THE COUNTERCLAIMS

1.    dbest products, Inc. ("dbest") counterclaims against iBeauty Limited Company, Dongguan Xianghuo Trading Co., Ltd., Dongguan Laiyang Trading Co., Ltd., Guangzhou Linyu Trading Co., Ltd., Guangzhou Lincan Electronic Technology Co., Ltd., and Guangzhou Senran Electronic Technology Co., Ltd. (collectively, "Counterclaim Defendants") for direct infringement under the patent laws of the United States, 35 U.S.C. § 271.

## THE PARTIES

2.    dbest is a California corporation with its principal place of business at 16506 South Avalon Boulevard, Carson, California.

3.    On information and belief, iBeauty Limited Company is a corporation organized under Colorado law with its principal place of business at 201 E Center St, Suite 112 #3500, Anaheim, CA 92805, United States.

4.    On information and belief, Dongguan Xianghuo Trading Co., Ltd. is a Chinese company, with a principal place of business at Room 403, No.22, Zhenhua Road, Humen District, Humen Town, Dongguan, Guangdong, China.

5.    On information and belief, Dongguan Laiyang Trading Co., Ltd. is a Chinese company, with a principal place of business at Room 301, No. 8, Lane 9, Zexu Datang, Humen Town, Dongguan, Guangdong, China.

6.    On information and belief, Guangzhou Linyu Trading Co., Ltd. is a Chinese company, with a principal place of business at 206, Building 9, No. 313 Guangyun Road, Jiahe Street, Baiyun District, Guangzhou, Guangdong, China.

7.    On information and belief, Guangzhou Lincan Electronic Technology Co., Ltd. is a Chinese company, with a principal place of business at No. 41, Yunlong Road, Baiyun District, Guangzhou, China.

8. On information and belief, Guangzhou Senran Electronic Technology Co., Ltd. is a Chinese company, with a principal place of business at Room 401, No.12, Danyuan 1 Henglu, Pengshang, Lianbian, Baiyun District, Guangzhou, China.

## JURISDICTION AND VENUE

9. Subject to the affirmative defenses and denials set forth above, this Court has subject matter jurisdiction over the patent claims in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). With respect to the false advertising and unfair competition claim, this Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) and 15 U.S.C. § 1121, as the claim arises under the Lanham Act, 15 U.S.C. § 1125(a).

10. This Court has personal jurisdiction over Counterclaim Defendants because they filed this action for declaratory judgment against dbest in this District, and has thus, submitted to this Court's personal jurisdiction. On information and belief, Counterclaim Defendants has also committed acts of infringement in this District, and/or purposely transacted business involving the accused products in this District, including sales to one or more customers in California and in this District.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because, on information and belief, acts of patent infringement have been committed in this District, and because Counterclaim Defendants are subject to personal jurisdiction in this District.

## FACTUAL BACKGROUND

12. dbest is a leading innovator and seller of portable carts in the United States. dbest has developed, marketed and sold exclusively a highly successful product line of premium portable carts frequently featured on QVC, Inc.'s television infomercials and website. dbest also sells its carts on retail website platforms such 18

1    Amazon, through national retailers such as Lowe's and Home Depot, and on its own

2    website.

3        13.  dbest owns all rights, title, and interest in and to U.S. Patent No. 12,

4    103,576, entitled "STACKABLE COLLAPSIBLE CARTS" and issued on October

5    1, 2024 ("the '576 Patent"). A copy of the '576 Patent is attached as **Exhibit A**.

6        14.  dbest owns all rights, title, and interest in and to U.S. Patent No.

7    12,275,446, entitled "HIGH LOAD CAPACITY COLLAPSIBLE CARTS" and

8    issued on April 25, 2025 ("the '446 Patent"). A copy of the '446 Patent is attached

9    as **Exhibit B**.

10       15.  dbest owns all rights, title, and interest in and to U.S. Patent No. 12,

11   304,546, entitled "COLLAPSIBLE CARTS" and issued on May 20, 2025 ("the '546

12   Patent"). A copy of the '546 Patent is attached as **Exhibit C.**

13       16.  It is dbest's policy and practice to mark its carts protected by one or

14   more of its patents with the patent number(s) to provide notice to the public that the

15   product is protected by a U.S. patent. Since each of the '576, '446, and '546 Patents

16   issued, dbest has complied with its marking policy to give notice to the public that

17   specific dbest products are protected by the respective patents.

18       17.  On information and belief, Counterclaim Defendants sell products on

19   Amazon.com ("Amazon") to consumers living in the United States and in this

20   judicial district.

21       18.  dbest regularly monitors retail platforms, including Amazon, to

22   identify offers for sale and sales of products that infringe its patent rights and other

23   intellectual property rights. dbest identified numerous products ("the Accused

24   Products" or "Accused Instrumentalities") that infringe at least one claim of the

25   '576, '446, and '546 Patents.

26       19.  Schedules of the Amazon Standard Identification Number ("ASIN")

27   for each Accused Instrumentality of which dbest is currently aware for

28   Counterclaim Defendants iBeauty Limited Company, Dongguan Xianghuo Trading

Co., Ltd., Dongguan Laiyang Trading Co., Ltd., Guangzhou Linyu Trading Co.,
Ltd., Guangzhou Lincan Electronic Technology Co., Ltd., and Guangzhou Senran
Electronic Technology Co., Ltd. are attached as **Exhibits D**, **E**, **F**, **G**, **H**, and **I**
respectively.  dbest may disclose additional infringing products at the appropriate
times as consistent with this District's Local Rules and this Court's Standing Orders.

## COUNT I

### (Infringement of the '576 Patent—35 U.S.C. §§ 271)

20.  The foregoing paragraphs are incorporated by reference as if fully set
forth in this paragraph.

21.  At least Counterclaim Defendants Dongguan Xianghuo Trading Co.,
Ltd. and Dongguan Laiyang Trading Co., Ltd. have infringed and/or continue to
infringe at least one claim of the '576 Patent by offering for sale, selling, and/or
otherwise distributing the Accused Instrumentalities in violation of 35 U.S.C. § 271.

22.  On information and belief, Counterclaim Defendant Dongguan
Xianghuo Trading Co., Ltd. has offered for sale, sold, and/or otherwise distributed
products in the U.S. identified on Amazon with product ASINs B0DGXMZGKK,
B0CDWNWC1R, and/or B0DX74ZHZ2 (hereafter collectively referred to as "the
Xianghuo double-door products") subsequent to the issuance of the '576 Patent.

23.  On information and belief, Counterclaim Defendant Dongguan
Laiyang Trading Co., Ltd. has offered for sale, sold, and/or otherwise distributed
products in the U.S. identified on Amazon with product ASINs B0D1QP7RP1,
B0D1QJTN8Q, B0D1QK93WH, and/or B0D1QKNNRV (hereafter collectively
referred to as "the Laiyang double-door products") subsequent to the issuance of the
'576 Patent.

24.  Each of the Xianghuo double-door products and the Laiyang double-
door products (collectively, "double-door products") has wheels.

**20**

25.  For example, as shown below for B0DX74ZHZ2, B0D1QKNNRV, B0D1QK93WH, B0D1QP7RP1, the product has "Slideable wheels."



26.  As another example, for B0CDWNWC1R and B0DGXMZGKK, the product has wheels as shown below:



27.  Each of the double-door products is a collapsible container.

21

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT
Case. No. 2:24-cv-10694-MWC-JC

28.  Each of the double-door products has a rigid frame and assembles into an open condition to form a compartment with front and rear walls, a pair of opposing side walls, and a bottom wall.

29.  The side walls of the double-door products are configured to fold inwardly into a closed condition.

30.  One of the side walls of the double-door products includes a thin, frame-shaped panel that is rotatably coupled to two door panels.

31.  The two door panels of the double-door products are shaped to collectively cover an opening in the thin, frame-shaped panel.

32.  At least one of the double door panels includes a ribbed wall with a plurality of ribs.

33.  The double-door products include a magnet assembly that is integrally disposed on the double door panels.

34.  The magnet assembly of the double-door products is configured to provide a first condition in which a door is locked, fastened, and/or latched to the thin, frame-shaped panel. This configuration is explicitly described in related marketing materials, for example, in Xianghuo's own marketing materials, which state: "Magnetic front door" and "Locks both side doors to reduce dust entry."



ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT
Case. No. 2:24-cv-10694-MWC-JC

35.  The magnet assembly of the double-door products is configured to provide a second condition in which a door is unlocked, unfastened and/or unlatched from the thin, frame-shaped panel.

36.  A representative claim chart demonstrating an Accused Instrumentality of the double-door products and satisfying each element and limitation of at least one claim of the '576 Patent is attached as **Exhibit J**.

37.  Counterclaim Defendants Dongguan Xianghuo Trading Co., Ltd. and Dongguan Laiyang Trading Co., Ltd.'s infringement has injured and/or continues to injure dbest, which is entitled to recover damages adequate to compensate it for that infringement.

38.  dbest will continue to suffer irreparable injury unless and until Counterclaim Defendants Dongguan Xianghuo Trading Co., Ltd. and Dongguan Laiyang Trading Co., Ltd. are permanently enjoined by the Court from infringement of the '576 Patent.

39.  On information and belief, the Counterclaim Defendants have infringed and continue to infringe the '576 Patent intentionally and willfully.

40.  dbest is entitled to injunctive and compensatory relief, including attorneys' fees and costs.

## <u>COUNT II</u>

### (Infringement of the '446 Patent—35 U.S.C. §§ 271)

41.  The foregoing paragraphs are incorporated by reference as if fully set forth in this paragraph.

42.  Counterclaim Defendants have infringed and/or continue to infringe at least one claim of the '446 Patent by offering for sale, selling, and/or otherwise distributing the Accused Instrumentalities in violation of 35 U.S.C. § 271. Representative claim charts demonstrating how an Accused Instrumentality satisfies each element and limitation of at least one claim of the '446 Patent, for

23

Counterclaim Defendants iBeauty Limited Company, Dongguan Xianghuo Trading Co., Ltd., Dongguan Laiyang Trading Co., Ltd., Guangzhou Linyu Trading Co., Ltd., Guangzhou Lincan Electronic Technology Co., Ltd., and Guangzhou Senran Electronic Technology Co., Ltd., are attached as **Exhibits K**, **L**, **M**, **N**, **O**, and **P** respectively.

43.  On information and belief, each of the Accused Instrumentalities has wheels. For example, as shown below, the Accused Instrumentalities have wheels that are identical or similar to the images below.







44.  Each of the Accused Instrumentalities is a collapsible container.

45.  Each of the Accused Instrumentalities is configured to transition from a folded-up closed condition into an open condition where it is expanded for use.  **24**

1      46.  The Accused Instrumentalities each have a frame defining a

2  compartment with at least five walls, including a first, second, third, fourth, and fifth

3  wall.

4      47.  At least three walls of the Accused Instrumentalities are configured to

5  fold inwardly toward the fifth wall.

6      48.  The third wall of the Accused Instrumentalities includes at least one

7  door panel rotatably coupled to a frame-shaped panel.

8      49.  The Accused Instrumentalities include a magnet assembly or a slide-

9  lock assembly operable between a first state for securing the door panel and frame-

10  shaped panel along a first plane in the open condition, and a second state for

11  releasing the door panel and frame-shaped panel from the first plane.

12      50.  Examples of Accused Instrumentalities with magnet assembly are

13  shown below:







ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT
Case. No. 2:24-cv-10694-MWC-JC

51.  Examples of Accused Instrumentalities with slide-lock assembly are shown below:



Three-door design, Push left and right to open and close the door

52.  The magnet assembly or the slide-lock assembly is integrated with the door panel and the frame-shaped panel both when the Accused Instrumentalities are in the open condition and when in the closed condition.

53.  Counterclaim Defendants' infringement has injured and/or continues to injure dbest, which is entitled to recover damages adequate to compensate it for that infringement.

54.  dbest will continue to suffer irreparable injury unless and until Counterclaim Defendants are permanently enjoined by the Court from infringement of the '446 Patent.

55.  On information and belief, the Counterclaim Defendants have infringed and continue to infringe the '446 Patent intentionally and willfully.

56.  dbest is entitled to injunctive and compensatory relief, including attorneys' fees and costs.

## COUNT III

**(Infringement of the '546 Patent—35 U.S.C. §§ 271)**

57.  The foregoing paragraphs are incorporated by reference as if fully set forth in this paragraph.

58.  Counterclaim Defendants have infringed and/or continue to infringe at least one claim of the '546 Patent by offering for sale, selling, and/or otherwise

26

distributing the Accused Instrumentalities in violation of 35 U.S.C. § 271. Representative claim charts demonstrating how an Accused Instrumentality satisfies each element and limitation of at least one claim of the '546 Patent, for Counterclaim Defendants iBeauty Limited Company, Dongguan Xianghuo Trading Co., Ltd., Dongguan Laiyang Trading Co., Ltd., Guangzhou Linyu Trading Co., Ltd., Guangzhou Lincan Electronic Technology Co., Ltd., and Guangzhou Senran Electronic Technology Co., Ltd., are attached as **Exhibits Q**, **R**, **S**, **T**, **U**, and **V** respectively.

59.  On information and belief, each of the Accused Instrumentalities has wheels. For example, as shown below, the Accused Instrumentalities have wheels that are identical or similar to the images below.







60. Each of the Accused Instrumentalities is a collapsible container.

61. Each of the Accused Instrumentalities is configured to transition from a folded-up closed condition into an open condition where it is expanded for use.

62. The Accused Instrumentalities each have a frame defining a compartment with at least five walls, including a first, second, third, fourth, and fifth wall.

63. At least three walls of the Accused Instrumentalities, when in a closed condition, are configured to fold inwardly toward the fifth wall.

64. The third wall of the Accused Instrumentalities includes at least one door panel rotatably coupled to a frame-shaped panel.

65. The Accused Instrumentalities include a magnet assembly or a slide-lock assembly configured to secure the door panel and the frame-shaped panel in a substantially coplanar alignment.

66. Examples of Accused Instrumentalities with magnet assembly are shown below:





28

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT
Case. No. 2:24-cv-10694-MWC-JC

67.  Examples of Accused Instrumentalities with slide-lock assembly are shown below:



Three-door design, Push left and right to open and close the door

68.  The magnet assembly or the slide-lock assembly includes a first member that is integrally disposed on an edge of the door panel whether the Accused Instrumentality is in the open or closed condition.

69.  The magnet assembly or the slide-lock assembly further includes a second member that is integrally disposed on an edge of the frame-shaped panel whether the Accused Instrumentality is in the open or closed condition.

70.  The Accused Instrumentalities' first and second members are configured to mate with each other to hold the door panel and the frame-shaped panel in substantially coplanar alignment.  This is further illustrated in the images above where the magnet assembly and the slide-lock assembly "locks" the door.

71.  Further, when the first and second members are disengaged from each other, the door panel is capable of rotating relative to the frame-shaped panel.

72.  Counterclaim Defendants' infringement has injured and/or continues to injure dbest, which is entitled to recover damages adequate to compensate it for that infringement.

73.  dbest will continue to suffer irreparable injury unless and/or until Counterclaim Defendants are permanently enjoined by the Court from infringement of the '546 Patent.

74.  On information and belief, the Counterclaim Defendants have infringed and continue to infringe the '546 Patent intentionally and willfully.

75.  dbest is entitled to injunctive and compensatory relief, including attorneys' fees and costs.

## COUNT IV

**(False Advertising and Unfair Competition under 15 U.S.C. § 1125(a))**

**Against Dongguan Xianghuo Trading Co., Ltd.**

76.  The foregoing paragraphs are incorporated by reference as if fully set forth in this paragraph.

77.  Counterclaim Defendant Dongguan Xianghuo Trading Co., Ltd. ("Xianghuo") listed and promoted multiple accused products on Amazon.com, including but not limited to products identified by ASINs B0DRVVDW4V, B0DX74ZHZ2, and B0DK91X37C ("Falsely Advertised Products").

78.  Based on representations from Xianghuo's counsel, each of the Falsely Advertised Products were allegedly first made available for sale on Amazon in January 2025, February 2025, and October 2024, respectively.

79.  For example, Xianghuo's counsel provided a screenshot for ASIN B0DK91X37C containing an annotation that identifies a purported launch date of "2024-10-17." A true and correct copy of that screenshot is attached as **Exhibit W** and shown below.



80.   Xianghuo's counsel also provided a screenshot for ASIN B0DRVVDW4V containing an annotation that identifies a purported launch date of "2025-01-01." A true and correct copy of that screenshot is attached as **Exhibit X** and shown below.



31

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT
Case. No. 2:24-cv-10694-MWC-JC

81.  Xianghuo's counsel also provided a screenshot for ASIN B0DX74ZHZ2 containing an annotation that identifies a purported launch date of "2025-02-13." A true and correct copy of that screenshot is attached as **Exhibit Y** and shown below.



82.  However, the Amazon listings for each of the Falsely Advertised Products include customer reviews dating as far back as 2015 in the United States and 2017 in the United Kingdom, well before the products were purportedly launched.

83.  Specifically, the listings for ASINs B0DRVVDW4V, B0DX74ZHZ2, and B0DK91X37C feature reviews dated December 8, 2015 (United States), March 25, 2018 (United States), and March 18, 2017 (United Kingdom), despite Defendants' representations that the products were only launched in 2024 or 2025. These discrepancies create a false and misleading impression that the products have been available and positively reviewed for nearly a decade. True and correct copies of the complete Amazon listings for these ASINs, including customer reviews, are attached as **Exhibits Z, AA, and BB**, respectively.

32

1

2          84.  Each of these three product listings contains identical review excerpts

3    from the same dates, including: (i) a U.S. review dated December 8, 2015; (ii) a

4    U.S. review dated March 25, 2018; and (iii) a U.K. review dated March 18, 2017.

5    Excerpts of these identical reviews in each ASIN listing is reproduced below:

6
 David

7    ★★★★☆  **Overall did the job great for the price.**
     Reviewed in the United States on December 8, 2015

8    Size: One Size   | Verified Purchase

     These shower rings are exceptional. They glide along the shower rod with little effort and hold an inner
9    and outer shower curtain without any issues. They look fairly modern and worked great with a curved
     shower rod that I just installed. I have had these installed for 3 months now and I have not noticed any
10   corrosion or rust. These rings have a glossy chrome look to them that would match any chrome or stainless
     finish on a shower rod.
11
     A little effort is needed to get them to fit over the shower rod during installation, and also to flex them
     closed. These behave very similarly to safety pins in how they clasp.
12
 A Wells

13   ★★★★★  **No More Hooks Popping Off!**
     Reviewed in the United States on March 25, 2018
14   Size: One Size   | Verified Purchase

     My husband had some of this style when we married and I thought they "weren't pretty enough", so I sold
15   them in a garage sale. I wanted to use the "matching hooks" that came with the shower curtain. BIG
     MISTAKE.
16
     I couldn't believe how often those matching hooks came off the rod - literally EVERY time I showered. It
     was infuriating. I love that these not only keep the curtain on the rod, but make sliding the curtain SO
17   MUCH EASIER. I have a set in both our bathrooms.

18   Stainless steel, corrosion free, and will not rust. What more could you ask for? How about this tip from my
     husband:
     Hang your pretty "matching hooks" upside down so they'll stay in place on the curtain (see pics). Now I can
19   have my pretty matching hooks AND the functionality of these awesome wheel hooks!

20   

21
     6 people found this helpful
22
 Sunshyne
23
     ★★★★★  **Perfect, best I've ever used**
24   Reviewed in the United Kingdom on March 18, 2017
     Size: One Size   | Verified Purchase

25   Never thought I'd get excited about curtain hooks but I love these. I bought them as replacements for
     regular hook style type, but they were always falling out and made my bathroom look tatty. Not so with
26   these, and they look amazing. They glide perfectly and I'm very happy with them. I've used 2 packs of them
     for curtains around my Victorian bath.

27   

28                                                                                                  **33**

85.   These excerpted reviews are clearly for shower curtain hooks, not the Falsely Advertised Products — which are now marketed as stackable plastic storage bins — and bear no relation to the functionality, form, or content of the Falsely Advertised Products.

86.   These discrepancies are not accidental. On information and belief, Xianghuo intentionally reused or relabeled existing ASINs — or otherwise imported historical review data — to artificially inflate consumer trust and present the Falsely Advertised Products as both recently launched and favorably reviewed over a long period.

87.   These actions result in false or misleading representations of fact in commercial advertising and promotion in that: (i) they falsely convey that the products are newly launched while simultaneously bearing long-established review histories; (ii) they misrepresent the authenticity, age, and relevance of customer endorsements; and (iii) they imply longstanding consumer satisfaction for products that were not being sold at the time the reviews were submitted.

88.   The statements are material because: (i) consumers on e-commerce platforms like Amazon rely heavily on customer reviews and launch dates in making purchasing decisions; (ii) Amazon's algorithmic ranking and advertising systems are influenced by perceived product recency and customer engagement; (iii) misleading launch dates and review timelines distort both consumer perception and platform behavior.

89.   Xianghuo's conduct occurred in interstate commerce via Amazon's national retail platform.

90.   As a direct result of Xianghuo's false and deceptive acts, dbest has suffered and continues to suffer actual and competitive injury, including but not limited to loss of sales, erosion of market share, diversion of customers, and

34

ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS TO THIRD AMENDED COMPLAINT
Case. No. 2:24-cv-10694-MWC-JC

reputational harm, as Xianghuo unfairly benefit from consumer trust that they did not earn.

91.  Xianghuo's conduct is knowing, willful, and calculated to mislead, and constitutes a violation of 15 U.S.C. § 1125(a)(1)(B).

92.  Unless the Court permanently enjoins Xianghuo from engaging in the above-described false and misleading advertising practices, including the manipulation of product reviews and launch metadata, dbest's business, goodwill, and reputation will suffer irreparable harm for which there is no adequate remedy at law. Therefore, dbest is entitled to injunctive relief.

93.  In addition to being entitled to injunctive relief, by reason of the foregoing, dbest is entitled to recover any damages proven, after trial, to have been caused by reason of Xianghuo's aforesaid acts, together with all other remedies available under the Lanham Act, including, but not limited to disgorgement of Xianghuo's profits.

94.  Xianghuo false advertising and review manipulation were willful and intentional, and under the circumstances of this case, the Court should award enhanced damages, including a multiplier of up to three times actual damages under 15 U.S.C. § 1117(b).

95.  Further, because Xianghuo's conduct was deliberate, egregious, and in bad faith, undertaken to gain an unfair commercial advantage through manipulation of consumer perception. This renders the matter an "exceptional case" within the meaning of 15 U.S.C. § 1117(a). Accordingly, Plaintiff is entitled to recover its reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action.

## **PRAYER FOR RELIEF**

WHEREFORE, dbest asks the Court to enter judgment in its favor and against Counterclaim Defendants and grant the following relief:

35

A. finding, declaring, and adjudging that Plaintiffs are not entitled to any remedy or relief, and, therefore, shall take nothing from dbest;

B. finding, declaring, and adjudging that the Counterclaim Defendants have infringed the '576, '446, and '546 Patents;

C. finding, declaring, and adjudging that the Xianghuo's conduct constitutes false advertising and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

D. declaring the case exceptional and ordering Counterclaim Defendants to pay dbest its reasonable attorneys' fees and costs, pursuant to 35 U.S.C. § 285 and/or 15 U.S.C. § 1117(a);

E. entering an injunction, pursuant to 35 U.S.C. § 283, permanently enjoining Counterclaim Defendants, their officers, agents, employees, and all others in active concert or participation with it, or any of them, from doing any acts that infringe the '576, '446, and '546 Patents;

F. enjoining Xianghuo, its officers, agents, servants, employees, and all persons acting in concert with it from engaging in any further false or misleading advertising, including the manipulation of product reviews, ASIN metadata, or "Date First Available" designations on Amazon or other e-commerce platforms;

G. ordering that Counterclaim Defendants and/or Amazon.com, Inc. take all steps necessary to deliver to dbest all remaining inventory of all Accused Instrumentalities in their possession, custody, and control;

H. awarding damages in an amount adequate to compensate dbest for Counterclaim Defendants' infringement of the '576, '446, and '546 Patents, and awarding enhanced damages as appropriate, as well as interest and costs, pursuant to 35 U.S.C. § 284 and 15 U.S.C. § 1117;

I. awarding damages suffered by dbest as a result of Xianghuo's false advertising, including but not limited to actual damages, corrective

36

advertising costs, loss of goodwill, and reputational harm, in an amount to be proven at trial;

J.  awarding disgorgement of Xianghuo's profits resulting from its false advertising and unfair competition;

K.  awarding prejudgment and postjudgment interest as allowed by law; and

L.  any further relief that the Court deems just and proper.

## JURY TRIAL DEMAND

dbest demands a jury trial on all issues triable by a jury.


DATED:  July 22, 2025            Respectfully submitted,

ORBIT IP LLP.

By:  /s/ Ehab M. Samuel
EHAB M. SAMUEL
DAVID A. RANDALL

*Attorneys for dbest products, Inc.*

1

2                           **<u>CERTIFICATE OF SERVICE</u>**

3

4          I certify that on July 22, 2025, the foregoing was electronically filed with the

5   Clerk of the Court by using the CM/ECF system, which will send notice of electronic

6   filing to all counsel of record.

7

8                                           */s/ Ehab M. Samuel*
                                           Ehab M. Samuel
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                                                                          **1**