Ehab M. Samuel (SBN 228296)
esamuel@orbitip.com
David A. Randall (SBN 156722)
dave@orbitip.com
Bruce Chapman (SBN 164258)
bruce@orbitip.com
**ORBIT IP, LLP**
11400 W. Olympic Blvd., Suite 200
Los Angeles, CA 90064
Tel.: (310) 887-1333
Fax: (310) 887-1334

*Attorneys for Defendant dbest products, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| iBeauty Limited Company, Dongguan Xianghuo Trading Co., Ltd., Dongguan Laiyang Trading Co., Ltd., Guangzhou Linyu Trading Co., Ltd., Guangzhou Lincan Electronic Technology Co., Ltd., and Guangzhou Senran Electronic Technology Co., Ltd., <br><br> Plaintiffs, <br><br> v. <br><br> dbest products, Inc., <br><br> Defendant, | Case No. 2:24-cv-10694-MWC-JC <br><br> Hon. Michelle Williams Court <br><br> **DEFENDANT DBEST PRODUCTS, INC.'S RESPONSE TO ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT CONSOLIDATE RELATED CASES** <br><br> [*Declaration of Ehab M. Samuel filed concurrently herewith*] <br><br> Date: July 25, 2025 <br> Time: N/A <br> Ctrm: 6A |

Defendant dbest products, Inc. ("dbest") hereby responds to the Court's July 16, 2025 Order to Show Cause (Dkt. 55) why the following related cases should not be consolidated with the instant action filed by Plaintiffs iBeauty Limited Company, Dongguan Xianghuo Trading Co., Ltd., Dongguan Laiyang Trading Co., Ltd., Guangzhou Linyu Trading Co., Ltd., Guangzhou Lincan Electronic Technology Co., Ltd., and Guangzhou Senran Electronic Technology Co., Ltd. (collectively, "iBeauty Parties" or "Plaintiffs").

As detailed below, consolidation is appropriate and warranted under Federal Rule of Procedure ("Rule") 42(a) because (i) the cases involve common questions of law and fact, (ii) consolidation would promote judicial efficiency and conserve party resources, and (iii) no party would be prejudiced by consolidation.

Alternatively, in light of the iBeauty Parties' initial refusal to accept service, dbest has asserted its claims from the related actions in the instant case. Accordingly, dbest would not object to dismissal *without prejudice* of the related actions against the iBeauty Parties, provided that its claims against the iBeauty Parties proceed in this action.

## I. RULE 42(a) MILITATES IN FAVOR OF CONSOLIDATION

This Court has broad discretion to consolidate pending cases under Rule 42(a). *See, e.g., Pedraza v. Alameda Unified Sch. Dist.*, 676 F. App'x 704, 706 (9th Cir. 2017); *see also In re Adams Apple, Inc.*, 829 F.2d 1484, 1487 (9th Cir. 1987) ("[C]onsolidation is within the broad discretion of the district court…") *In re EMC*, 677 F.3d 1351, 1360 (Fed. Cir. 2012) (same). Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).

**DEFENDANT DBEST PRODUCTS INC.'S RESPONSE TO ORDER TO SHOW CAUSE WHY THE COURT SHOULD NOT CONSOLIDATE RELATED CASES**

Here, the related actions against the iBeauty Parties are: (i) *dbest products, Inc. v. iBeauty Limited Company*, Case No. 2:25-cv-04583-MWC-JC; (ii) *dbest products, Inc. v. Dongguan Xianghuo Trading Co., Ltd.*, Case No. 2:25-cv-04573-MWC-JC; (iii) *dbest products, Inc. v. Dongguan Laiyang Trading Co., Ltd.*, Case No. 2:25-cv-04586-MWC-JC; (iv) *dbest products, Inc. v. Guangzhou Linyu Trading Co., Ltd.*, Case No. 2:25-cv-04587-MWC-JC; (v) *dbest products, Inc. v. Guangzhou Lincan Electronic Technology Co., Ltd.*, Case No. 2:25-cv-04588-MWC-JC; and (vi) *dbest products, Inc. v. Guangzhou Senran Electronic Technology Co., Ltd.*, Case No. 2:25-cv-04589-MWC-JC (collectively, the "Related Actions").[1] These Related Actions against the iBeauty Parties fall squarely under Rule 42(a).

***First, all of the actions involve a common issue of law and fact.*** In particular, both the instant case and the Related Actions involve claims for infringement of dbest's U.S. Patent No. 12,275,446 ("the '446 Patent"), issued April 15, 2025, and U.S. Patent No. 12,304,546 ("the '546 Patent"), issued May 20, 2025. These recently issued patents, as well as dbest's U.S. Patent No. 12,103,576 ("the '576 Patent"), are now being asserted against the same accused products in the present case. When dbest first became aware of a HAIXIN Chinese Patent No. CN214987334 through numerous accusations asserted by the iBeauty Parties, dbest promptly disclosed this reference to the USPTO during the prosecution of both the '446 Patent and the '546 Patent. These references are now expressly listed on the face of the newly-issued patents, thereby undermining Plaintiffs' narrative regarding alleged inequitable conduct or improper concealment. Not surprisingly, Plaintiffs initially refused to accept service of the Related Actions, which prompted dbest to assert its claims in the present action. As a result, all of the pending cases now center on the same legal and factual issues—namely, infringement and validity of a discrete set of dbest's patents

---

[1] While there are other actions identified on the record as related, those designations were made in error and should not be consolidated. dbest intends to file papers to correct the record.

and the propriety of dbest's related enforcement actions.

**Second, the parties are identical.** dbest is a plaintiff, counterclaim plaintiff, defendant or counterclaim defendant in all of the actions. Conversely, each of the iBeauty Parties is a counterparty—i.e., a defendant, counterclaim defendant, plaintiff or counterclaim plaintiff in the actions.

**Third,** in both this action and the Related Actions, **the parties are represented by the same or overlapping counsel.** Orbit IP, LLP represents dbest in all of the actions. David Silver of Bayramoglu Law Offices LLC represents the iBeauty Parties in the present action, while attorneys Qianwu Yang, Yi Yi, Jing Chen, and Aoyu Yang (of the SHM Law Firm) represent Dongguan Xianghuo Trading Co., Ltd. ("Xianghuo") in *dbest products, Inc. v. Dongguan Xianghuo Trading Co., Ltd.*, Case No. 2:25-cv-04573-MWC-JC, as well as the remaining iBeauty Parties in the action filed in the Northern District of California, *iBeauty Limited Co. et al. v. dbest products, Inc.*, Case No. 3:25cv5344 ("N.D. Cal. iBeauty Action") (*See* Declaration of Ehab M. Samuel ("Samuel Decl.") at Ex. F.) Notably, the Northern District of California action asserts the very same declaratory judgment claims that are at issue here—namely, noninfringement and invalidity of dbest's asserted patents. The filing of that duplicative action, while simultaneously refusing service in the related actions and opposing consolidation, underscores the iBeauty Parties' gamesmanship. Their parallel litigation strategy appears calculated to fragment the proceedings, burden judicial resources, and undermine orderly resolution of the overlapping claims.

**Finally, the operative pleadings in each action are substantively identical**. The asserted claims—such as declaratory relief regarding infringement and validity—are based on the same set of facts: the applicability of dbest's patents and the legitimacy of its takedown notices to Amazon.

In short, these cases present a common nucleus of operative facts and legal issues. Consolidation would streamline proceedings, eliminate duplicative efforts, and promote consistent adjudication without prejudicing any party.

## II.     CONSOLIDATION WILL PROMOTE JUDICIAL ECONOMY AND CURB GAMESMANSHIP

As the Court has already anticipated, consolidating these actions will significantly enhance judicial efficiency, particularly during the pretrial phase.

For starters, **there will be significant overlap in discovery.** The documents dbest will likely have to produce concerning its prosecution of each of the '576, '446, and '546 Patents will be the same in virtually all the cases. dbest's corporate representative will be the same in all cases. All discovery regarding corporate knowledge, processes, and procedures will be the same. For instance, the same corporate representative from dbest will testify in each matter, offering the same testimony on corporate processes, patent development, and enforcement procedures. The witness will be deposed repeatedly on identical topics—both in his individual capacity and as Rule 30(b)(6) designee—if the matters proceed separately.

Likewise, the iBeauty Parties, who appear to share a common interest or corporate affiliation, will be subject to the same discovery regarding their corporate knowledge and alleged infringement activities. Repeating the same discovery exercises, including multiple depositions of the same witnesses, will needlessly consume the resources of the parties and the Court.

Consolidation would also enable the Court to **efficiently resolve recurring legal issues that appear across the actions**. For instance, with respect to anti-SLAPP and other dispositive pleading challenges to both the state law and certain patent claims common to the cases, a Court ruling in one case could affect another case—to the extent the issues are identical and the ruling applies with equal force.

In this vein, **consolidation is essential to prevent ongoing procedural gamesmanship**, which already begun to manifest. In this action, the Court granted in part dbest's dispositive anti-SLAPP motion and motion to dismiss the state law claims in Plaintiff iBeauty's first amended complaint based on iBeauty's representation that it would voluntarily withdraw those claims. (*See* Dkt. No. 45.) Yet despite that

-4-

representation, one of the iBeauty Parties—Xianghuo—has already reasserted those same withdrawn state law claims in *dbest products, Inc. v. Dongguan Xianghuo Trading Co., Ltd.*, Case No. 2:25-cv-04573-MWC-JC. *See* Dkt. 16 at 41-3 ("Xianghuo case").

dbest had already initiated and scheduled a Local Rule 7-3 meet and confer in advance of its forthcoming anti-SLAPP and motion to dismiss filings. However, on the day of the scheduled conference, Xianghuo's counsel—Mr. Qianwu Yang of the SHM Law Firm—abruptly refused to participate, stating: "*We see no need to proceed with the meet and confer scheduled for 5:30 p.m. PT today. Let's consider it cancelled.*" (Samuel Decl., Ex. I.) When dbest's counsel confirmed that he would still appear as planned, Mr. Yang dismissively replied: "***While it is always a pleasure to speak with you over Zoom, I don't believe this is the right time. So, please enjoy your solo performance.***" (*Id.* ¶16 & Ex. I (emphasis added).) dbest's counsel appeared for the meet and confer and remained on the call for 30 minutes. No attorney for Xianghuo appeared or offered to reschedule. (*Id.* ¶17.) This behavior imposes unnecessary burdens on the Court, forcing dbest to once again prepare and file anti-SLAPP and Rule 12 motions addressing the state law claims.

Even more telling, Mr. Yang has also filed a separate, duplicative action on behalf of the other iBeauty Parties in the Northern District of California, asserting the same state law claims. (See *id.,* Ex. F at Dkt. 1.) Although this parallel filing was brought to the Court's attention in opposition to Xianghuo's second TRO application in the Xianghuo case, Mr. Yang continues to prosecute the action, having filed yesterday a declination to magistrate judge jurisdiction. (*See id.*, Exs. G & H).

Worse still, Xianghuo filed an answer in the Central District matter before a summons even issued, and then initiated satellite litigation seeking injunctive relief—all in an apparent effort to delay and complicate resolution. These tactics reflect a coordinated effort to splinter the litigation and create procedural advantage through fragmented timelines and inconsistent filings.

-5-

Consolidation of the Related Actions under a single docket will ensure that all parties operate on a level playing field, under uniform deadlines, discovery procedures, and judicial oversight. It will prevent parties from exploiting parallel proceedings to take inconsistent positions, evade service, or resurrect claims already withdrawn. The integrity of the judicial process—and efficient resolution of these related disputes—requires consolidation.

### III.   NO PARTY WILL SUFFER PREJUDICE FROM CONSOLIDATION

Consolidation will not prejudice any party. This action and the Related Actions are still in their infancy. While dbest's infringement contentions are due on August 1, 2026, those contentions will already include assertions for the newly-issued '446 and '546 Patents. Because these patents are now being asserted in the present case against the same parties and the same accused products, no additional rounds of discovery will be necessary.

Nor is any separate pretrial or trial scheduling needed for the Related Actions. All of the overlapping issues—patent validity, infringement, and the propriety of dbest's Amazon takedown notices—are already part of the operative pleadings in this matter. The procedural posture of the cases thus makes consolidation both practical and efficient. Moreover, no party has relied on or materially altered its position in reliance on these cases proceeding independently. The litigation timeline will remain intact, and any party that wishes to address patent-specific defenses or procedural issues will retain full opportunity to do so under a unified schedule.

In contrast, failing to consolidate would invite unnecessary duplication, inconsistent rulings, and fragmented discovery. As previously discussed, dbest would be forced to engage in repeated depositions of the same witnesses, respond to overlapping discovery requests, and litigate identical legal issues in parallel. This redundancy would serve no party's interests and would unnecessarily burden the Court.

For all these reasons, consolidation at this stage poses no risk of prejudice—and, indeed, serves the interests of fairness, judicial economy, and orderly case management.

## IV. ALTERNATIVELY, DISMISSAL WITHOUT PREJUDICE OF THE RELATED ACTIONS IS APPROPRIATE

In the alternative to formal consolidation, dbest is amenable to dismissal without prejudice of the Related Actions, as its claims—including those based on the newly-issued '446 and '546 Patents—are now fully asserted in the present action against the same parties and concerning the same accused products.

This procedural posture moots any need to maintain parallel suits. Consolidating the claims into this single action eliminates the risk of inconsistent rulings and avoids duplication in motion practice, discovery, and trial preparation. It also streamlines the litigation and ensures that all claims and defenses will be adjudicated on a coordinated schedule under the Court's supervision.

Further, dismissal without prejudice will not prejudice any party. All defendants have now been placed on notice of dbest's claims through the operative pleadings in this action, and all relevant issues can and will be litigated here.

In short, whether through consolidation or dismissal of the Related Actions without prejudice, proceeding under a single docket will best serve the interests of judicial efficiency, consistency, and fairness.

## IV. CONCLUSION

Accordingly, there is no cause why the Court should not consolidate this case with the Related Actions. For the foregoing reasons, dbest respectfully requests that the Court enter an order consolidating the actions. In the alternative, dbest is amenable to dismissal without prejudice of the Related Actions, as its claims are now fully asserted in the present case.

-7-
**DEFENDANT DBEST PRODUCTS INC.'S RESPONSE TO ORDER TO SHOW CAUSE
WHY THE COURT SHOULD NOT CONSOLIDATE RELATED CASES**

1  DATED: July 25, 2025                    ORBIT IP, LLP

                                           By: */s/ Ehab M. Samuel*
                                              EHAB M. SAMUEL
                                              DAVID A. RANDALL
                                              BRUCE CHAPMAN

                                           *Attorneys for Defendant dbest products, Inc.*